LAW OFFICES
# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J AND N.Y BARS
**N.J BAR AND N.Y FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

March 27, 2008

Clerk of the Court
U.S. District Court
844 North King Avenue, Room 4209
Wilmington, Delaware 19801

RE: SAKAR 6.0-011
FLASHPOINT v. SAKAR INTENATIONAL
Civil Action No.: 1:08-cv-00139 (GMS)

Dear Sir or Madam:

Enclosed for filing is an original of Defendant Sakar International, Inc.'s. Affirmative Defenses, Counterclaims, and Jury Demand, and a disc containing this document in PDF format.

Please confirm that this document has been electronically filed on ECF.

Sincerely yours,

EZRA SUTTON

ES/mdp
Enclosures

cc: Ralph Sasson, Sakar International, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC, | : | |
| | : | Civil Action No. 1:08-cv-00139 (GMS) |
| Plaintiff | : | |
| | : | Honorable Gregory M. Sleet |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| SAKAR INTERNATIONAL., et al., | : | |
| | : | |
| Defendant | : | |

## DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendant Sakar International, Inc., ("Sakar") answers the Complaint for Patent Infringement of Plaintiff Flashpoint Technology, Inc. ("Plaintiff" or "Flashpoint"), and by way of its attorneys alleges and states as follows:

### ANSWER

### NATURE OF THE ACTION

1) In response to the allegations set forth in Paragraph 1 of the Complaint, Sakar admits the following:

   a) United States Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes," and what purports to be a copy of the '480 patent is attached to Flashpoint's Complaint;

b) United States Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device," and what purports to be a copy of the '956 patent is attached to Flashpoint's Complaint;

c) United States Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts," and what purports to be a copy of the '538 patent is attached to Flashpoint's Complaint;

d) United States Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device," and what purports to be a copy of the '190 patent is attached to Flashpoint's Complaint;

e) United States Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera," and that what purports to be a copy of the '316 patent is attached to Flashpoint's Complaint;

f) United States Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars," and what purports to be a copy of the '914 patent is attached to Flashpoint's Complaint;

g) United States Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device," and what purports to be a copy of the '575 patent is attached to Flashpoint's Complaint.

(The '480, '956, '538, '190, '316, '914, and '575 patents are hereinafter collectively referred to as the "patents-in-suit"). Sakar further admits that Flashpoint has allegedly characterized this action as a "patent infringement action," and allegedly seeks injunctive and monetary damages. However, Sakar denies that it has infringed any of the patents-in-suit and therefore, denies that Flashpoint is entitled to injunctive relief and monetary damages. With respect to Flashpoint's allegation that it "is the legal owner of the patents-in-suit," Sakar lacks sufficient information at this time on which to form a belief as to the truth of this allegation, and on that basis denies this allegation. In addition, Sakar has requested that Flashpoint provide claim charts for each patent, showing which Sakar products infringe each claim of the patents-in-suit.

## PARTIES

2. In response to the allegations in Paragraph 2 of the Complaint, Sakar admits that Flashpoint is a corporation organized and existing under the laws of the State of Delaware, and that Flashpoint maintains its principal place of business at 20 Depot Street, Suite 2A, Petersborough, New Hampshire 03458. With respect to the allegation that "Flashpoint is the legal owner of the patents-in-suit, and possesses all rights of recovery under the patents-in-suit, including the right to sue for infringement and recover past damages," Sakar lacks sufficient information at this time on which to form a belief as to the truth of this allegation, and on that basis denies this allegation. Furthermore, Sakar denies that it has infringed any of the patents-in-suit.

3. To the extent that the allegations in Paragraphs 3 through 19 and 21 through 26 of the Complaint contain allegations pertaining to named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Sakar admits the allegations in Paragraph 20 of the Complaint.

## JURISDICTION AND VENUE

5. Sakar admits the allegations in Paragraph 27 of the Complaint.

6. To the extent the allegations set forth in Paragraph 28 of the Complaint pertain to Defendant Sakar, Sakar denies that it has committed any acts of infringement. However, Sakar admits that it is subject to the personal jurisdiction of this Court.

7. To the extent that the allegations set forth in Paragraph 29 of the Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained in this paragraph.

8. To the extent that the allegations set forth in Paragraph 30 of the Complaint pertain to Defendant Sakar, Sakar is still investigating this matter and is without knowledge or information at this time sufficient to form a belief as to whether or not venue is proper in this District. Sakar hereby reserves its right to contest that venue is proper in this District.

9. To the extent that the allegations set forth in Paragraph 31 of the Complaint pertain to Defendant Sakar, Sakar is still investigating this matter and is without knowledge or information at this time sufficient to form a belief as to whether or not venue is proper in this District. Sakar hereby reserves its right to contest that venue is proper in this District. Sakar admits that it is subject to personal jurisdiction in this District. Sakar denies that it has committed acts of infringement in this District and/or that it encourages others to practice infringing methods in this District. Sakar admits that it conducts business in this District. However, Sakar is still investigating the extent to which it solicits business and provides services in this District. Furthermore, Sakar has requested from Flashpoint: documents describing what the alleged patented technology covers, as well as detailed claim charts identifying which structural components of Sakar's products are alleged to infringe the claims of the patents-in-suit.

