## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AIPTEK, INC., ARGUS CAMERA CO., LLC, BUSHNELL INC., DXG TECHNOLOGY (U.S.A.) INC., DXG TECHNOLOGY CORP., GENERAL ELECTRIC CO., INTERNATIONAL NORCENT TECH., LEICA CAMERA AG, LEICA CAMERA INC., MINOX GMBH, MINOX USA, INC., MUSTEK, INC. USA, MUSTEK, INC., OREGON SCIENTIFIC, INC., POLAROID CORP., RITZ INTERACTIVE, INC., RITZ CAMERA CENTERS, INC., SAKAR INTERNATIONAL, INC., D/B/A DIGITAL CONCEPTS, TABATA U.S.A., INC., D/B/A SEA & SEA, TARGET CORP., VISTAQUEST CORP., VUPOINT SOLUTIONS, INC., WALGREEN CO., and WAL-MART STORES INC. <br><br> Defendants. | C.A. No. 08-139-GMS <br><br> **JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT
## MUSTEK, INC. USA

Pursuant to Fed. R. Civ. P. 8, Defendant Mustek, Inc. USA ("Mustek USA"),

hereby answers Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint") Original

Complaint for Patent Infringement ("Complaint") as follows:

### NATURE OF THE ACTION

1.     Mustek USA admits that the Complaint purports to state a claim for patent

infringement. Mustek USA admits that U.S. Patent No. 6,118,480 (the "'480 patent") is

entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across

Multiple Operating Modes." Mustek USA admits that a copy of the '480 patent was attached as Exhibit 1 to the Complaint. Mustek USA admits that U.S. Patent No. 6,177,956 (the "'956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device." Mustek USA admits that a copy of the '956 patent was attached as Exhibit 2 to the Complaint. Mustek USA admits that U.S. Patent No. 6,222,538 (the "'538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts." Mustek USA admits that a copy of the '538 patent was attached as Exhibit 3 to the Complaint. Mustek USA admits that U.S. Patent No. 6,223,190 (the "'190 patent") is entitled "Method and System for Producing and Internet Page Description File on a Digital Imaging Device." Mustek USA admits that a copy of the '190 patent was attached as Exhibit 4 to the Complaint. Mustek USA admits that U.S. Patent No. 6,249,316 (the "'316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera." Mustek USA admits that a copy of the '316 patent was attached as Exhibit 5 to the Complaint. Mustek USA admits that U.S. Patent No. 6,486,914 (the "'914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." Mustek USA denies that a copy of the '914 patent was attached as Exhibit 6 to the Complaint. Mustek USA admits that U.S. Patent No. 6,504,575 (the "'575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device." Mustek USA denies that a copy of the '575 patent was attached as Exhibit 7 to the Complaint. Though still investigating this matter, upon information and belief, Mustek USA denies that it infringes the '480, '956, '538, '190, '316, '914, and '575 patents. Mustek USA admits that FlashPoint seeks injunctive relief

and monetary damages. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and, therefore, denies same.

## PARTIES

2.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and, therefore, denies same.

3.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and, therefore, denies same.

4.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and, therefore, denies same.

5.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and, therefore, denies same.

6.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and, therefore, denies same.

7.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and, therefore, denies same.

8.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and, therefore, denies same.

9.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and, therefore, denies same.

10.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and, therefore, denies same.

11.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and, therefore, denies same.

12.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and, therefore, denies same.

13.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and, therefore, denies same.

14.    Mustek USA admits the allegations in Paragraph 14 of the Complaint.

15.    Mustek USA admits the allegations in Paragraph 15 of the Complaint.

16.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and, therefore, denies same.

17.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and, therefore, denies same.

18.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and, therefore, denies same.

19.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and, therefore, denies same.

20.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and, therefore, denies same.

21.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and, therefore, denies same.

22.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and, therefore, denies same.

23.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and, therefore, denies same.

24.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and, therefore, denies same.

25.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and, therefore, denies same.

26.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and, therefore, denies same.

## JURISDICTION AND VENUE

27.     Mustek USA admits that the Plaintiff has alleged a cause of action under the Patent Laws of the United States.  Mustek USA admits that this Court has subject matter jurisdiction in this case.

