## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, | ) | |
| BUSHNELL INC., DXG TECHNOLOGY | ) | C.A. No. 08-139-GMS |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., | ) | |
| GENERAL ELECTRIC CO., | ) | |
| INTERNATIONAL NORCENT TECH., | ) | |
| LEICA CAMERA AG, LEICA CAMERA | ) | **JURY TRIAL DEMANDED** |
| INC., MINOX GMBH, MINOX USA, INC., | ) | |
| MUSTEK, INC. USA, MUSTEK, INC., | ) | |
| OREGON SCIENTIFIC, INC., POLAROID | ) | |
| CORP., RITZ INTERACTIVE, INC., RITZ | ) | |
| CAMERA CENTERS, INC., SAKAR | ) | |
| INTERNATIONAL, INC., D/B/A DIGITAL | ) | |
| CONCEPTS, TABATA U.S.A., INC., D/B/A | ) | |
| SEA & SEA, TARGET CORP., VISTAQUEST | ) | |
| CORP., VUPOINT SOLUTIONS, INC., | ) | |
| WALGREEN CO., and WAL-MART STORES | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT
## RITZ CAMERA CENTERS, INC. USA

Pursuant to Fed. R. Civ. P. 8, Defendant Ritz Camera Centers, Inc. ("Ritz Camera"),

answers Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint") Original Complaint for Patent

Infringement ("Complaint") as follows:

### NATURE OF THE ACTION

1.    Ritz Camera admits that U.S. Patent No. 6,118,480 (the "'480 patent") is

entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across

Multiple Operating Modes" and that a copy of the '480 patent is attached to the Complaint

as Exhibit 1.  Ritz Camera admits that U.S. Patent No. 6,177,956 (the "'956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" and that a copy of the '956 patent is attached to the Complaint as Exhibit 2.  Ritz Camera admits that U.S. Patent No. 6,222,538 (the "'538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" and that a copy of the '538 patent is attached to the Complaint as Exhibit 3.  Ritz Camera admits that U.S. Patent No. 6,223,190 (the "'190 patent") is entitled "Method and System for Producing and Internet Page Description File on a Digital Imaging Device" and that a copy of the '190 patent is attached as to the Complaint as Exhibit 4.  Ritz Camera admits that U.S. Patent No. 6,249,316 (the "'316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" and that a copy of the '316 patent is attached to the Complaint as Exhibit 5.  Ritz Camera admits that U.S. Patent No. 6,486,914 (the "'914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" and that a copy of the '914 patent is attached to the Complaint as Exhibit 6.  Ritz Camera admits that U.S. Patent No. 6,504,575 (the "'575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" and admits that a copy of the '575 patent is attached to the Complaint as Exhibit 7.  Upon information and belief, Ritz Camera denies that it infringes the '480, '956, '538, '190, '316, '914, and '575 patents.  Ritz Camera admits that FlashPoint seeks injunctive relief and monetary damages.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and therefore denies same.

## PARTIES

2.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies same.

3.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies same.

4.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies same.

5.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies same.

6.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies same.

7.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies same.

8.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies same.

9.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies same.

10.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies same.

11.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies same.

12.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies same.

13.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies same.

14.     Ritz Camera admits the allegations in Paragraph 14 of the Complaint.

15.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies same.

16.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies same.

17.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies same.

18.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies same.

19.     Ritz Camera admits the allegations of Paragraph 19 of the Complaint.

20.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies same.

21.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies same.

22.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies same.

23.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies same.

24.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies same.

25.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies same.

26.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

27.    Ritz Camera admits that the Plaintiff purports to allege a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction in this case.

28.    Ritz Camera admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware, and that it is subject to the personal jurisdiction of this Court.  Upon information and belief, Ritz Camera denies that it has committed acts of infringement within the State of Delaware or District of Delaware.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint pertaining to named defendants other than Ritz Camera, and therefore denies same.

29.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and therefore denies same.

30.    Ritz Camera is without knowledge or information sufficient to form a belief at this time as to whether venue is proper in this District, and therefore denies same.

