IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-139-GMS |
| | ) | |
| AIPTEK INC., ARGUS CAMERA CO., LLC, | ) | |
| BUSHNELL INC., DXG TECHNOLOGY (U.S.A.) | ) | |
| INC., DXG TECHNOLOGY CORP., GENERAL | ) | |
| ELECTRIC CO., LEICA CAMERA AG, LEICA | ) | |
| CAMERA INC., MINOX GMBH, MINOX USA, | ) | |
| INC., MUSTEK INC. USA, MUSTEK INC., | ) | |
| OREGON SCIENTIFIC, INC., POLAROID | ) | |
| CORP., RITZ INTERACTIVE, INC., RITZ | ) | |
| CAMERA CENTERS, INC., SAKAR | ) | |
| INTERNATIONAL INC., D/B/A DIGITAL | ) | |
| CONCEPTS, TABATA USA INC., D/B/A SEA & | ) | |
| SEA, TARGET CORP., VISTAQUEST CORP., | ) | |
| VUPOINT SOLUTIONS, INC., WALGREEN CO., | ) | |
| WAL-MART STORES INC. | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANTS LEICA CAMERA AG AND LEICA CAMERA, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendants Leica Camera AG and Leica Camera, Inc. (collectively, "Leica") respectfully move to dismiss Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement ("Complaint") for failing to state a claim as to Leica, or in the alternative, to direct FlashPoint to file a more-definite statement.

The Third Circuit has recently noted that "[f]ew issues in civil procedure are more significant than pleading standards, which are the key that opens access to courts." *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). As but one example of the impact that a pleading has on a case, how a claim is pled affects the presumptive scope of discovery. *See* Fed.

R. Civ. P. 26(b)(1). As a practical matter, an overly broad scope of discovery can have an adverse impact on the cost and burden imposed on the parties. Improperly pled claims also result in a "moving target" approach to prosecution of patent cases, which wastes resources of both the Court and the parties. Fortunately, the Supreme Court's *Bell Atlantic v. Twombly* decision has provided guidance.

FlashPoint's allegations here, at bottom, amount to mere "labels and conclusions, a formulaic recitation of the elements of a cause of action," expressly rejected by *Twombly.* 127 S. Ct. 1955, 1964-65 (2007). FlashPoint asserts only in the most conclusory fashion that Leica and the 22 other codefendants each "practices inventions covered by one or more of the patents-in-suit." Docket Entry ("D.E.") 1 at ¶ 42.[1] When addressing Leica individually, FlashPoint's allegations are barren of any facts – specific or otherwise – and instead refer to Leica's allegedly "infringing products." D.E. 1 at ¶¶ 50, 51. After stripping FlashPoint's Complaint of its improper "labels and conclusions" and "formulaic recitation of the elements of a cause of action," there is nothing left. Accordingly, *Twombly* and Fed. R. Civ. P. 12(b)(6) warrant dismissal of the complaint as to Leica.

Alternatively, if this Court does not dismiss the Complaint with respect to Leica, it should – pursuant to Rule 12(e) – direct FlashPoint to amend its complaint to specifically identify the allegedly "infringing products" by name and model number, as well as specifically which of the "one or more" FlashPoint patents it contends Leica – as opposed to the 22 other defendants – infringes. Without such definiteness, Leica cannot reasonably frame a responsive pleading. Leica had no notice or discussions with FlashPoint prior to receiving notice of the Complaint.

---

[1] Tellingly, FlashPoint's allegations are so formulaic that its specific allegations against Leica's codefendants are copied almost verbatim. D.E. at ¶¶ 43-49 and 52-66.

2

Leica is thus left, at present, with the task of guessing which of its numerous "products" are deemed "infringing" according to FlashPoint. This guessing game is compounded by FlashPoint's failure to specifically identify which of its seven asserted patents it believes Leica infringes. This Court, therefore, should direct FlashPoint to amend its complaint to provide a more definite statement pursuant to Rule 12(e).

