IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00139(GMS) |
| | ) |
| AIPTEK, INC., et al., | ) Honorable Gregory M. Sleet |
| | ) |
| Defendants, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |

**AIPTEK DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FLASHPOINT'S COMPLAINT**

Defendant Aiptek, Inc. ("Aiptek") responds to the Complaint For Patent Infringement filed by plaintiff FlashPoint Technology, Inc. ("FlashPoint"), with the following Answer, Defenses, and Counterclaims:

**GENERAL DENIAL**

Unless specifically admitted below, Aiptek denies each and every allegation set forth in the Complaint.

**RESPONSE TO NATURE OF THE ACTION**

1. Aiptek admits the following allegations in paragraph 1 of the Complaint and denies the remaining allegations because Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint:

1

a. United States Patent No. 6,118,480 is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "'480 patent");

b. United States Patent No. 6,177,956 is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "'956 patent");

c. United States Patent No. 6,222,538 is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "'538 patent");

d. United States Patent No. 6,223,190 is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "'190 patent");

e. United States Patent No. 6,249,316 is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "'316 patent");

f. United States Patent No. 6,486,914 is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "'914 patent"); and

g. United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "'575 patent").

## RESPONSE TO PARTIES

2. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies those allegations.

3. Aiptek admits the allegation in paragraph 3 of the Complaint.

4-26. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 through 26, which pertain to other named defendants.

## RESPONSE TO JURISDICTION AND VENUE

27. Aiptek admits the allegations in paragraph 27 of the Complaint.

28.     Upon information and belief, Aiptek denies that is has committed acts of infringement and denies any such acts were committed within the State of Delaware, and the District of Delaware. However, Aiptek admits that it is subject to the personal jurisdiction of this Court. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint pertaining to other named defendants.

29.     Upon information and belief, Aiptek denies the allegations in paragraph 29. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint pertaining to other named defendants.

30.     Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Upon information and belief, Aiptek denies that is has committed acts of infringement and denies any such acts were committed in this District. However, Aiptek admits that it is subject to the personal jurisdiction in this District. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and on that basis denies those allegations. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint pertaining to other named defendants.

## RESPONSE TO COUNT I – PATENT INFRINGEMENT

32.     Aiptek admits that the '480 patent lists September 12, 2000 as an issue date, FlashPoint as an assignee, and Eric C. Anderson, Steve Saylor, and Amanda R. Mander as named inventors. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint, and on that basis denies those allegations.

33.     Aiptek admits that the '956 patent lists January 23, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson and Mike M. Masukawa as named inventors.

Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint, and on that basis denies those allegations.

34. Aiptek admits that the '538 patent lists April 24, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint, and on that basis denies those allegations.

35. Aiptek admits that the '190 patent lists April 24, 2001 as an issue date, FlashPoint as an assignee, and Tim Takao Aihara and Rodney Somerstein as named inventors. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and on that basis denies those allegations.

36. Aiptek admits that the '316 patent lists June 19, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint, and on that basis denies those allegations.

37. Aiptek admits that the '914 patent lists November 26, 2002 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and on that basis denies those allegations.

38. Aiptek admits that the '575 patent lists January 7, 2003 as an issue date, FlashPoint as an assignee, and Michael A. Ramirez and Eric C. Anderson as named inventors. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, and on that basis denies those allegations.

39. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and on that basis denies those allegations.

40. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and on that basis denies those allegations.

41. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and on that basis denies those allegations.

42. Upon information and belief, Aiptek denies that it practices purported inventions covered by one or more of the patents-in-suit. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint pertaining to other named defendants.

43. Upon information and belief, Aiptek denies the allegations in paragraph 43 of the Complaint.

44-66. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44 through 66 of the Complaint pertaining to other named defendants.

67. Aiptek denies the allegations in paragraph 67 of the Complaint. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint pertaining to other named defendants.

68. Aiptek denies the allegations in paragraph 68 of the Complaint. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint pertaining to other named defendants.

69. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70. Aiptek denies the allegations in paragraph 70 of the Complaint. Aiptek lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint pertaining to other named defendants.

## RESPONSE TO JURY DEMAND

Aiptek admits that FlashPoint has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

Aiptek denies that FlashPoint is entitled to any relief whatsoever against Aiptek in this action, either as requested in its Complaint or otherwise. Aiptek lacks knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against other named defendants in this action.

## AFFIRMATIVE DEFENSES

1. Aiptek does not infringe and has not infringed any claim of the '480, '956, '538, '190, '316, '914, and/or '575 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

2. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. FlashPoint is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Aiptek because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

4. The relief sought by FlashPoint is barred in whole or in part by the doctrine of laches.

5. FlashPoint's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

6. Aiptek reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS AND JURY DEMAND

Defendant Aiptek, Inc. ("Aiptek") brings this counterclaim against FlashPoint Technology, Inc. ("FlashPoint") for a declaration that Aiptek's products do not infringe seven patents purportedly owned by FlashPoint and that those seven patents are invalid.

