**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-139 GMS |
| | ) |
| AIPTEK, INC. et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT
TABATA U.S.A., INC.**

Pursuant to Fed. R. Civ. P. 8, Defendant Tabata U.S.A., Inc. ("Tabata"), sued erroneously herein as "Tabata U.S.A. Inc. d/b/a Sea & Sea",  hereby answers Plaintiff FlashPoint Technology, Inc. ("FlashPoint")'s Original Complaint for Patent Infringement ("Complaint") as follows:

**NATURE OF THE ACTION**

1.      Tabata admits that the Complaint purports to state a claim for patent infringement. Tabata admits that U.S. Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes." Tabata admits that a copy of the '480 patent was attached as Exhibit 1 to the Complaint.  Tabata admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device."  Tabata admits that a copy of the '956 patent was attached as Exhibit 2 to the Complaint.  Tabata admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts."  Tabata admits that a copy of the '538 patent was attached as Exhibit 3 to the Complaint.  Tabata admits that U.S. Patent No. 6,223,190 ("the '190

patent") is entitled "Method and System for Producing and Internet Page Description File on a Digital Imaging Device." Tabata admits that a copy of the '190 patent was attached as Exhibit 4 to the Complaint. Tabata admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera." Tabata admits that a copy of the '316 patent was attached as Exhibit 5 to the Complaint. Tabata admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." Tabata denies that a copy of the '914 patent was attached as Exhibit 6 to the Complaint. Tabata admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device." Tabata admits that a copy of the '575 patent was attached as Exhibit 7 to the Complaint. Though still investigating this matter, upon information and belief, Tabata denies that it infringes the '480, '956, '538, '190, '316, '914, and '575 patents. Tabata admits that FlashPoint seeks injunctive relief and monetary damages. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and, therefore, denies same.

**PARTIES**

2.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and, therefore, denies same.

3.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and, therefore, denies same.

4.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and, therefore, denies same.

5.     Tabata is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 5 of the Complaint, and, therefore, denies same.

6.      Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and, therefore, denies same.

7.      Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and, therefore, denies same.

8.      Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and, therefore, denies same.

9.      Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and, therefore, denies same.

10.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and, therefore, denies same.

11.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and, therefore, denies same.

12.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and, therefore, denies same.

13.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and, therefore, denies same.

14.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and, therefore, denies same.

15.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and, therefore, denies same.

16.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and, therefore, denies same.

17.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and, therefore, denies same.

18.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and, therefore, denies same.

19.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and, therefore, denies same.

20.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and, therefore, denies same.

21.    Tabata admits so much of the allegations of Paragraph 21 of the Complaint as allege that it is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 2380 Mira Mar Avenue, Long Beach California, 90815, but denies that Tabata is "doing business as" Sea & Sea".

22.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and, therefore, denies same.

23.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and, therefore, denies same.

24.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and, therefore, denies same.

25.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and, therefore, denies same.

26.    Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and, therefore, denies same.

## JURISDICTION AND VENUE

27.     Tabata admits that the Plaintiff has alleged a cause of action under the Patent Laws of the United States.  Tabata admits that this Court has subject matter jurisdiction in this case.

28.     Tabata admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware, and that it is subject to the personal jurisdiction of this Court.  Though still investigating this matter, upon information and belief, Tabata denies that it has committed acts of infringement within the State of Delaware or District of Delaware. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.

29.     Tabata is still investigating this matter and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and, therefore, denies same.

30.     Tabata is still investigating this matter and is without knowledge or information sufficient to form a belief at this time as to whether or not venue is proper in this District, and, therefore, denies same.

31.     Tabata is still investigating this matter and is without knowledge or information sufficient to form a belief at this time as to whether or not venue is proper in this District as to Tabata, and, therefore, denies same.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.  Tabata admits that it sells products that are likely available for purchase in the State of Delaware and District of Delaware,

and that it is subject to the personal jurisdiction of this Court. Tabata denies the remaining allegations of Paragraph 31.

## COUNT I

32. Tabata admits that the '480 patent lists September 12, 2000 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson, Steve Saylor and Amanda R. Mander as inventors. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and, therefore, denies same.

