**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08-cv-00139-GMS |
| | ) | |
| AIPTEK, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**BUSHNELL INC.'S
<u>ANSWER TO COMPLAINT AND COUNTERCLAIM</u>**

Defendant Bushnell Inc. ("Bushnell"), for its Answer to the Original Complaint ("Complaint"), hereby states as follows, with each numbered answer corresponding to the numbered paragraph of the Complaint:

**<u>NATURE OF THE ACTION</u>**

1.    Bushnell admits the face of U.S. Patent No. 6,118,480 (the " '480 Patent") indicates the '480 Patent is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" and that a copy of the '480 Patent is attached to the Complaint as Exhibit 1. Bushnell admits the face of U.S. Patent No. 6,177,956 (the " '956 Patent") indicates the '956 Patent is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Devise" and that a copy of the '956 Patent is attached to the Complaint as Exhibit 2. Bushnell admits the face of U.S. Patent No. 6,222,538 (the " '538 Patent") indicates the '538 Patent is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" and that a copy of the '538 Patent is attached to the Complaint as Exhibit 3. Bushnell admits the face of U.S. Patent No. 6,223,190 (the " '190 Patent") indicates the '190 Patent is entitled "Method and System for Producing an Internet Page

Description File on a Digital Imaging Device" and that a copy of the '190 Patent is attached to the Complaint as Exhibit 4. Bushnell admits the face of U.S. Patent No. 6,249,316 (the " '316 Patent") indicates the '316 Patent is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" and that a copy of the '316 Patent is attached to the Complaint as Exhibit 5. Bushnell admits the face of U.S. Patent No. 6,486,914 (the " '914 Patent") indicates the '914 Patent is entitled "Method and System for Controlling User Interaction in a Digital imaging Device Using Dynamic Overlay Bars" and that a copy of the '914 Patent is attached to the Complaint as Exhibit 6. Bushnell admits the face of U.S. Patent No. 6,504,575 (the " '575 Patent") indicates the '575 Patent is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" and that a copy of the '575 Patent is attached to the Complaint as Exhibit 7. The '480, '956, '538, '190, '316, '914, and '575 patents are collectively referred to hereinafter as the "patents-in-suit." Bushnell denies it has infringed any valid claim of the asserted patents-in-suit. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

## PARTIES

2.     Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

3.     Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

4.     Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

5.     Admitted.

6. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

7. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

9. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

10. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

11. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

12. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

13. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

14. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

15. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

16. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

17. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

18. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

19. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

20. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

21. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

22. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

23. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

24. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

25. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

26. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## JURISDICTION AND VENUE

27. Bushnell admits this paragraph identifies the title and sections of the United States Code under which Plaintiff's claims are based and that this Court has subject matter jurisdiction.

To the extent any further response is required, Bushnell denies that it has infringed any valid claims of the asserted patents-in-suit.

28.     Bushnell admits that it has transacted business within the State of Delaware, and within the District of Delaware such that this Court has personal jurisdiction over Bushnell. To the extent any further response is required, Bushnell denies that it has infringed any valid claims of the asserted patents. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

29.     Bushnell admits the allegations of this paragraph as it relates to Bushnell. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

30.     Admitted.

31.     Bushnell admits that it resides in the District of Delaware for the purposes of venue in that Bushnell is subject to personal jurisdiction in this District and that Bushnell provides services in this District and conducts other business in this District. Bushnell denies that it has committed acts of infringement in this District or encourages others to practice infringing methods in this District. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

## COUNT I – PATENT INFRINGEMENT

32.     Bushnell admits the face of the '480 Patent indicates it was issued on September 12, 2000. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

33. Bushnell admits the face of the '956 Patent indicates it was issued on January 23, 2001. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

34. Bushnell admits the face of the '538 Patent indicates it was issued on April 24, 2001. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

35. Bushnell admits the face of the '190 Patent indicates it was issued on April 24, 2001. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

36. Bushnell admits the face of the '316 Patent indicates it was issued on June 19, 2001. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

37. Bushnell admits the face of the '914 Patent indicates it was issued on November 26, 2002. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

38. Bushnell admits the face of the '575 Patent indicates it was issued on January 7, 2003. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

39. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

40. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

41.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

42.   Bushnell denies the allegations of this paragraph as it relates to Bushnell. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

