IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, ) | |
| BUSHNELL INC., DXG TECHNOLOGY ) | |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., ) | C.A. No. 08-139-GMS |
| GENERAL ELECTRIC CO., ) | |
| INTERNATIONAL NORCENT TECH., ) | |
| LEICA CAMERA AG, LEICA CAMERA ) | **JURY TRIAL DEMANDED** |
| INC., MINOX GMBH, MINOX USA, INC., ) | |
| MUSTEK, INC. USA, MUSTEK, INC., ) | |
| OREGON SCIENTIFIC, INC., POLAROID ) | |
| CORP., RITZ INTERACTIVE, INC., RITZ ) | |
| CAMERA CENTERS, INC., SAKAR ) | |
| INTERNATIONAL, INC., D/B/A DIGITAL ) | |
| CONCEPTS, TABATA U.S.A., INC., D/B/A ) | |
| SEA & SEA, TARGET CORP., VISTAQUEST ) | |
| CORP., VUPOINT SOLUTIONS, INC., ) | |
| WALGREEN CO., and WAL-MART STORES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND COUNTERCLAIMS OF
## DEFENDANT POLAROID CORPORATION

Defendant Polaroid Corporation ("Polaroid") answers the Complaint of FlashPoint Technology, Inc. ("FlashPoint") as follows:

### NATURE OF THE ACTION

1.  Polaroid denies the allegations of paragraph 1, except Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegation that FlashPoint is the legal owner of the patents-in-suit and therefore denies the same, and

admits that FlashPoint's Complaint purports to allege a claim for patent infringement and seeks injunctive relief and monetary damages, and further admits that copies of United States Patent Nos. 6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "'480 patent"), 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "'956 patent"), 6,222,538 entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "'538 patent"), 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "'190 patent"), 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "'316 patent"), 6,486,914 entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "'914 patent"), and 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "'575 patent") are attached as Exhibits 1 through 7 to the Complaint, respectively.

## PARTIES

2.  Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25 and 26 and therefore denies the same.

3.  Polaroid denies the allegations of paragraph 17, except Polaroid admits that it is a corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

4. In response to paragraph 27, Polaroid admits FlashPoint's Complaint purports to allege a claim for patent infringement under the laws of 35 U.S.C. §1, *et seq.*, and denies that Polaroid committed any acts of infringement or contributory infringement. The remaining allegations of paragraph 27 state conclusions of law to which no response is required.

5. Polaroid denies the allegations of paragraph 28, except Polaroid admits that it is subject to personal jurisdiction in this Court. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 to the extent they relate to the other named defendants and therefore denies the same.

6. Polaroid is still investigating this matter and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the same.

7. Venue is dependant upon facts related to the other named defendants and, until those facts are revealed through discovery, Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

8. Polaroid denies the allegations of paragraph 31, except Polaroid admits that it resides in this District for the purposes of venue and is subject to personal jurisdiction in this District. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 to the extent they relate to the other named defendants and therefore denies the same.

## COUNT I – PATENT INFRINGEMENT

9. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the same, except Polaroid admits that, on its face, the '480 patent indicates an issue date of September 12, 2000 and lists FlashPoint as assignee and Eric C. Anderson, Steve Saylor and Amanda R. Mander as inventors.

10. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the same, except Polaroid admits that, on its face, the '956 patent indicates an issue date of January 23, 2001 and lists FlashPoint as assignee and Eric C. Anderson and Mike M. Masukawa as inventors.

11. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies the same, except Polaroid admits that, on its face, the '538 patent indicates an issue date of April 24, 2001 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

12. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the same, except Polaroid admits that, on its face, the '190 patent indicates an issue date of April 24, 2001 and lists FlashPoint as assignee and Tim Takao Aihara and Rodney Somerstein as inventors.

13. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same, except Polaroid admits that, on its face, the '316 patent indicates an issue date of June 19, 2001 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

14. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the same, except Polaroid admits that, on its face, the '914 patent indicates an issue date of November 26, 2002 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

15. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the same, except Polaroid admits that, on its face, the '575 patent indicates an issue date of January 7, 2003 and lists FlashPoint as assignee and Michael A. Ramirez and Eric C. Anderson as inventors.

16. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 39, 40 and 41 and therefore denies the same.

17. Polaroid denies the allegations of paragraph 42, except Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 with respect to the other named defendants and therefore denies the same.

18. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 and therefore denies the same.

19. Polaroid denies the allegations of paragraph 57.

20. Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 and therefore denies the same.

21. Polaroid denies the allegations of paragraph 67, 68, 69 and 70, except Polaroid lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraphs 67, 68, 69 and 70 with respect to the other named defendants and therefore denies the same.

