## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 08-139-GMS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AIPTEK, INC., ARGUS CAMERA CO. LLC, ) | |
| BUSHNELL INC., DXG TECHNOLOGY ) | |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., ) | |
| GENERAL ELECTRIC CO., INTERNATIONAL ) | |
| NORCENT TECH., LEICA CAMERA AG, ) | |
| LEICA CAMERA INC., MINOX GMBH, ) | |
| MINOX USA, INC., MUSTEK, INC. USA, ) | |
| MUSTEK, INC., OREGON SCIENTIFIC, INC., ) | |
| POLAROID CORP., RITZ INTERACTIVE, INC., ) | |
| RITZ CAMERA CENTERS, INC., SAKAR ) | |
| INTERNATIONAL, INC., D/B/A DIGITAL ) | |
| CONCEPTS, TABATA U.S.A., INC., D/B/A SEA ) | |
| & SEA, TARGET CORP., VISTAQUEST CORP., ) | |
| VUPOINT SOLUTIONS, INC., WALGREEN ) | |
| CO., and WAL-MART STORES, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT TARGET CORPORATION'S ANSWER AND
## COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Target Corporation ("Target") files this Answer and Counterclaim to Plaintiff's Original Complaint ("the Complaint") filed by Flashpoint Technology, Inc. ("Flashpoint"). In addition to the Answer and Counterclaim, Target asserts defenses, denying infringement of any valid and enforceable claim of U.S. Patent No. 6,118,480 ("the '480 Patent"), U.S. Patent No. 6,177,956 ("the '956 Patent"), U.S. Patent No. 6,222,538 ("the '538 Patent"), U.S. Patent No. 6,223,190 ("the '190 Patent"), U.S. Patent No. 6,249,316 ("the '316 Patent"), U.S. Patent No. 6,486,914 ("the '914 Patent") and U.S. Patent No. 6,504,575 ("the '575 Patent").

## NATURE OF THE ACTION

1.     Target admits that the Complaint purports to state a claim for patent infringement. Target admits that the '480 Patent is entitled, "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes." Target admits that a copy of the '480 Patent was attached as Exhibit 1 to the Complaint. Target admits that the '956 Patent is entitled, "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device." Target admits that a copy of the '956 Patent was attached as Exhibit 2 to the Complaint. Target admits that the '538 Patent is entitled, "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts." Target admits that a copy of the '538 Patent was attached as Exhibit 3 to the Complaint. Target admits that the '190 Patent is entitled, "Method and System for Producing an Internet Page Description File on a Digital Imaging Device." Target admits that a copy of the '190 Patent was attached as Exhibit 4 to the Complaint. Target admits that the '316 Patent is entitled, "Method and System for Creating a Temporary Group of Images on a Digital Camera." Target admits that a copy of the '316 Patent was attached as Exhibit 5 to the Complaint. Target admits that the '914 Patent is entitled, "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." Target admits that a copy of the '914 Patent was attached as Exhibit 6 to the Complaint. Target admits that the '575 Patent is entitled, "Method and System for Displaying Overlay Bars in a Digital Imaging Device." Target admits that a copy of the '575 Patent was attached as Exhibit 7 to the Complaint. Though still investigating this matter, upon information and belief, Target denies that it infringes the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, or the '575 Patent. Target admits that Flashpoint seeks injunctive relief and monetary damages. Target admits that Flashpoint seeks injunctive relief and monetary damages. Target lacks sufficient information to form a belief as to the truth or

falsity of the remaining allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

## PARTIES

2.    Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

3.    The allegations of Paragraph 3 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.

4.    The allegations of Paragraph 4 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

5.    The allegations of Paragraph 5 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6.    The allegations of Paragraph 6 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7.    The allegations of Paragraph 7 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8.    The allegations of Paragraph 8 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9.     The allegations of Paragraph 9 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10.     The allegations of Paragraph 10 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.     The allegations of Paragraph 11 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies them.

12.     The allegations of Paragraph 12 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.     The allegations of Paragraph 13 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14.     The allegations of Paragraph 14 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15.     The allegations of Paragraph 15 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16.     The allegations of Paragraph 16 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17.     The allegations of Paragraph 17 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18.     The allegations of Paragraph 18 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19.     The allegations of Paragraph 19 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies them.