## COUNT I - PATENT INFRINGEMENT

10. With respect to the allegations set forth in Paragraph 32 of the Complaint, Sakar admits that the '480 patent was issued by the United States Patent and Trademark Office on September 12, 2000. With respect to the remainder of the allegations in Paragraph 32, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

11. With respect to the allegations set forth in Paragraph 33 of the Complaint, Sakar admits that the '956 patent was issued by the United States Patent and Trademark Office on January 23, 2001. With respect to the remainder of the allegations in Paragraph 33, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

12. With respect to the allegations set forth in Paragraph 34 of the Complaint, Sakar admits that the '538 patent was issued by the United States Patent and Trademark Office on April 24, 2001. With respect to the remainder of the allegations in Paragraph 34, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

13. With respect to the allegations set forth in Paragraph 35 of the Complaint, Sakar admits that the '190 patent was issued by the United States Patent and Trademark Office on April 24, 2001. With respect to the remainder of the allegations in Paragraph 35, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

14. With respect to the allegations set forth in Paragraph 36 of the Complaint, Sakar admits that the '316 patent was issued by the United States Patent and Trademark Office on June 19, 2001.

With respect to the remainder of the allegations in Paragraph 36, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

15. With respect to the allegations set forth in Paragraph 37 of the Complaint, Sakar admits that the '914 patent was issued by the United States Patent and Trademark Office on November 26, 2002. With respect to the remainder of the allegations in Paragraph 37, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

16. With respect to the allegations set forth in Paragraph 38 of the Complaint, Sakar admits that the '575 patent was issued by the United States Patent and Trademark Office on January 7, 2003. With respect to the remainder of the allegations in Paragraph 38, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies each and every allegation.

17. With respect to the allegations set forth in Paragraph 39 of the Complaint, Sakar is still investigating this matter and is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and therefore, denies them.

18. With respect to the allegations set forth in Paragraph 40 of the Complaint, Sakar is still investigating this matter and is without knowledge or information at this time to form a belief as to the truth of these allegations and therefore, denies them. To this end, Sakar has requested documents from Flashpoint that describe what the alleged patented technology covers.

19. With respect to the allegations set forth in Paragraph 41 of the Complaint, Sakar is still investigating this matter and is without knowledge or information at this time sufficient to form a belief as to the truth of these allegations and therefore, denies them.

20. To the extent that the allegations in Paragraph 42 of the Complaint pertain to Defendant Sakar, Sakar denies that it practices inventions covered by one or more of the patents-in-suit. In addition, Sakar has requested from Flashpoint: documents describing what the alleged patented technology covers, as well as detailed claim charts identifying which structural components of Sakar's products infringe the claims of the patents-in-suit.

21. To the extent that the allegations in Paragraphs 43 through 59 and 61 through 66 contain allegations pertaining to the alleged actions of named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Sakar denies the allegations in Paragraph 60 of the Complaint. In addition, Sakar has requested from Flashpoint: documents describing what the alleged patented technology covers, as well as detailed claim charts identifying which structural components of Sakar's products are alleged to infringe the claims of the patents-in-suit. Furthermore, Sakar was a vendor to Defendants Wal-Mart Stores, Inc., ("Wal-Mart") and Target Corporation ("Target") for at least some of the allegedly infringing products. By way of indemnification agreements with Wal-Mart and Target, Sakar has agreed to hold harmless and defend said named Defendants Wal-Mart and Target in this action for the alleged infringing products Sakar sold to Wal-Mart and Target.

23. To the extent that the allegations in Paragraphs 67, 68, and 70 of the Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained in these Paragraphs.

24. To the extend that Paragraph 69 of the Complaint contains allegations pertaining to the alleged actions of named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. Flashpoint's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

26. One or more claims of U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 (the "patents-in-suit") allegedly infringed by Sakar are **invalid** for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

27. Sakar's making, use or sale of its products, and the use and sale of such products by Sakar's customers, **do not infringe** any of the claims of U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 being asserted against Sakar. Sakar has not actively induced infringement of any claims of the patents being asserted against Sakar, and Sakar has not contributed to the infringement of any claims of the patents being asserted against Sakar.

### FOURTH AFFIRMATIVE DEFENSE

28. Prosecution history estoppel bars Flashpoint from proving infringement of the asserted claims under the doctrine of equivalents. Flashpoint is estopped from constructing the claims of U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 in such a way as may cover Sakar's products and activities by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that issued as the '480 patent, the '956 patent, the '538 patent, the '190 patent, the '316 patent, the '914 patent, and the '575 patent.