28.     Mustek USA admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware, and that it is subject to the personal jurisdiction of this Court.    Though still investigating this matter, upon information and belief, Mustek USA denies that it has committed acts of infringement with the State of Delaware or District of Delaware.  Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

RLF1-3271960-1

29.    Mustek USA is still investigating this matter is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and, therefore, denies same.

30.    Mustek USA is still investigating this matter and is without knowledge or information sufficient to form a belief at this time as to whether or not venue is proper in this District, and, therefore, denies same.

31.    Mustek USA is still investigating this matter and is without knowledge or information sufficient to form a belief at this time as to whether or not venue is proper in this District as to Mustek USA, and, therefore, denies same.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.    Mustek USA admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware, and that it is subject to the personal jurisdiction of this Court.    Mustek USA denies the remaining allegations of Paragraph 31.

## COUNT I

32.    Mustek USA admits that the '480 patent lists September 12, 2000 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson, Steve Saylor, and Amanda R. Mander as inventors.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

33.    Mustek USA admits that the '956 patent lists January 23, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson and

- 7 -

Mike M. Masukawa as inventors. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

34.    Mustek USA admits that the '538 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

35.    Mustek USA admits that the '190 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Tim Takao Aihara and Rodney Somerstein as inventors. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

36.    Mustek USA admits that the '316 patent lists June 19, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Flashpoint is the legal owner of the '316 patent and possesses all rights to recovery under the '316 patent," and, therefore, denies same. Mustek USA denies the remaining allegations of Paragraph 36.

37.    Mustek USA admits that the '914 patent lists November 26, 2002 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

- 8 -

38.    Mustek USA admits that the '575 patent lists January 7, 2003 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Michael A. Ramirez and Eric C. Anderson as inventors. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

39.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and, therefore, denies same.

40.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and, therefore, denies same.

41.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and, therefore, denies same.

42.    Mustek USA denies that it practices inventions covered by one or more of the patents-in-suit. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

43.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and, therefore, denies same.

44.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and, therefore, denies same.

45.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and, therefore, denies same.

46.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and, therefore, denies same.

47.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and, therefore, denies same.

48.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and, therefore, denies same.

49.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and, therefore, denies same.

50.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and, therefore, denies same.

RLF1-3271960-1

51.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and, therefore, denies same.

52.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and, therefore, denies same.

53.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and, therefore, denies same.

54.     Mustek USA denies the allegations of Paragraph 54 of the Complaint.

55.     On information and belief, Mustek USA denies the allegations of Paragraph 55 of the Complaint.

56.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and, therefore, denies same.

57.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and, therefore, denies same.

58.     Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, and, therefore, denies same.

RLF1-3271960-1

59.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, and, therefore, denies same.

60.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and, therefore, denies same.

61.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and, therefore, denies same.

62.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and, therefore, denies same.

63.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and, therefore, denies same.

64.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and, therefore, denies same.

65.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and, therefore, denies same.

RLF1-3271960-1

66.    Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and, therefore, denies same.

67.    To the extent that the allegations in Paragraph 67 of the Complaint pertain to Mustek USA, Mustek USA denies all the allegations in Paragraph 67. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

68.    To the extent that the allegations in Paragraph 68 of the Complaint pertain to Mustek USA, Mustek USA denies all the allegations in Paragraph 68. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

69.    To the extent that the allegations in Paragraph 69 of the Complaint pertain to Mustek USA, Mustek USA denies all the allegations in Paragraph 69. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

70.    To the extent that the allegations in Paragraph 70 of the Complaint pertain to Mustek USA, Mustek USA denies all the allegations in Paragraph 70. Mustek USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint pertaining to named defendants other than Mustek USA, and, therefore, denies same.

**JURY DEMAND**

71.        Mustek USA admits that FlashPoint demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

Mustek USA denies that FlashPoint is entitled to any relief against Mustek USA that it has requested in its prayer for relief. Mustek USA is without knowledge or information sufficient to form a belief as to whether FlashPoint is entitled at any relief against named defendants other than Mustek USA that it has requested in its prayer for relief, and, therefore, denies same.

**AFFIRMATIVE DEFENSES**

Mustek USA sets forth the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(No Infringement Of '480 Patent)**

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '480 patent.

**SECOND AFFIRMATIVE DEFENSE**

**(No Infringement Of '956 Patent)**

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '956 patent.