31.    Ritz Camera is without knowledge or information sufficient to form a belief at this time as to whether venue is proper in this District as to Ritz Camera, and therefore denies same.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint pertaining to named defendants other than Ritz Camera, and therefore denies same.  Ritz Camera admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware, and that it is subject to the personal jurisdiction of this Court.  Ritz Camera denies the remaining allegations of Paragraph 31.

## COUNT I

32.    Ritz Camera admits that the '480 patent lists September 12, 2000 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson, Steve

Saylor, and Amanda R. Mander as inventors. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

33.     Ritz Camera admits that the '956 patent lists January 23, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson and Mike M. Masukawa as inventors. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

34.     Ritz Camera admits that the '538 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

35.     Ritz Camera admits that the '190 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Tim Takao Aihara and Rodney Somerstein as inventors. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

36.     Ritz Camera admits that the '316 patent lists June 19, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegation that "FlashPoint is the legal owner of the '316 patent and possesses all rights to recovery under the '316 patent," and therefore denies same. Ritz Camera denies the remaining allegations of Paragraph 36.

37.     Ritz Camera admits that the '914 patent lists November 26, 2002 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the

inventor. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

38.     Ritz Camera admits that the '575 patent lists January 7, 2003 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Michael A. Ramirez and Eric C. Anderson as inventors. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

39.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore denies same.

40.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and therefore denies same.

41.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies same.

42.     Ritz Camera denies that it practices inventions covered by one or more of the patents-in-suit. Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint pertaining to named defendants other than Ritz Camera, and therefore denies same.

43.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and therefore denies same.

44.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and therefore denies same.

45.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and therefore denies same.

46.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies same.

47.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies same.

48.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and therefore denies same.

49.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies same.

50.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and therefore denies same.

51.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and therefore denies same.

52.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and therefore denies same.

53.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and therefore denies same.

54.     Ritz Camera denies the allegations of Paragraph 54 of the Complaint.

55.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, and therefore denies same.

56.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and therefore denies same.

57.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and therefore denies same.

58.     Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, and therefore denies same.

59.     Ritz Camera denies the allegations of Paragraph 59 of the Complaint.

60.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and therefore denies same.

61.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and therefore denies same.

62.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and therefore denies same.

63.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and therefore denies same.

64.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore denies same.

65.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and therefore denies same.

66.    Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and therefore denies same.

67.    To the extent that the allegations in Paragraph 67 of the Complaint pertain to Ritz Camera, Ritz Camera denies all such allegations.  Ritz Camera is without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint pertaining to defendants other than Ritz Camera, and therefore denies same.

68.     To the extent that the allegations in Paragraph 68 of the Complaint pertain to Ritz Camera, Ritz Camera denies all such allegations.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint pertaining to defendants other than Ritz Camera, and therefore denies same.

69.     To the extent that the allegations in Paragraph 69 of the Complaint pertain to Ritz Camera, Ritz Camera denies all such allegations.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint pertaining to defendants other than Ritz Camera, and therefore denies same.

70.     To the extent that the allegations in Paragraph 70 of the Complaint pertain to Ritz Camera, Ritz Camera denies all such allegations.  Ritz Camera is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint pertaining to defendants other than Ritz Camera, and therefore denies same.

## JURY DEMAND

Ritz Camera admits that FlashPoint demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Ritz Camera denies that FlashPoint is entitled to any relief against Ritz Camera. Ritz Camera is without knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against defendants other than Ritz Camera that it has requested in its prayer for relief, and therefore denies same.

## FIRST AFFIRMATIVE DEFENSE

### (No Infringement Of '480 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '480 patent.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement Of '956 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '956 patent.

## THIRD AFFIRMATIVE DEFENSE

### (No Infringement Of '538 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '538 patent.

## FOURTH AFFIRMATIVE DEFENSE

### (No Infringement Of '190 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '190 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (No Infringement Of '316 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '316 patent.