## I.    Background

On March 7, 2008, FlashPoint filed its Complaint against Leica and 22 other defendants seeking damages and injunctive relief for allegedly infringing "one or more" of seven distinct U.S. Patents: Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 (collectively, the "patents-in-suit"). *See* D.E. 1 at ¶¶ 1, 32-70 and Exhibits 1-7 attached to the Complaint.[2] According to FlashPoint, the different "technologies, protected by the patents-in-suit, enable users to, among other things, capture, process and view digital images." D.E. at ¶ 40.

Leica Camera AG is a German company that has been designing and producing numerous products, including cameras, for decades. Of its camera products, Leica sells many types, including multiple digital models, throughout the world. Leica Camera, Inc. is the U.S. sales arm of Leica Camera AG. Despite the diversity of products offered by Leica, FlashPoint's allegations against Leica provide absolutely no notice as to which Leica products – cameras or otherwise – allegedly infringe any of the seven listed patents. Nor, for that matter, have there been any prior assertions or communications between Leica and FlashPoint to fill the void. The sum and substance of FlashPoint's allegations are as follows:

---

[2] In total, the seven asserted patents contain 111 claims – none of which FlashPoint has specifically identified as being infringed by Leica.

42.     Upon information and belief, each Defendant practices inventions covered by *one or more* of the patents-in-suit.

\* \* \*

50.     Upon information and belief, Leica Camera [AG] has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Leica Camera has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

51.     Upon information and belief, Leica [Camera, Inc.] has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Leica has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

D.E. 1 (emphasis added).

FlashPoint merely recites the patent infringement statute, *see* 35 U.S.C. § 271(a), (b), and

(c), and fails to identify any specific acts of Leica infringement. Instead, FlashPoint relies on the

legal conclusion that Leica's alleged "practice[] [of] inventions [is] covered by one or more of

the patents-in-suit" and that Leica offers "infringing products."

## II.     The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(6) for Failure to Comply with Rule 8(a)

### A.     Applicable Legal Standard

To state a valid claim for patent infringement, the plaintiff must allege sufficient facts

that support (1) jurisdiction, (2) the plaintiff's patent ownership, (3) the defendant's infringement

via making, selling, and using an accused device that embodies the patent, (4) plaintiff's notice

to the defendant of its infringement, and (5) a prayer for relief. *See McZeal v. Sprint Nextel*

RLF1-3278433-1

*Corp* , 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing with approval [then] form 16 in the Federal

Rules of Civil Procedure for a pro se litigant).[3]

The Third Circuit has recently articulated that *Twombly* introduced a "new concept" into

pleading jurisprudence:

> [I]n its general discussion of Rules 8 and 12(b)(6), the Supreme
> Court [in *Twombly*] used certain language that it does not appear to
> have used before. The Court explained that "[w]hile a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's [Rule 8] obligation to
> provide the 'grounds' of his 'entitle[ment] to relief' *requires more
> than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do*." The Court explained
> that Rule 8 "requires a 'showing,' rather than a blanket assertion,
> of entitlement to relief." Later, the Court referred to "the threshold
> requirement of Rule 8(a)(2) that the 'plain statement' possess
> enough heft to 'sho[w]' that the pleader is entitled to relief.'" The
> Court further explained that a complaint's "[f]actual allegations
> must be enough to raise a right to relief above the speculative
> level."

*Phillips*, 515 F.3d at 231-32 (quoting *Twombly*) (emphasis added); *accord McZeal*, 501 F.3d at

1356, 1357 (applying Fifth Circuit law).

The Third Circuit has not applied *Twombly* in a patent context as presented here, but

courts outside the Third Circuit – including *McZeal* – have applied *Twombly* to determine if a

patent infringement claim satisfies Rule 12(b)(6). *See AntiCancer Inc. v. Xenogen Corp.*, Civil

No., 05-CV-0448-B(AJB), 2007 U.S. Dist. LEXIS 59811, at *9-*10 (S.D. Cal. Aug. 13, 2007)

(dismissing plaintiff's patent infringement claims under *Twombly* because the plaintiff failed to

state any facts beyond a bare recitation of the statutory elements, *i.e.*, that the plaintiff owned two

---

[3] A Rule 12(b)(6) motion to dismiss "is a purely procedural question not pertaining to
patent law," and as such, the Federal Circuit applies the law of the regional circuits. *Id* at 1355-
56 (referencing pleading standards articulated in *Twombly*). Accordingly, Third Circuit law
controls here.