## Parties

1. Defendant Aiptek, Inc. is a California company with its principal place of business at 51 Discovery, Suite 100, Irvine, California 92618.

2. Aiptek manufactures and sells digital cameras and camcorders.

3. Upon information and belief, FlashPoint is a Delaware company with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4. Upon information and belief, FlashPoint does not manufacture or sell any consumer products. Its sole business is to obtain and attempt to license or enforce intellectual property rights.

## Patents-in-Suit

5. FlashPoint has held itself out to be the owner of United States Patent No. 6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" ("the '480 patent"), United States Patent No. 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" ("the '956 patent"), United States Patent No. 6,222,538 entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" ("the '538 patent"), United States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" ("the '190 patent"), United States Patent No. 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" ("the

7

'316 patent"), United States Patent No. 6,486,914 entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" ("the '914 patent"), and United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" ("the '575 patent") (collectively referred to hereinafter as the "patents-in-suit").

## Jurisdiction and Venue

6. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over FlashPoint by virtue of FlashPoint's filing of the Complaint in this matter.

9. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

10. An actual and justiciable controversy exists between Aiptek and FlashPoint, concerning FlashPoint's claims of infringement of the patents-in-suit and concerning whether those patents are valid.

## COUNTERCLAIMS
**(Declaratory Judgment of non-infringement and invalidity of the patents-in-suit)**

11. Aiptek re-alleges and incorporates by reference its allegations in paragraphs 1 through 10 above as if fully set forth herein.

12. Aiptek has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the patents-in-suit, nor is Aiptek, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid and enforceable claim of the patents-in-suit.

13. Claims of the patents-in-suit are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. An actual and justiciable controversy exists between Aiptek and FlashPoint regarding the alleged infringement and validity of the patents-in-suit by virtue of the allegations made by FlashPoint that Aiptek and/or its customers are or have been infringing the patents-in-suit.

15. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Aiptek to an award of its attorneys' fees.

16. Aiptek expressly reserves the right to amend these Counterclaims to add declaratory judgment counts based on the future discovery in this lawsuit.

### **Prayer for relief**

WHEREFORE, Aiptek prays this Court for the following relief:

1. A declaration that Aiptek has not infringed, and is not infringing the patents-in-suit;

2. A declaration that each of the claims of the patents-in-suit is invalid;

3. An injunction prohibiting FlashPoint from alleging infringement of the patents-in-suit by Aiptek and its customers;

4. An award of damages that Aiptek has sustained;

5. A declaration that this case is exceptional under 35 U.S.C. § 285, and Aiptek should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

6. Such other further relief as the Court deems just and proper.

## Jury Demand

Defendants Aiptek, Inc. demands a jury trial on all issues so triable.

Dated: April 30, 2008                                      DUANE MORRIS LLP

/s/ Daniel V. Folt
Daniel V. Folt (Del. I.D. 3143)
Matt Neiderman (Del. I.D. 4018)
Aimee M. Czachorowski (Del I.D. 4670)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Tel:   (302) 657-4927
Fax:   (302) 657-4901

*Attorneys for Defendant AIPTEK, INC.*

Of Counsel:
HOGAN & HARTSON LLP
Richard de Bodo, Esq.
David H. Ben-Meir, Esq.
Huan-Yi Lin, Esq.
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Email: hlin@hhlaw.com
Tel:   (310) 785-4600
Fax:   (310) 785-4601

## CERTIFICATE OF SERVICE

I, Aimee M. Czachorowski, hereby certify that on April 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following local counsel for defendants:

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
Wilmington, Delaware 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington Delaware 19801

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, Delaware 19801

Candice Toll Aaron, Esquire
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, Delaware 19801

David J. Margules
Evan O. Williford
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801

I further certify that on April 30, 2008, I caused a copy of the foregoing document to be served on the following defendants by First Class Mail:

Argus Camera Company LLC
1610 Colonial Parkway
Inverness, IL 60067

DXG Technology (U.S.A.) Inc.
1001 Lawson Street
City of Industry, CA 91748

Tabata U.S.A. Inc.
d/b/a Sea & Sea
2380 Mira Mar Avenue
Long Beach, CA 90815

VistaQuest Corporation
6303 Owensmouth Avenue
10th Floor
Woodland Hills, CA 91367

DM1\1330266.1

City of Industry, CA 91748
Minox USA, Inc.
438 Willow Brook Road
Plainfield, NH 03781

Mustek, Inc. USA
15271 Barranca Parkway
Irvine, CA 92618

Oregon Scientific, Inc.
19861 Southwest 95th Avenue
Tualatin, OR 97062

VuPoint Solutions Inc.
17583 Railroad Street
City of Industry, CA 91748

Walgreen Co.
200 Wilmot Road
Deerfield, IL 60015

Polaroid Corporation
1265 Main Street
Waltham, MA 10022


/s/ Aimee M. Czachorowski
Aimee M. Czachorowski (Del I.D. 4670)

2

DM1\1330266.1