33. Tabata admits that the '956 patent lists January 23, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson and Mike M. Masukawa as inventors. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and, therefore, denies same.

34. Tabata admits that the '538 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and, therefore, denies same.

35. Tabata admits that the '190 patent lists April 24, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Tim Takao Aihara and Rodney Somerstein as inventors. Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and, therefore, denies same.

36. Tabata admits that the '316 patent lists June 19, 2001 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor. Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Flashpoint is the legal owner of the '316 patent and possesses all rights to recovery under

the '316 patent," and, therefore, denies same.  Tabata denies the remaining allegations of Paragraph 36.

37.     Tabata admits that the '914 patent lists November 26, 2002 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Eric C. Anderson as the inventor.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and, therefore, denies same.

38.     Tabata admits that the '575 patent lists January 7, 2003 as the issue date, lists FlashPoint Technology, Inc. as the assignee, and lists Michael A. Ramirez and Eric C. Anderson as inventors.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and, therefore, denies same.

39.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and, therefore, denies same.

40.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and, therefore, denies same,

41.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and, therefore, denies same.

42.     Tabata denies that it practices inventions covered by one or more of the patents-in-suit.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.

43.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and, therefore, denies same.

44.     Tabata is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 44 of the Complaint, and, therefore, denies same.

45.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and, therefore, denies same.

46.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and, therefore, denies same.

47.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and, therefore, denies same.

48.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and, therefore, denies same.

49.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and, therefore, denies same.

50.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and, therefore, denies same.

51.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and, therefore, denies same.

52.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and, therefore, denies same.

53.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and, therefore, denies same.

54.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint, and, therefore, denies same.

55.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, and, therefore, denies same.

56.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and, therefore, denies same.

57.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and, therefore, denies same.

58.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, and, therefore, denies same.

59.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, and, therefore, denies same.

60.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and, therefore, denies same.

61.     Tabata denies the allegations of Paragraph 61 of the Complaint.

62.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and, therefore, denies same.

63.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and, therefore, denies same.

64.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and, therefore, denies same.

65.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and, therefore, denies same.

66.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and, therefore, denies same.

67.     To the extent that the allegations in Paragraph 67 of the Complaint pertain to Tabata, Tabata denies all the allegations in Paragraph 67.   Tabata is without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.

68.     To the extent that the allegations in Paragraph 68 of the Complaint pertain to Tabata, Tabata denies all the allegations in Paragraph 68.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.

69.     Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, and, therefore, denies same.

70.     To the extent that the allegations in Paragraph 70 of the Complaint pertain to Tabata, Tabata denies all the allegations in Paragraph 70.  Tabata is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint pertaining to named defendants other than Tabata, and, therefore, denies same.

## JURY DEMAND

71.     Tabata admits that FlashPoint demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Tabata denies that FlashPoint is entitled to any relief against Tabata that it has requested in its prayer for relief.   Tabata is without knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against named defendants other than Tabata that it has requested in its prayer for relief, and, therefore, denies same.

## AFFIRMATIVE DEFENSES

Tabata sets forth the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE
### (No Infringement of '480 Patent)

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '480 patent.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement of '956 Patent)

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '956 patent.

### THIRD AFFIRMATIVE DEFENSE
### (No Infringement of '538 Patent)

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '538 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (No Infringement of '190 Patent)

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '190 patent.

### FIFTH AFFIRMATIVE DEFENSE
### (No Infringement of '316 Patent)

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to

infringe, or contributed to the infringement of any valid claim of the '316 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Infringement of '914 Patent)**

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '914 patent.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Infringement of '575 Patent)**

Upon a reasonable opportunity for further investigation or discovery, Tabata believes that it will likely have evidentiary support that it does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '575 patent.

**COUNTERCLAIMS**

For its counterclaims against FlashPoint Technology Inc., Tabata U.S.A., Inc. alleges as follows:

**THE PARTIES**

1.     Tabata U.S.A., Inc. ("Tabata") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 2380 Mira Mar Avenue, Long Beach, California 90815.

2.     Upon information and belief, FlashPoint Technology, Inc. ("FlashPoint") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

**JURISDICTION AND VENUE**

3.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual

justiciable controversy between Tabata and FlashPoint regarding the infringement of the '480, '956, '538, '190, '316, '914, and '575 patents to which FlashPoint has asserted ownership.  This Court has subject matter jurisdiction of Tabata's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

    4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) and because Flashpoint sued Tabata in this judicial district.