43.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

44.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

45.   Denied.

46.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

47.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

48.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

49.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

50.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

51.   Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

52. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

53. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

54. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

55. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

56. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

57. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

58. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

59. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

60. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

61. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

62. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

63. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

64. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

65. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

66. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

67. Although Bushnell admits it does not have an express license and/or express authority from Plaintiff, Bushnell denies any such license and/or authority is required. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

68. Bushnell denies the allegations of this paragraph as it relates to Bushnell. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

69. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

70. Bushnell denies the allegations of this paragraph as it relates to Bushnell. Bushnell lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

**JURY DEMAND**

71. Paragraph 71 does not contain any allegation to which an admission or denial is appropriate. To the extent any further response is required, Bushnell lacks sufficient knowledge

or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for which relief may be granted.

2. Upon information and belief, one or more of the asserted claims of the patents-in-suit is invalid and void under 35 U.S.C. §§ 103 and/or 112.

3. Bushnell has not infringed any valid claims of the patents-in-suit.

WHEREFORE, Bushnell prays that Plaintiff take nothing by way of its Complaint and that its claims against Bushnell be dismissed with prejudice and that Bushnell be awarded its costs, expenses and attorneys' fees in defending the matter and such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

COMES NOW Bushnell Inc. ("Bushnell"), and for its Counterclaim against Plaintiff, alleges as follows:

### Parties

1. Bushnell Inc. is a Delaware corporation with its principal place of business at 9200 Cody, Overland Park, Kansas 66214.

2. Upon information and belief, FlashPoint Technology, Inc.("FlashPoint") is a Delaware corporation having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## Jurisdiction and Venue

3. This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 seeking adjudication that U.S. Patent No. 6,118,480 (the " '480 Patent"), U.S. Patent No. 6,177,956 (the " '956 Patent"), U.S. Patent No. 6,222,538 (the " '538 Patent"), U.S. Patent No. 6,223,190 (the " '190 Patent"), U.S. Patent No. 6,249,316 (the " '316 Patent"), U.S. Patent No. 6,486,914 (the " '914 Patent"), and U.S. Patent No. 6,504,575 (the " '575 Patent") (collectively the "patents-in-suit") are not infringed and are invalid and void.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the Untied States and an actual controversy exists between the parties.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

## Count 1

6. Bushnell incorporates by reference and realleges paragraphs 1 through 5 of its Counterclaim as if fully set forth herein.

7. FlashPoint has alleged that it is the owner of the patents-in-suit.

8. Flashpoint has charged Bushnell with infringement of the patents-in-suit and Bushnell has denied that allegation.

9. There is a substantial, justiciable, and continuing controversy between Bushnell and FlashPoint as to FlashPoint's suit for infringement of the patents-in-suit, the validity and scope

of the patents-in-suit, and whether Bushnell has infringed or is infringing any valid claim of the patents-in-suit.

10.     Upon information and belief, one or more of the claims of the patents-in-suit are invalid and void under 35 U.S.C. §§ 103 and/or 112.

11.     Bushnell has not infringed any valid claim of the patents-in-suit.

12.     Bushnell will be damaged in its business by the charges of infringement by FlashPoint in its Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

13.     As a result, Bushnell seeks a declaration that the patents-in-suit are invalid, void, and not infringed by Bushnell.

WHEREFORE, Bushnell prays for the following relief:

1.      That the patents-in-suit be declared invalid and void;

2.      That the patents-in-suit be declared not infringed by Bushnell;

3.      That judgment on Plaintiff's Complaint be rendered for Bushnell, with costs of litigation to Bushnell;

4.      That the Court find this case to be exceptional and award Bushnell its reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285; and

5.      That the Court grant to Bushnell such other, further, and different relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 30, 2008 |   */s/ Richard K. Herrmann*<br>Richard K. Herrmann #405<br>Mary B. Matterer #2696<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, Delaware 19801-1494<br>Telephone: 302-888-6800<br>Facsimile: 302-571-1750<br>rherrmann@morrisjames.com<br><br>Of Counsel:<br><br>Scott R. Brown<br>Jennifer C. Bailey<br>HOVEY WILLIAMS LLP<br>10801 Mastin Blvd, Suite 1000<br>Overland Park, Kansas 66210<br>Telephone: 913-647-9050<br>Facsimile: 913-647-9057<br>srb@hoveywilliams.com<br>jcb@hoveywilliams.com<br><br>*ATTORNEYS FOR BUSHNELL INC.* |