## JURY DEMAND

22.   Paragraph 71 sets forth a request to which no response is required.

23.   Polaroid denies all other allegations in the Complaint not otherwise responded to above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

24.   Plaintiff is not entitled to any relief against Polaroid because Polaroid has not infringed the patents-in-suit, has not actively induced infringement of the patents-in-suit, and has not contributed to infringement of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

25.   Upon information and belief, the proof at trial will show that the claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

### (Non-Willfulness)

26.   Polaroid has not willfully infringed and is not willfully infringing the patents-in-suit.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel)

27. The relief sought by plaintiff is barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

28. Upon information and belief, the proof at trial will show that the damages sought by FlashPoint are barred in whole or in part because of FlashPoint's or its licensees' failure to comply with 35 U.S.C. § 287.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Polaroid, for its counterclaims against FlashPoint, alleges as follows:

1. These are counterclaims for declarations of non-infringement, invalidity and unenforceability of one or more claims of U.S. Patent Nos. 6,118,480, 6,177,956, 6,222,538, 6,223,190, 6,249,316, 6,486,914 and 6,504,575 (collectively, the "patents-in-suit").

2. The plaintiff-in-counterclaim Polaroid Corporation is a Delaware corporation having its principal place of business at 300 Baker Avenue, Concord, Massachusetts 01742.

3. The defendant-in-counterclaim FlashPoint Technology, Inc. ("FlashPoint") alleges in its Complaint that it is a Delaware corporation having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5. FlashPoint has sued Polaroid claiming that FlashPoint is the owner of the patents-in-suit and accusing Polaroid of infringing the patents-in-suit.

6. An actual case and controversy exists between the parties concerning the infringement, validity and enforceability of one or more of the claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I

### (Non-Infringement, Invalidity and Unenforceability of the '480 Patent)

7. Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

8. Upon information and belief, one or more of the claims of the '480 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

9. Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '480 patent, and that the '480 patent is invalid and unenforceable.

## COUNT II

### (Non-Infringement, Invalidity and Unenforceability of the '956 Patent)

10. Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

11. Upon information and belief, one or more of the claims of the '956 patent are invalid and unenforceable for failing to meet one or more requisite conditions for

patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

12.  Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '956 patent, and that the '956 patent is invalid and unenforceable.

### COUNT III

**(Non-Infringement, Invalidity and Unenforceability of '538 Patent)**

13.  Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

14.  Upon information and belief, one or more of the claims of the '538 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

15.  Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '538 patent, and that the '538 patent is invalid and unenforceable.

### COUNT IV

**(Non-Infringement, Invalidity and Unenforceability of '190 Patent)**

16.  Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

17.  Upon information and belief, one or more of the claims of the '190 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

18.   Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '190 patent, and that the '190 patent is invalid and unenforceable.

## COUNT V

### (Non-Infringement, Invalidity and Unenforceability of '316 Patent)

19.   Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

20.   Upon information and belief, one or more of the claims of the '316 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

21.   Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '316 patent, and that the '316 patent is invalid and unenforceable.

## COUNT VI

### (Non-Infringement, Invalidity and Unenforceability of '914 Patent)

22.   Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

23.   Upon information and belief, one or more of the claims of the '914 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

24.   Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '914 patent, and that the '914 patent is invalid and unenforceable.

## COUNT VII

**(Non-Infringement, Invalidity and Unenforceability of '575 Patent)**

25.  Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

26.  Upon information and belief, one or more of the claims of the '575 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

27.  Polaroid is entitled to a declaratory judgment that it has not infringed and is not infringing the '575 patent, and that the '575 patent is invalid and unenforceable.

WHEREFORE, Polaroid requests that the Court enter a judgment in its favor and against FlashPoint as follows:

(a)  Dismissing the Complaint in its entirety, with prejudice;

(b)  Declaring that Polaroid has not infringed, and is not infringing, the '480 patent

(c)  Declaring that one or more of the claims of the '480 patent are invalid, void and/or unenforceable;

(d)  Declaring that Polaroid has not infringed, and is not infringing, the '956 patent;

(e)  Declaring that one or more of the claims of the '956 patent are invalid, void and/or unenforceable;

(f)  Declaring that Polaroid had not infringed and is not infringing the '190 patent;

(g)  Declaring that one or more of the claims of the '190 patent are invalid, void and/or unenforceable;

(h)  Declaring that Polaroid has not infringed and is not infringing the '316 patent;

(i)  Declaring that one or more of the claims of the '316 patent are invalid, void and/or unenforceable;

(j)  Declaring that Polaroid has not infringed, and is not infringing, the '914 patent;

(k)  Declaring that one or more of the claims of the '914 patent are invalid, void and/or unenforceable;

(l)  Declaring that Polaroid has not infringed, and is not infringing, the '575 patent;

(m)  Declaring that one or more of the claims of the '575 patent are invalid, void and/or unenforceable;

(n)  Awarding Polaroid its costs and reasonable attorneys' fees incurred in defending this action, pursuant to 35 U.S.C. § 285; and

(o)  Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Polaroid demands a trial by jury on all issues so triable.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (Bar No. 2237)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
cseitz@cblh.com
kbrady@cblh.com

*Attorneys for Defendant*
*Polaroid Corporation*

OF COUNSEL:

Eric J. Ward
Heidi S. Martinez
WARD NORRIS HELLER
 & REIDY LLP
300 State Street
Rochester, NY 14614
(585) 454-0700

Dated: May 2, 2008

13

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 2, 2008, a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

                                              */s/ Collins J. Seitz, Jr.*
                                              Collins J. Seitz, Jr. (#2237)
                                              cseitz@cblh.com