20.     The allegations of Paragraph 20 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies them.

21.     The allegations of Paragraph 21 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies them.

22.     Admitted.

23.     The allegations of Paragraph 23 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies them.

24.     The allegations of Paragraph 24 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies them.

25.     The allegations of Paragraph 25 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies them.

26.     The allegations of Paragraph 26 of the Complaint relate solely to another defendant.  Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

27.     Target admits that the complaint alleges infringement of a United States patent, that the action purports to arise under the patent laws, and that the plaintiff purports to base subject matter jurisdiction under 28 U.S.C. § 1381 and 1338(a).  Except as so admitted, Target denies the allegations of Paragraph 27.

28.     Target admits that it transacts business within the State of Delaware.  Except as so admitted, Target denies the allegations of Paragraph 28.

29.     Target admits the allegations of Paragraph 29 of the Complaint as to Target.  Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint as to other defendants, and therefore denies them.

30.     Target admits that venue is proper as to Target.

31.     Target admits that it resides in the District of Delaware for the purposes of venue.  Except as so admitted, Target denies the allegations of Paragraph 31.

## COUNT I

32.    Target admits that the '480 Patent lists Eric C. Anderson, Steve Saylor, and Amanda R. Mander as inventors and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 32 of the Complaint, and therefore denies them.

33.    Target admits that the '956 Patent lists Eric C. Anderson and Mike M. Masukawa as inventors and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 33 of the Complaint, and therefore denies them.

34.    Target admits that the '538 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 34 of the Complaint, and therefore denies them.

35.    Target admits that the '190 Patent lists Tim Takao Aihara and Rodney Somerstein as inventors and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 35 of the Complaint, and therefore denies them.

36.    Target admits that the '316 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 36 of the Complaint, and therefore denies them.

37.    Target admits that the '914 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Target lacks sufficient information to form a belief as

to the truth or falsity of the remaining allegations set forth in Paragraph 37 of the Complaint, and therefore denies them.

38.    Target admits that the '575 Patent lists Michael A. Ramirez and Eric C. Anderson as inventors and FlashPoint Technology, Inc. as assignee. Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 38 of the Complaint, and therefore denies them.

39.    Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies them.

40.    Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies them.

41.    Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies them.

42.    Target denies the allegations of Paragraph 42 of the Complaint as to Target. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint as to other defendants, and therefore denies them.

43.    The allegations of Paragraph 43 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies them.

44.    The allegations of Paragraph 44 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies them.

45.     The allegations of Paragraph 45 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies them.

46.     The allegations of Paragraph 46 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

47.     The allegations of Paragraph 47 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies them.

48.     The allegations of Paragraph 48 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies them.

49.     The allegations of Paragraph 49 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies them.

50.     The allegations of Paragraph 50 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint, and therefore denies them.

51.     The allegations of Paragraph 51 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies them.

52.    The allegations of Paragraph 52 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies them.

53.    The allegations of Paragraph 53 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies them.

54.    The allegations of Paragraph 54 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint, and therefore denies them.

55.    The allegations of Paragraph 55 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies them.

56.    The allegations of Paragraph 56 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies them.

57.    The allegations of Paragraph 57 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies them.

58.    The allegations of Paragraph 58 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the Complaint, and therefore denies them.

59.    The allegations of Paragraph 59 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint, and therefore denies them.

60.    The allegations of Paragraph 60 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies them.

61.    The allegations of Paragraph 61 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies them.

62.    Flashpoint has informed Target that the following is an exhaustive list of manufacturers of products identified by Flashpoint during its pre-suit investigation that allegedly are or have been sold by Target and for which Flashpoint is accusing Target of infringement: Aiptek, Argus, Oregon Scientific, and Polaroid. Flashpoint has also informed Target that the following list identifies a representative model or models of allegedly infringing digital cameras that is made by each aforementioned manufacturer and that allegedly is or has been sold by Target: MZ-DV (Aiptek), DC-5195 (Argus), DS Series (Oregon Scientific), and the I Series and the T Series (Polaroid). Flashpoint has further informed Target that it is asserting the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316, and the '575 Patent against Target, and that it is not asserting the '914 Patent against Target. Flashpoint has been unable or unwilling to provide an exhaustive list of all an exhaustive list of specific products sold by Target that allegedly infringe the patents-in-suit. Flashpoint also has been unable or unwilling to provide a product-by-product identification of which of the six patents Flashpoint is asserting against Target that Flashpoint contends is/are infringed by the representative products identified.