## FIFTH AFFIRMATIVE DEFENSE

29. One or more claims of the patents-in-suit are void, invalid, and unenforceable by virtue of the failure of the patentee to act with the degree of candor and good faith required of persons who prepare or prosecute a patent application before the United States Patent and Trademark Office ("PTO"), including the failure to disclose material prior art and information known to the patentee and/or persons having substantial responsibility for the prosecution of the patents-in-suit.

## SIXTH AFFIRMATIVE DEFENSE

30. One or more of the patents-in-suit is unenforceable under the doctrine of prosecution laches.

## SEVENTH AFFIRMATIVE DEFENSE

31. One or more of the patents-in-suit is unenforceable under the doctrine of patent misuse.

## EIGHTH AFFIRMATIVE DEFENSE

32. One or more of the patents-in-suit is unenforceable due to the inequitable conduct of those involved in the applications for these patents before the U.S. Patent and Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

33. Each of the patents-in-suit is not infringed by any of Sakar's past and current products.

## TENTH AFFIRMATIVE DEFENSE

34. There has been no prior notice in writing or otherwise given to Defendant Sakar of Flashpoint's patents and Flashpoint has not marked its patented products pursuant to 35 U.S.C. § 287. Therefore, Sakar has not been given actual or constructive notice as required by 35 U.S.C. § 287 and is not responsible for any damages.

## ELEVENTH AFFIRMATIVE DEFENSE

35. Flashpoint's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, implied license, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

36. Sakar reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Sakar International, Inc. ("Sakar"), hereby asserts the following counterclaims against Flashpoint Technology, Inc. ("Flashpoint") and avers as follows:

## NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

## PARTIES

2. Counterclaim Defendant Flashpoint is, on information and belief, a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

3. Counterclaimant Sakar is a corporation organized and existing under the laws of the State of New York and has its principal place of business located at 195 Carter Drive, Edison, New Jersey 08817.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,118,480 ("the '480 patent"), U.S. Patent No. 6,177,956 ("the '956 patent"), U.S. Patent No. 6,222,538 ("the '538 patent"), U.S. Patent No. 6,223,190 ("the '190 patent"), U.S. Patent No.

6,249,316 ("the '316 patent"), U.S. Patent No. 6,486,914 ("the '914 patent"), and U.S. Patent No. 6,504,575 ("the '575 patent") (collectively referred to hereinafter as the "patents-in-suit"). This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

### GENERAL ALLEGATIONS

6. On March 7, 2008, Flashpoint filed suit against Sakar, claiming infringement of the '480, '956, '538, '190, '316, '914, and '575 patents.

7. A justiciable controversy exists between Flashpoint and Sakar concerning the infringement and validity of the '480, '956, '538, '190, '316, '914, and '575 patents.

### FIRST COUNTERCLAIM

### (NON-INFRINGEMENT OF THE ALLEGED FLASHPOINT PATENTS-IN-SUIT)

8. Sakar incorporates Paragraphs 1-7 as if fully set forth herein.

9. Although Sakar is still investigating this matter, Sakar alleges that it has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the patents-in-suit asserted by Flashpoint in this litigation.

10. Sakar is entitled to a declaratory judgment that Sakar does not infringe any of the asserted patents-in-suit.

### SECOND COUNTERCLAIM

### (INVALIDITY OF THE ALLEGED FLASHPOINT PATENTS-IN-SUIT)

11. Sakar incorporates Paragraphs 1-10 as if fully set forth herein.

12. Although Sakar is still investigating this matter, Sakar alleges that one or more claims of the patents-in-suit are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103,

112, and/or 287.

13. Sakar is entitled to declaratory judgment that one or more claims of the patents-in-suit is invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Sakar prays for judgment that:

A. Flashpoint's Complaint is dismissed in its entirety with prejudice;

B. Flashpoint is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever;

C. U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 are invalid, void, and unenforceable against Sakar.

D. U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 have never been, and are not now, infringed by Sakar or by any other person or entity using or selling Sakar's products in this judicial district or anywhere in the United States;

E. No damages or royalties are due or owing by Sakar for any of the acts alleged by Flashpoint in its Complaint;

F. This case is an exceptional case pursuant to 35 U.S.C. § 285, and Sakar is accordingly awarded its reasonable attorney fees incurred un this action;

G. Sakar is awarded its costs (including expert fees), disbursements, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H. Sakar is awarded such other relief as the Court may deem appropriate, just and proper under the circumstances.

-13-

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Sakar demands a trial by jury on all issues so triable.

Dated: March 27, 2008

EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Attorneys for Defendant Sakar
International, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Jennifer L. Friedman, hereby certify that on March 27, 2008, the attached Answer was filed by Express Mail with the Clerk of the Court, at the following address: U.S. District Court, 844 North King Avenue, Room 4209, Wilmington, Delaware 19801.

_/s/ Jennifer L. Friedman_
JENNIFER L. FRIEDMAN