## THIRD AFFIRMATIVE DEFENSE

### (No Infringement Of '538 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '538 patent.

## FOURTH AFFIRMATIVE DEFENSE

### (No Infringement Of '190 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '190 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (No Infringement Of '316 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '316 patent.

## SIXTH AFFIRMATIVE DEFENSE

### (No Infringement Of '914 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not

infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '914 patent.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement Of '575 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '575 patent.

### EIGTH AFFIRMATIVE DEFENSE

### (Invalidity Of '480 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '480 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### NINTH AFFIRMATIVE DEFENSE

### (Invalidity Of '956 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '956 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

- 16 -

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '538 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '538 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '190 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '190 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity Of '316 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '316 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '914 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '914 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '575 Patent)

Upon a reasonable opportunity for further investigation or discovery, Mustek USA believes that it will likely have evidentiary support that the '575 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIMS

For its counterclaims against FlashPoint Technology Inc., Mustek USA, Inc. USA alleges as follows:

## THE PARTIES

1.       Mustek USA, Inc. ("Mustek USA") is a subsidiary of Mustek Systems, Inc., and it is a corporation organized and existing under the laws of the State of California, having its principal place of business at 15271 Barranca Parkway, Irvine, California 92618.

2.      Upon information and belief, FlashPoint Technology, Inc. ("FlashPoint") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual justiciable controversy between Mustek USA and FlashPoint regarding the validity and infringement of the '480, '956, '538, '190, '316, '914, and '575 patents to which FlashPoint has asserted ownership. This Court has subject matter jurisdiction of Mustek USA's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) and because Flashpoint sued Mustek USA in this judicial district.

## FIRST COUNTERCLAIM

### (Non-Infringement Of The '480 Patent)

5.      Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-4 of its Counterclaims.

6.      Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '480 patent, either willfully or otherwise.

7.      Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '480 patent.

RLF1-3271960-1

## SECOND COUNTERCLAIM

### (Invalidity Of The '480 Patent)

8.        Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-7 of its Counterclaims.

9.        Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '480 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

10.       Mustek USA seeks a declaration from this Court that the asserted claims of the '480 patent are invalid.

## THIRD COUNTERCLAIM

### (Non-Infringement Of The '956 Patent)

11.       Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-10 of its Counterclaims.

12.       Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '956 patent, either willfully or otherwise.

13.       Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '956 patent.

## FOURTH COUNTERCLAIM

### (Invalidity Of The '956 Patent)

14.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-13 of its Counterclaims.

15.    Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '956 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

16.    Mustek USA seeks a declaration from this Court that the asserted claims of the '956 patent are invalid.

## FIFTH COUNTERCLAIM

### (Non-Infringement Of The '538 Patent)

17.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-16 of its Counterclaims.

18.    Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '538 patent, either willfully or otherwise.

19.    Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '538 patent.

## SIXTH COUNTERCLAIM

### (Invalidity Of The '538 Patent)

20.     Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-19 of its Counterclaims.

21.     Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '538 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

22.     Mustek USA seeks a declaration from this Court that the asserted claims of the '538 patent are invalid.

## SEVENTH COUNTERCLAIM

### (Non-Infringement Of The '190 Patent)

23.     Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-22 of its Counterclaims.

24.     Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '190 patent, either willfully or otherwise.

25.     Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '190 patent.

## EIGHT COUNTERCLAIM

### (Invalidity Of The '190 Patent)

26.     Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-25 of its Counterclaims.

27.     Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '190 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

28.     Mustek USA seeks a declaration from this Court that the asserted claims of the '190 patent are invalid.

## NINTH COUNTERCLAIM

### (Non-Infringement Of The '316 Patent)

29.     Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-28 of its Counterclaims.

30.     Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '316 patent, either willfully or otherwise.

31.     Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '316 patent.

RLF1-3271960-1

## TENTH COUNTERCLAIM

### (Invalidity Of The '316 Patent)

32.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-31 of its Counterclaims.

33.    Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '316 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

34.    Mustek USA seeks a declaration from this Court that the asserted claims of the '316 patent are invalid.

## ELEVENTH COUNTERCLAIM

### (Non-Infringement Of The '914 Patent)

35.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-34 of its Counterclaims.

36.    Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '914 patent, either willfully or otherwise.

37.    Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '914 patent.

## TWELFTH COUNTERCLAIM

### (Invalidity Of The '914 Patent)

38.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-37 of its Counterclaims.