## SIXTH AFFIRMATIVE DEFENSE

### (No Infringement Of '914 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '914 patent.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement Of '575 Patent)

Ritz Camera has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '575 patent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity Of '480 Patent)

The '480 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## NINTH AFFIRMATIVE DEFENSE

### (Invalidity Of '956 Patent)

The '956 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '538 Patent)

The '538 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '190 Patent)

The '190 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity Of '316 Patent)

The '316 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '914 Patent)

The '914 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity Of '575 Patent)

The '575 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

The Complaint fails to state any claim upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

FlashPoint is barred from any relief sought in the Complaint due to laches arising from FlashPoint's long and unreasonable delay in asserting infringement of the '480, '956, '538, '190, '316, '914, and '575 patents, which delay has resulted in Ritz Camera's extreme prejudice, detriment and injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

FlashPoint is precluded, by virtue of the doctrines of estoppel by acquiescence, waiver, and implied license from asserting its purported rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

FlashPoint is barred under 35 U.S.C. §286 from recovering damages for alleged infringement of the '480, '956, '538, '190, '316, '914, and '575 patents that occurred more than six years prior to the filing of the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrine of Patent Misuse and Unclean Hands)

FlashPoint is barred under the Equitable Doctrine of Patent Misuse and Unclean Hands from acting unfairly to restrict legitimate competition in the United States for the devices identified in the Complaint by, among other things, attempting to enforce the patents asserted in the Complaint because FlashPoint has attempted to enforce one or more patents it (i) knows to be invalid, (ii) has asserted as having a broader scope than covered by the claims, (iii) knows to be unenforceable as a result of inequitable conduct in securing the patent, and (iv) knows are not infringed by any of the accused devices or acts identified in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

.    By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications related to the '480, '956, '538, '190, '316, '914, and '575 patents and the admissions, actions and representations made therein by the applicant, FlashPoint is estopped to assert for any claim of these patents a scope which would encompass any of the acts of Ritz Camera.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

The '480, '956, '538, '190, '316, '914, and '575 patents are unenforceable by reason of FlashPoint's inequitable conduct before the Patent and Trademark Office in connection therewith and in connection with obtaining related patents.

## COUNTERCLAIM

For its counterclaim against FlashPoint Technology Inc., Ritz Camera Centers, Inc. alleges as follows:

## THE PARTIES

1.      Ritz Camera Centers, Inc. ("Ritz Camera") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6711 Ritz Way, Beltsville, Maryland.

2.      FlashPoint Technology, Inc. ("FlashPoint") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual justiciable controversy between Ritz Camera and FlashPoint regarding the validity and infringement of the '480, '956, '538, '190, '316, '914, and '575 patents to which FlashPoint has asserted ownership.  This Court has subject matter jurisdiction of Ritz Camera's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) and because FlashPoint sued Ritz Camera in this judicial district.

## COUNT ONE

### (Non-Infringement Of The '480 Patent)

5.      Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 4, inclusive, of its Counterclaim.

6.      Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '480 patent, either willfully or otherwise.

7.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '480 patent.

## COUNT TWO

### (Invalidity Of The '480 Patent)

8.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 7, inclusive, of its Counterclaim.

9.    Each claim of the '480 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

10.    Ritz Camera seeks a declaration from this Court that the claims of the '480 patent are invalid.

## COUNT THREE

### (Non-Infringement Of The '956 Patent)

11.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 10, inclusive, of its Counterclaim.

12.    Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any asserted claim of the '956 patent, either willfully or otherwise.

13.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '956 patent.

## COUNT FOUR

### (Invalidity Of The '956 Patent)

14.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 13, inclusive, of its Counterclaim.

15.    Each claim of the '956 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

16.    Ritz Camera seeks a declaration from this Court that the claims of the '956 patent are invalid.

## COUNT FIVE

### (Non-Infringement Of The '538 Patent)

17.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 16, inclusive, of its Counterclaim.

18.    Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '538 patent, either willfully or otherwise.

19.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '538 patent.

## COUNT SIX

### (Invalidity Of The '538 Patent)

20.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 19, inclusive, of its Counterclaim.