patents and that "[e]ach of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others."); *F5 Networks, Inc. v. A10 Networks, Inc.*, Case No. C07-1927-RSL, 2008 U.S. Dist. LEXIS 31319, at *2-*4 (W.D. Wash. Mar. 10, 2008) (dismissing the complaint for willful infringement because the single allegation that "[o]n information and belief, A10 has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of F5's '802 patent'" did not contain facts to support the claim; it did not contain any facts that A10 had prior knowledge of the patent and it failed to put A10 on notice of the grounds on which that claim rested); *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 537 (S.D. Ala. 2007) (applying *Twombly* to the counterclaims alleged in a patent case).

### B.    This Court Has Dismissed Patent Infringement Claims for Failure to Satisfy Rule 8(a)

Even prior to *Twombly*, this Court has rejected claims in which a patentee provides no details concerning infringement. *See Ondeo Nalco Co. v. EKA Chems., Inc.*, Civil Action No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002). In *Ondeo*, Judge Robinson dismissed infringement allegations against a defendant/counterclaim plaintiff for failing to satisfy the Federal Rules:

> Plaintiff argues that defendant's counterclaims, which allege that plaintiff's products infringe three of defendants patents, fail to provide fair notice of the claims and the grounds upon which they rest, as required by *Federal Rule of Civil Procedure 8(a)*.
>
> * * *
>
> Plaintiff asserts that the counterclaims insufficiently identify which products are accused of infringement and fail to adequately plead induced infringement. Plaintiff also objects that the counterclaims do not specify when the alleged infringement occurred . . . .
>
> * * *

> The court agrees with plaintiff that the counterclaims do not satisfy
> Rule 8(a). With the exception of the description of [one particular]
> product, the pleadings are too vague to provide plaintiff with fair
> notice of which products are accused of infringing defendant's
> patents."
>
> * * *
>
> In addition, the pleadings fail to allege direct infringement by any
> party other than [Plaintiff] and, therefore, insufficiently plead
> induced infringement.
>
> * * *
>
> Based on the above, the court dismisses defendant's counterclaims
> with leave to amend.

*Ondeo*, 2002 U.S. Dist. LEXIS 26195, at *3-*4 (emphasis added) (citation omitted).

Matched against these standards, FlashPoint's Complaint does not measure up. FlashPoint fails to identify which of its seven patents it believes are infringed by Leica, which Leica products it believes infringe, or any act of direct infringement by a third party that would support its allegation of induced infringement. Certainly, differences exist among the various "products" produced by the 24 defendants FlashPoint sued here, but only FlashPoint knows which patents it is asserting against specific products of the individual defendants. Because FlashPoint has not fairly notified Leica of its alleged infringement, FlashPoint's Complaint as to Leica should suffer the same fate as the infringement counterclaims in *Ondeo*.

## C.  The Complaint's Allegations Fail to Meet Rule 12(b)(6) under *Twombly*

Accepting for a moment the truth of FlashPoint's allegations, the Complaint only mimics operative statutory words and phrases and provides no basis to conclude they are apt. First, as stated above, *FlashPoint does not identify which of its seven patents it believes is infringed by Leica's products, let alone which of the claims in the seven patents it believes is infringed.* Second, FlashPoint fails to plead which of Leica's many products – whether cameras or

7

otherwise – allegedly embody any of the patent claims. Third, even though FlashPoint alleges "[u]pon information and belief, each Defendant practices inventions covered by one or more of the patents-in-suit," it fails to identify even one instance of Leica practicing its inventions. And as to the infringement allegation directed at Leica specifically, FlashPoint once again fails to identify any accused product, opting instead to plead using mere "labels and conclusions" (and upon information and belief no less) that Leica has infringed by providing, selling, etc. "infringing products " without any facts as to what those "products" may be.

Besides these obvious failings, nothing in the Complaint supports the bare assertion that Leica, either contributed to the alleged infringement or actively induced others to infringe any of the patents-in-suit. Indeed, FlashPoint pleaded nothing but a legal conclusion on both points. The Complaint contains no facts as to what actions (if any) Leica took to induce others to infringe the patents-in-suit. Nor does it name those who Leica purportedly induced. In this regard, FlashPoint pleaded a formulaic legal conclusion as to Leica. What is more, it pleaded this legal conclusion upon information and belief.