**FIRST COUNTERCLAIM**
**(Non-Infringement of the '480 Patent)**

    5.      Tabata realleges and incorporates the allegations set forth in Paragraphs 1-4 of its Counterclaims.

    6.      Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '480 patent, either willfully or otherwise..

    7.      Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '480 patent.

**SECOND COUNTERCLAIM**
**(Non-Infringement of the '956 Patent)**

    8.      Tabata realleges and incorporates the allegations set forth in Paragraphs 1-7 of its Counterclaims.

    9.      Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '956 patent, either willfully or otherwise.

    10.      Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '956 patent.

### THIRD COUNTERCLAIM
### (Non-Infringement of the '538 Patent)

11.    Tabata realleges and incorporates the allegations set forth in Paragraphs 1-10 of its Counterclaims.

12.    Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '538 patent, either willfully or otherwise.

13.    Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '538 patent.

### FOURTH COUNTERCLAIM
### (Non-Infringement of the '190 Patent)

14.    Tabata realleges and incorporates the allegations set forth in Paragraphs 1-13 of its Counterclaims.

15.    Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '190 patent, either willfully or otherwise.

16.    Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '190 patent.

### FIFTH COUNTERCLAIM
### (Non-Infringement of the '316 Patent)

17.    Tabata realleges and incorporates the allegations set forth in Paragraphs 1-16 of its Counterclaims.

18.    Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '316 patent, either willfully or otherwise.

19.     Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '316 patent.

### SIXTH COUNTERCLAIM
### (Non-Infringement of the '914 Patent)

20.     Tabata realleges and incorporates the allegations set forth in Paragraphs 1-19 of its Counterclaims.

21.     Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '914 patent, either willfully or otherwise.

22.     Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '914 patent.

### SEVENTH COUNTERCLAIM
### (Non-Infringement of the '575 Patent)

23.     Tabata realleges and incorporates the allegations set forth in Paragraphs 1-22 of its Counterclaims.

24.     Although Tabata is still investigating this matter, Tabata alleges that it has not, nor does it, infringe, contribute to the infringement of, or actively induce others to infringe, any asserted claim of the '575 patent, either willfully or otherwise.

25.     Tabata seeks a declaration from this Court that Tabata does not infringe any valid, asserted claim of the '575 patent.

## DEMAND FOR JURY TRIAL

26.     Pursuant to Fed. R. Civ. P. 38(b), Tabata hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tabata prays for the following relief:

A.     For an Order declaring that FlashPoint take nothing by way of its Complaint;

B.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '480 patent;

C.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '956 patent;

D.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '538 patent;

E.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '190 patent;

F.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '316 patent;

G.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '914 patent;

H.     For an Order declaring Tabata has not infringed and is not infringing any valid, asserted claims of the '575 patent;

I.     For an Order dismissing with prejudice FlashPoint's Complaint for patent infringement;

J.     For an Order declaring this case exceptional pursuant to 35 U.S.C. § 285, and

awarding costs and attorneys' fees to Tabata; and

      K.     That Tabata be awarded such other and further relief as the Court may deem just

and proper.


Dated:  April 30, 2008                          <u>    */s/ Richard K. Herrmann*    </u>
                                          Richard K. Herrmann (I.D. #405)
                                          Mary B. Matterer (I.D. #2696)
                                          Amy Arnott Quinlan (I.D. #3021)
                                          MORRIS JAMES LLP
                                          500 Delaware Avenue, Suite 1500
                                          Wilmington, DE 19801-1494
                                          (302) 888-6800
                                          rherrmann@morrisjames.com

                                          Matthew E. Digby
                                          BINGHAM MCCUTCHEN LLP
                                          Suite 4400
                                          355 South Grand Ave
                                          Los Angeles, CA 90071
                                          (213) 680-6400

                                          Michael D. Bednarek
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                          875 15th Street, N.W.
                                          Washington, D.C.  20005
                                          (202) 551-1700

                                          *Attorneys for Defendant*
                                          *TABATA U.S.A., INC.*