Target denies that it is infringing or has infringed any of the six patents Flashpoint is asserting against it through any of its alleged conduct. To the extent that Paragraph 62 of the Complaint is construed more broadly than the foregoing details provided by Flashpoint would indicate, Target denies all allegations contained therein.

63.     The allegations of Paragraph 63 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 of the Complaint, and therefore denies them.

64.     The allegations of Paragraph 64 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 64 of the Complaint, and therefore denies them.

65.     The allegations of Paragraph 65 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint, and therefore denies them.

66.     The allegations of Paragraph 66 of the Complaint relate solely to another defendant. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66 of the Complaint, and therefore denies them.

67.     Target denies the allegations of Paragraph 67 of the Complaint as to Target. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Complaint as to other defendants, and therefore denies them.

68.     Target denies the allegations of Paragraph 68 of the Complaint as to Target. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 of the Complaint as to other defendants, and therefore denies them.

69.    The allegations of Paragraph 69 of the Complaint relate solely to other defendants. Accordingly, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies them.

70.    Target denies the allegations of Paragraph 70 of the Complaint as to Target. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the Complaint as to other defendants, and therefore denies them.

### JURY DEMAND

71.    Target states that Paragraph 71 of the Complaint is a demand for jury trial and requires no response from Target.

### PRAYER FOR RELIEF

Target denies that plaintiff is entitled to be awarded any of the relief sought in Paragraphs A-F of its prayer for relief against Target. Plaintiff's prayer for relief with regard to Target should, therefore, be denied in its entirety and with prejudice, and plaintiff should take nothing. With respect to the other defendants, Target lacks sufficient information to form a belief as to whether plaintiff is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

### DEFENSES

Target asserts the following defenses to the Complaint:

72.    The Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief can be granted.

73.    The Complaint fails to identify the particular claims or patents Target is alleged to infringe, and also fails to identify the allegedly infringing products of Target. Upon a reasonable opportunity for further investigation or discovery, Target believes that it will likely have

13

evidentiary support that it does not and has not infringed (literally or by equivalents), contributed to the infringement of, or induced infringement of any valid claims of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent.

74.    One or more claims of one or more of the asserted patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia,* §§ 101, 102, 103, and/or 112.

75.    There has been no prior notice in writing or otherwise given to Target of any of the asserted patents and Flashpoint has not marked its patented products pursuant to 35 U.S.C. § 287. Therefore, Target has not been given actual or constructive notice as required by 35 U.S.C. § 287 and is not responsible for any damages.

## COUNTERCLAIMS

Target, for its counterclaims against plaintiff, alleges as follows:

## PARTIES

1.    Counterclaimant Target Corporation ("Target") is a corporation organized under the laws of the State of Minnesota, with an office and its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

2.    On information and belief, counterclaim defendant Flashpoint Technology, Inc.. ("Flashpoint") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

3.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, and 1338.

    4.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

    5.      This Court has personal jurisdiction over Flashpoint Technology, Inc. by virtue of Flashpoint's filing of the Complaint against Target in this Court.

**COUNT ONE:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT**

    6.      Based on the filing by Flashpoint of this suit and Target's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent and the '575 Patent.

    7.      Although Target is still investigating this matter, Target alleges that it has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, or the '575 Patent.

    8.      Target is entitled to a declaratory judgment that it has not infringed, and is not infringing any valid claim of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent and the '575 Patent, directly or indirectly.

**COUNT TWO:**
**DECLARATORY RELIEF REGARDING INVALIDITY**

    9.      Based on the filing by Flashpoint of this suit and Target's defenses, an actual controversy has arisen and now exists between the parties as to the invalidity of one or more claims of one or more of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent.

10. One or more claims of one or more of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent are invalid for failure to comply with the provisions of the Patent Laws, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

11. Target is entitled to a declaratory judgment that the claims of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent are invalid.

## EXCEPTIONAL CASE

12. To the extent this is an exceptional case under 35 U.S.C. § 285, Target is entitled to recover its attorneys' fees and costs, incurred in connection with this action, from Flashpoint.