39.    Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '914 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

40.    Mustek USA seeks a declaration from this Court that the asserted claims of the '914 patent are invalid.

## THIRTEENTH COUNTERCLAIM

### (Non-Infringement Of The '575 Patent)

41.    Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-40 of its Counterclaims.

42.    Although Mustek USA is still investigating this matter, Mustek USA alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '575 patent, either willfully or otherwise.

43.    Mustek USA seeks a declaration from this Court that Mustek USA does not infringe any valid, asserted claim of the '575 patent.

RLF1-3271960-1

## FOURTEENTH COUNTERCLAIM

### (Invalidity Of The '575 Patent)

44.     Mustek USA realleges and incorporates the allegations set forth in Paragraphs 1-43 of its Counterclaims.

45.     Although Mustek USA is still investigating this matter, Mustek USA alleges that each asserted claim of the '575 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

46.     Mustek USA seeks a declaration from this Court that the asserted claims of the '575 patent are invalid.

## DEMAND FOR JURY TRIAL

47.     Pursuant to Fed. R. Civ. P. 38(b), Mustek USA hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mustek USA prays for the following relief:

A.     For an Order declaring that FlashPoint take nothing by way of its Complaint;

B.     For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '480 patent;

C.     For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '956 patent;

D.     For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '538 patent;

E.       For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '190 patent;

F.       For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '316 patent;

G.       For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '914 patent;

H.       For an Order declaring Mustek USA has not infringed and is not infringing any valid, asserted claims of the '575 patent;

I.       For an Order declaring that the asserted claims of the '480 patent are invalid;

J.       For an Order declaring that the asserted claims of the '956 patent are invalid;

K.       For an Order declaring that the asserted claims of the '538 patent are invalid;

L.       For an Order declaring that the asserted claims of the '190 patent are invalid;

M.       For an Order declaring that the asserted claims of the '316 patent are invalid;

N.       For an Order declaring that the asserted claims of the '914 patent are invalid;

O.       For an Order declaring that the asserted claims of the '575 patents are invalid;

RLF1-3271960-1

P.        For an Order dismissing with prejudice FlashPoint's Complaint for patent infringement;

Q.        For an Order declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding costs and attorneys' fees to Mustek USA; and

R.        That Mustek USA be awarded such other and further relief as the Court may deem just and proper.

*Anne Shea Gaza*

Frederick L. Cottrell III (#2555)
cottrell@rlf.com

Of Counsel:
Joseph R. Re
Irfan A. Lateef
Marko R. Zoretic
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, 14th Floor
Irvine, California 92614
(949) 760-0404

Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

Date: April 10, 2008

*Attorneys for Defendant/Counterclaimant*
*Mustek, Inc. USA*

- 28 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

David J. Margules
Evan O. Williford
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE   19801
dmargules@BMF-law.com
ewilliford@BMF-law.com

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899
sbalick@ashby-geddes.com

David Ellis Moore
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE   19899-0951
dmoore@potteranderson.com

Richard K. Herrmann
Morris James, LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
rherrmann@morrijames.com

Richard D. Kirk
Bayard, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE   19899
bankserve@bayardlaw.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE   19899-0951
rhorwitz@potteranderson.com

I hereby certify that on April 10, 2008, I sent by electronic mail the foregoing document to the following:

David M. Hill
John W. Olivo
John F. Ward
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY  10017
hilld@wardolivo.com
olivoj@wardolivo.com
wardj@wardolivo.com
zinnam@wardolivo.com

Michael J. Dowd
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
miked@csgrr.com

Ezra Sutton
Law Offices of Ezra Sutton
900 Route 9, Suite 201
Woodbridge, NJ 07095
esutton@ezrasutton.com

Kenneth A. Liebman
James R. Steffen
Matthew A. Stumpf
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
KLiebman@faegre.com
JSteffen@faegre.com
MStumpf@faegre.com

Frank Frisenda
Frisenda Quinton & Nicholson
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA 90025
frankfrisenda@aol.com

Steven G. Schortgen
Jay B. Johnston
Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Steve.schortgen@bakerbotts.com
Jay.johnston@bakerbotts.com
Samir.bhavsar@bakerbotts.com

Anne Shea Gaza (#4093)
gaza@rlf.com