21.     Each claim of the '538 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

22.     Ritz Camera seeks a declaration from this Court that the claims of the '538 patent are invalid.

## COUNT SEVEN

### (Non-Infringement Of The '190 Patent)

23.     Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 22, inclusive, of its Counterclaim.

24.     Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '190 patent, either willfully or otherwise.

25.     Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '190 patent.

## COUNT EIGHT

### (Invalidity Of The '190 Patent)

26.     Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 25, inclusive, of its Counterclaim.

27.     Each asserted claim of the '190 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, §§ 101, 102, 103, and 112.

28.     Ritz Camera seeks a declaration from this Court that the claims of the '190 patent are invalid.

## COUNT NINE

### (Non-Infringement Of The '316 Patent)

29.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 28, inclusive, of its Counterclaim.

30.    Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '316 patent, either willfully or otherwise.

31.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '316 patent.

## COUNT TEN

### (Invalidity Of The '316 Patent)

32.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 31, inclusive, of its Counterclaim.

33.    Each claim of the '316 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

34.    Ritz Camera seeks a declaration from this Court that the claims of the '316 patent are invalid.

## COUNT ELEVEN

### (Non-Infringement Of The '914 Patent)

35.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 34, inclusive, of its Counterclaim.

36.    Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '914 patent, either willfully or otherwise.

37.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '914 patent.

## COUNT TWELVE

### (Invalidity Of The '914 Patent)

38.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 37, inclusive, of its Counterclaim.

39.    Each claim of the '914 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

40.    Ritz Camera seeks a declaration from this Court that the claims of the '914 patent are invalid.

## COUNT THIRTEEN

### (Non-Infringement Of The '575 Patent)

41.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 40, inclusive, of its Counterclaim.

42.    Ritz Camera has not infringed, contributed to the infringement of, or actively induced others to infringe, any claim of the '575 patent, either willfully or otherwise.

43.    Ritz Camera seeks a declaration from this Court that Ritz Camera does not infringe the '575 patent.

## COUNT FOURTEEN

### (Invalidity Of The '575 Patent)

44.    Ritz Camera realleges and incorporates the allegations set forth in Paragraphs 1 through 43, inclusive, of its Counterclaim.

45.     Each claim of the '575 patent is invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

46.     Ritz Camera seeks a declaration from this Court that the claims of the '575 patent are invalid.

### DEMAND FOR JURY TRIAL

47.     Pursuant to Fed. R. Civ. P. 38(b), Ritz Camera hereby demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Ritz Camera prays that the Court enter an Order declaring that:

A.     Ritz Camera has not infringed the '480 patent;

B.     Ritz Camera has not infringed the '956 patent;

C.     Ritz Camera has not infringed the '538 patent;

D.     Ritz Camera has not infringed the '190 patent;

E.     Ritz Camera has not infringed the '316 patent;

F.     Ritz Camera has not infringed the '914 patent;

G.     Ritz Camera has not infringed the '575 patent;

H.     The claims of the '480 patent are invalid;

I.     The claims of the '956 patent are invalid;

J.     The claims of the '538 patent are invalid;

K.     The claims of the '190 patent are invalid;

L.     The claims of the '316 patent are invalid;

M.     The claims of the '914 patent are invalid;

N.    The claims of the '575 patents are invalid;

O.    This case is exceptional pursuant to 35 U.S.C. § 285, and awarding costs and attorneys' fees to Ritz Camera; and

P.    Ritz Camera shall be awarded such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| <u>Of Counsel:</u><br>Sherry H. Flax<br>Saul Ewing LLP<br>500 E. Pratt St.<br>Baltimore, MD 21202<br>(410) 332-8784<br><br>Theodore Naccarella<br>Stephen Driscoll<br>Saul Ewing LLP<br>Centre Square West<br>1500 Market Street – 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7777<br><br>Date: April 30, 2008 | _____<br>Candice Toll Aaron (DE Bar No. 4465)<br>SAUL EWING LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, DE 19899<br>(302) 421-6800<br><br>*Attorneys for Defendant/Counterclaimant Ritz Camera Centers, Inc.* |