Analyzing the infringement allegations against Rule 12(b)(6) and *Twombly*, the Court should find them lacking. Under *Twombly*, the allegations (even if taken as true) are insufficient to place Leica – the alleged infringer – on notice as to what exactly it is that it must defend. So far, FlashPoint has only provided labels and conclusions and regurgitated statutory elements; none of which, however, satisfy the pleading standard.

### III. In the Alternative, the Court Should Direct FlashPoint to Amend its Complaint to Provide a More Definite Statement

If the Court denies Leica's motion to dismiss, Leica respectfully requests that the Court direct FlashPoint to amend the Complaint to identify the following:

    (1)    the specific patents allegedly infringed by Leica, as opposed to any other defendant;

8

(2)     for each such patent alleged, the name and model number for each Leica product that FlashPoint contends infringes its patents-in-suit; and

(3)     specific factual allegations relating to Leica's alleged contributory infringement and inducement to infringe, including the specific identification of what "others" have been induced by Leica to infringe and/or to which Leica contributes to infringement.

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e) (2008); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (highlighting the particular usefulness of Rule 12(e) because "[it] is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief" and remanding the case to the district court with instructions to order plaintiffs to file a more definite statement because the complaint lacked sufficient facts for the defendants to frame a proper, fact-specific qualified immunity defense). The district court has discretion to grant such a motion. *Clark v. McDonald's Corp*, 213 F.R.D. 198, 232-233 (D.N.J. 2003) (citations omitted). And the standard "in this Circuit is to grant" a Rule 12(e) motion when "the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Id.* (citations omitted) (granting defendant's motion and directing plaintiff identify which of the corporate-run restaurants it visited, and when, and which it contended violated the ADA because otherwise McDonald's was left guessing and thus could not admit or deny in good faith plaintiff's allegations). Indeed, even if the complaint meets Rule 8(a)(2) and survives Rule 12(b)(6), it is not necessarily "insulate[d] . . . from a well-grounded motion for a more definite statement under Rule 12(e)." *Id.* at 233.

By the same token, courts will grant a Rule 12(e) motion in patent infringement cases when "a plaintiff has failed to identify any allegedly infringing product or products." *Static*

9

*Control Components, Inc. v. Future Graphics, LLC*, Case No. 07-CV-00007, 2008 U.S. Dist. LEXIS 3197, *2-*3 (M.D.N.C. Jan. 15, 2008) (collecting cases). Courts also grant such motions when the plaintiff fails to plead any "limiting parameters" that would reasonably allow the defendant to identify which of its products allegedly infringe the patent.[4]

Of the above-named cases, *Static Control Components, Inc. v. Future Graphics, LLC*, is particularly noteworthy. In this case, even though the plaintiff identified twelve allegedly infringing computer chips and provided a limiting parameter about them (*i.e.*, they were a universal chip), the court granted the Rule 12(e) motion. *See* 2008 U.S. Dist. LEXIS 3197 at *3, *6. The court held that because the plaintiff did not intend to limit its infringement claim to the twelve identified chips, the defendant could not reasonably frame a responsive pleading. *Id.* at *4. And, the court reasoned that before the defendant could do so, it had "no choice but to interpret each of the claims of the patents in suit, compare each of its chips that could be considered 'universal chips' to the claims in the patents in suit, and determine whether it believes the chips violate any of the claims in the patents in suit." *Id.* The court, therefore, concluded that absent a more definite statement about the accused chips, the defendant cannot "'reasonably be required to frame a responsive pleading.'" *Id.* at *5.

---

[4] *See Agilent Techs., Inc. v. Micromuse, Inc.*, Case No. 04 Civ-3090 (RWS), 2004 U.S. Dist. LEXIS 20723, 15-16 (S.D.N.Y. Oct. 19, 2004) (granting defendant's Rule 12(e) motion where the complaint only alleged that "defendant makes, sells, or offers products for sale . . . that infringe Agilent's patents"); *see also, Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, 1, 5 (E.D. Wis. Nov. 29, 2006) (granting the Rule 12(e) motion where the complaint alleged "[o]n information and belief, [defendant] sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations" and no other statement referred to the accused products and reasoning that such bare allegations left the defendant guessing and required it to compare all of its products [about 40] to all the claims of the patent [at least 20] which constituted "an unreasonable burden on the defendant").