## JURY DEMAND

13. Target demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Target respectfully prays that this Court:

A. Dismiss with prejudice the Complaint in its entirety;

B. Adjudge, declare, and decree that Target has not infringed, and is not infringing any valid claim of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent;

C. Adjudge, declare, and decree that Target has not induced, and is not inducing, infringement of any valid claim of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent;

D.      Adjudge, declare, and decree that Target has not contributed to, and is not contributing to, the infringement of any valid claim of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent;

E.      Adjudge, declare, and decree that all of the claims of the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent are invalid;

F.      Adjudge, declare, and decree that no damages or royalties are due or owing by Target for any of the acts alleged by Flashpoint in its Complaint;

G.      Permanently enjoin plaintiff, its successors, and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '480 Patent, the '956 Patent, the '538 Patent, the '190 Patent, the '316 Patent, the '914 Patent, and the '575 Patent against Target or any parent, affiliate, or subsidiary of Target, or its respective officers, agents, employees, successors, and assigns;

H.      Judgment be entered in favor of Target and against Plaintiff that this is an exceptional case and awarding Target its attorneys' fees and costs under 35 U.S.C. § 285; and

I.      Award to Target any other relief to which Target is entitled.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Richard L. Horwitz*

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Tel:  (612) 766-8800

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  May 2, 2008
862449 / 32924

*Attorneys for Defendant Target Corp..*

18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 2, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 2, 2008, the attached document was Electronically Mailed to the following person(s):

David E. Margules
Evan Olin Williford
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
COUGHLIN STOIA GELLER RUDMAN
ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Richard K. Herrmann
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
*Attorneys for Defendant Bushnell Inc.*

Daniel V. Folt
Matt Neiderman
Aimee M. Czachorowski
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
DFolt@duanemorris.com
MNeiderman@duanemorris.com
amczachorowski@duanemorris.com
*Attorneys for Defendant Aiptek Inc.*

Scott R. Brown
Jennifer C. Bailey
HOVEY WILLIAMS LLP
10801 Mastin Blvd, Suite 1000
Overland Park, KS 66210
srb@hoveywilliams.com
jcb@hoveywilliams.com
*Attorneys for Defendant Bushnell Inc.*

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants Leica Camera AG
and Leica Camera Inc.*

Candice Toll Aaron
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
caaron@saul.com
*Attorneys for Defendant Ritz Interactive Inc.
and Ritz Camera Centers Inc.*

Richard de Bodo
David H. Ben-Meir
Huan-Yi Lin
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
rdebodo@hhlaw.com
dhben-meir@hhlaw.com
hlin@hhlaw.com
*Attorneys for Defendant Aiptek Inc.*

Steven J. Balick
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
*Attorneys for Defendant General Electric Co.*

Joseph D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 2004-2595
jdevans@crowell.com
jsanok@crowell.com
mjacobs@crowell.com
*Attorneys for Defendants Leica Camera AG
and Leica Camera Inc.*

Theodore Maccarella
Sherry H. Flax
SAUL EWING LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
tmaccarella@saul.com
sflax@saul.com
*Attorneys for Defendant Ritz Interactive Inc.
and Ritz Camera Centers Inc.*

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
Wilmington, DE  19899-5130
rkirk@bayardlaw.com
*Attorneys for Defendant Sakar International*
*Inc. doing business as Digital Concepts and*
*Vupoint Solutions, Inc.*

Ezra Sutton
EZRA SUTTON, P.A.
Plaza 9, 900 Route 9
Woodbridge, NJ  07095
esutton@ezrasutton.com
*Attorneys for Defendant Sakar International*
*Inc. doing business as Digital Concepts*

Richard K. Herrmann
Mary B. Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Tabata USA Inc.*
*doing business as Sea & Sea*

Matthew E. Digby
BINGHAM MCCUTCHEN LLP
355 South Grand Ave., Suite 4400
Los Angeles, CA  90071
matthew.digby@bingham.com
*Attorneys for Defendant Tabata USA Inc. doing*
*business as Sea & Sea*

Michael D. Bednarek
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
michaelbednarek@paulhastings.com
*Attorneys for Defendant Tabata USA Inc.*
*doing business as Sea & Sea*

Frank Frisenda
FRISENDA QUINTON & NICHOLSON
11601 Wilshire Blvd., Ste 500
Los Angeles, CA  90025
frankfrisenda@aol.com
*Attorneys for Defendant Vupoint Solutions, Inc.*

David G. Wille
Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavsar
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas  75201-2980
david.wille@bakerbotts.com
steve.schortgen@bakerbotts.com
jay.johnson@bakerbotts.com
samir.bhavsar@bakerbotts.com
*Attorneys for Defendant Wal-Mart Stores, Inc.*

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Kliebman@faegre.com
JRSteffen@faegre.com
MStump@faegre.com
*Attorneys for Defendant Target Corp.*

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

857485 / 32907 / 32924