Comparing FlashPoint's allegations against this legal backdrop, the Court should find the allegations woefully vague and incomplete. As a practical matter, without a more definite statement, Leica cannot reasonably frame a response to the complaint. FlashPoint has not identified the accused products. FlashPoint has not identified which of its seven patents Leica is alleged to have infringed. Rather, FlashPoint collectively references all of the defendants, and alleges in only the most vague and ambiguous terms that "each Defendant practices inventions covered by one or more of the patents-in-suit." Without more, Leica is left guessing as to which patents may apply to which of its products or technologies. While the vague pleading may have satisfied FlashPoint's need for a simple Complaint to be asserted against multiple defendants, that is not Leica's concern nor that of the Federal Rules. Without more, Leica faces a daunting, and excessively burdensome, task in order to respond to FlashPoint's complaint. For its part, assuming *arguendo* FlashPoint satisfied its duty to conduct an adequate pre-suit investigation, providing further guidance as to its allegations against Leica imposes no additional burden on FlashPoint.

Before it can frame a response, Leica will have no choice but to conduct an unduly burdensome and impractical investigation. Given the allegations, Leica has no choice but to analyze each of the 111 patent claims of the seven patents-in-suit against the entire universe of Leica's "products." Before bringing its claim of infringement, FlashPoint was obligated to conduct a sufficient pre-suit investigation in order to form a reasonable belief that an infringement had occurred. Thus, FlashPoint should know which of its patents, and which of its patent claims, it believes are infringed, as well as which Leica cameras or technology it believes infringe such claims. Directing FlashPoint to identify the allegedly infringed patents and the allegedly infringing Leica products will insure that it had a proper basis to file the suit and will

streamline discovery. As detailed above, therefore, the allegations are insufficient with regard to Leica and the Court should direct FlashPoint to provide a more definite statement.

## IV.   **Conclusion**

For the reasons discussed above, the Court should dismiss the complaint as to Leica Camera AG and Leica Camera, Inc., or alternatively, direct FlashPoint to provide a more definite statement pursuant to Rule 12(e).

*Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

OF COUNSEL:

J.D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC   20004-2595

*Attorneys for Defendants
Leica Camera AG and Leica Camera Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

David J. Margules
Evan O. Williford
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE   19801
dmargules@BMF-law.com
ewilliford@BMF-law.com

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899
sbalick@ashby-geddes.com

David Ellis Moore
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE   19899-0951
dmoore@potteranderson.com

Richard K. Herrmann
Morris James, LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
rherrmann@morrisjames.com

Richard D. Kirk
Bayard, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE   19899
bankserve@bayardlaw.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE   19899-0951
rhorwitz@potteranderson.com

Candace Toll Aaron
Saul Ewing LLP
222 Delaware Avenue #1200
P. O. Box 1266
Wilmington, DE   19899
caaron@saul.com

I hereby certify that on April 30, 2008, I sent by electronic mail the foregoing document

to the following:

David M. Hill
John W. Olivo
John F. Ward
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017
hilld@wardolivo.com
olivoj@wardolivo.com
wardj@wardolivo.com
zinnam@wardolivo.com

Ezra Sutton
Law Offices of Ezra Sutton
900 Route 9, Suite 201
Woodbridge, NJ 07095
esutton@ezrasutton.com

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
KLiebman@faegre.com
JSteffen@faegre.com
MStump@faegre.com

Sherry H. Flax
Saul Ewing LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
sflax@saul.com

Michael J. Dowd
Rajesh Ray Mandlekar
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
miked@csgrr.com
rmandlekar@csgrr.com

Frank Frisenda
Frisenda Quinton & Nicholson
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA 90025
frankfrisenda@aol.com

Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavsar
David G. Wille
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Steve.schortgen@bakerbotts.com
Jay.johnson@bakerbotts.com
Samir.bhavsar@bakerbotts.com
David.Wille@bakerbotts.com

Anne Shea Gaza (#4093)
gaza@rlf.com