## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FLASHPOINT TECHNOLOGY, INC., )
)
           Plaintiff, )
)
           v. )
)
AIPTEK, INC., ARGUS CAMERA CO. LLC, )
BUSHNELL INC., DXG TECHNOLOGY )
(U.S.A.) INC., DXG TECHNOLOGY CORP., )
GENERAL ELECTRIC CO., INTERNATIONAL )
NORCENT TECH., LEICA CAMERA AG, )
LEICA CAMERA INC., MINOX GMBH, )
MINOX USA, INC., MUSTEK, INC. USA, )
MUSTEK, INC., OREGON SCIENTIFIC, INC., )
POLAROID CORP., RITZ INTERACTIVE, INC., )
RITZ CAMERA CENTERS, INC., SAKAR )
INTERNATIONAL, INC., D/B/A DIGITAL )
CONCEPTS, TABATA U.S.A., INC., D/B/A SEA )
& SEA, TARGET CORP., VISTAQUEST CORP., )
VUPOINT SOLUTIONS, INC., WALGREEN )
CO., and WAL-MART STORES, INC., )
)
           Defendants. )

C.A. No. 08-139-GMS

**JURY TRIAL DEMANDED**

## WAL-MART STORES, INC.'S ANSWER AND COUNTERCLAIM TO
## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") files this Answer and Counterclaim to Plaintiff's Original Complaint ("the Complaint") filed by Flashpoint Technology, Inc. ("Flashpoint").

## NATURE OF THE ACTION

1.    Wal-Mart admits that the Complaint purports to state a claim for patent infringement. Wal-Mart admits that the '480 Patent is entitled, "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes." Wal-Mart admits that a copy of the '480 Patent was attached as Exhibit 1 to the Complaint. Wal-Mart admits that

the '956 Patent is entitled, "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device." Wal-Mart admits that a copy of the '956 Patent was attached as Exhibit 2 to the Complaint. Wal-Mart admits that the '538 Patent is entitled, "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts." Wal-Mart admits that a copy of the '538 Patent was attached as Exhibit 3 to the Complaint. Wal-Mart admits that the '190 Patent is entitled, "Method and System for Producing an Internet Page Description File on a Digital Imaging Device." Wal-Mart admits that a copy of the '190 Patent was attached as Exhibit 4 to the Complaint. Wal-Mart admits that the '316 Patent is entitled, "Method and System for Creating a Temporary Group of Images on a Digital Camera." Wal-Mart admits that a copy of the '316 Patent was attached as Exhibit 5 to the Complaint. Wal-Mart admits that the '914 Patent is entitled, "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." Wal-Mart admits that a copy of the '914 Patent was attached as Exhibit 6 to the Complaint. Wal-Mart admits that the '575 Patent is entitled, "Method and System for Displaying Overlay Bars in a Digital Imaging Device." Wal-Mart admits that a copy of the '575 Patent was attached as Exhibit 7 to the Complaint. Wal-Mart admits that Flashpoint seeks injunctive relief and monetary damages. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of Flashpoint's ownership claim and therefore denies it. Wal-Mart denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## PARTIES

2.      Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

3.    The allegations of Paragraph 3 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.

4.    The allegations of Paragraph 4 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

5.    The allegations of Paragraph 5 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6.    The allegations of Paragraph 6 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7.    The allegations of Paragraph 7 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8.    The allegations of Paragraph 8 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9.    The allegations of Paragraph 9 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10.     The allegations of Paragraph 10 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.     The allegations of Paragraph 11 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies them.

12.     The allegations of Paragraph 12 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.     The allegations of Paragraph 13 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14.     The allegations of Paragraph 14 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15.     The allegations of Paragraph 15 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16.     The allegations of Paragraph 16 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17.     The allegations of Paragraph 17 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18.     The allegations of Paragraph 18 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19.     The allegations of Paragraph 19 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies them.

20.     The allegations of Paragraph 20 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies them.

21.     The allegations of Paragraph 21 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies them.

22.     The allegations of Paragraph 22 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies them.

23.     The allegations of Paragraph 23 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies them.

24.     The allegations of Paragraph 24 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies them.

25.     The allegations of Paragraph 25 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies them.

26.     Admitted.

### JURISDICTION AND VENUE

27.     Wal-Mart admits that the complaint alleges infringement of a United States patent, that the action purports to arise under the patent laws, and that the plaintiff purports to base subject matter jurisdiction under 28 U.S.C. § 1381 and 1338(a).  Wal-Mart admits that this Court has subject matter jurisdiction as to claims against Wal-Mart.  Wal-Mart denies the remaining allegations of Paragraph 27.

28.     Wal-Mart admits that it transacts business within the State of Delaware and is subject to personal jurisdiction in this District for purposes of this action.  Wal-Mart denies the remaining allegations of Paragraph 28.

29.     Wal-Mart admits that it has sold and offered for sale in this District electronic products capable of being used to capture and view digital images.  Wal-Mart denies the remaining allegations of Paragraph 29.

30.     Wal-Mart admits that venue is proper as to Wal-Mart.  Wal-Mart denies the remaining allegations of Paragraph 30.

31.     Wal-Mart admits that it resides in the District of Delaware for the purposes of venue. Wal-Mart denies the remaining allegations of Paragraph 31.

## COUNT I

32.     Wal-Mart admits that the '480 Patent lists Eric C. Anderson, Steve Saylor, and Amanda R. Mander as inventors and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 32 of the Complaint.

33.     Wal-Mart admits that the '956 Patent lists Eric C. Anderson and Mike M. Masukawa as inventors and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34.     Wal-Mart admits that the '538 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.     Wal-Mart admits that the '190 Patent lists Tim Takao Aihara and Rodney Somerstein as inventors and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.     Wal-Mart admits that the '316 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 36 of the Complaint.

37.     Wal-Mart admits that the '914 Patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Wal-Mart admits that the '575 Patent lists Michael A. Ramirez and Eric C. Anderson as inventors and FlashPoint Technology, Inc. as assignee.  Wal-Mart denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies them.

40.     Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies them.

41.     Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies them.

42.     Wal-Mart denies the allegations of Paragraph 42 of the Complaint as to Wal-Mart. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint as to other defendants, and therefore denies them.

43.     The allegations of Paragraph 43 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies them.

44.     The allegations of Paragraph 44 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies them.

45.     The allegations of Paragraph 45 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies them.

46.     The allegations of Paragraph 46 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

47.    The allegations of Paragraph 47 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies them.

48.    The allegations of Paragraph 48 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies them.

49.    The allegations of Paragraph 49 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies them.

50.    The allegations of Paragraph 50 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint, and therefore denies them.

51.    The allegations of Paragraph 51 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies them.

52.    The allegations of Paragraph 52 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies them.

53.    The allegations of Paragraph 53 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies them.

54.     The allegations of Paragraph 54 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint, and therefore denies them.

55.     The allegations of Paragraph 55 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies them.

56.     The allegations of Paragraph 56 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies them.

57.     The allegations of Paragraph 57 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies them.

58.     The allegations of Paragraph 58 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the Complaint, and therefore denies them.

59.     The allegations of Paragraph 59 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint, and therefore denies them.

60.     The allegations of Paragraph 60 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies them.

61.    The allegations of Paragraph 61 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies them.

62.    The allegations of Paragraph 62 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of the Complaint, and therefore denies them.

63.    The allegations of Paragraph 63 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 of the Complaint, and therefore denies them.

64.    The allegations of Paragraph 64 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 64 of the Complaint, and therefore denies them.

65.    The allegations of Paragraph 65 of the Complaint relate solely to another defendant. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint, and therefore denies them.

66.    Wal-Mart denies the allegations of Paragraph 66 of the Complaint.

67.    Wal-Mart denies the allegations of Paragraph 67 of the Complaint as to Wal-Mart. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Complaint as to other defendants, and therefore denies them.

68.    Wal-Mart denies the allegations of Paragraph 68 of the Complaint as to Wal-Mart. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 of the Complaint as to other defendants, and therefore denies them.

69.    The allegations of Paragraph 69 of the Complaint relate solely to other defendants. Accordingly, Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies them.

70.    Wal-Mart denies the allegations of Paragraph 70 of the Complaint as to Wal-Mart. Wal-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the Complaint as to other defendants, and therefore denies them.

## JURY DEMAND

71.    Wal-Mart states that Paragraph 71 of the Complaint is a demand for jury trial and requires no response from Wal-Mart.

## PRAYER FOR RELIEF

Wal-Mart denies that plaintiff is entitled to be awarded any of the relief sought in Paragraphs A-F of its prayer for relief against Wal-Mart. Plaintiff's prayer for relief with regard to Wal-Mart should, therefore, be denied in its entirety and with prejudice, and plaintiff should take nothing. With respect to the other defendants, Wal-Mart lacks sufficient information to form a belief as to whether plaintiff is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

## DEFENSES

Wal-Mart asserts the following defenses to the Complaint:

72.    The Complaint fails to state a claim upon which relief can be granted.

73.    Wal-Mart does not and has not infringed, contributed to the infringement of, or induced infringement of one or more claims of the patents-in-suit.

74.    One or more claims of the patents-in-suit are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

## COUNTERCLAIMS

Wal-Mart, for its counterclaims against plaintiff, alleges as follows:

## PARTIES

75.    Counterclaimant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized under the laws of the State of Delaware, with an office and its principal place of business located at 702 S.W. 8th Street, Bentonville, AR 72716.

76.    On information and belief, counterclaim defendant Flashpoint Technology, Inc.. ("Flashpoint") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

77.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, and 1338.

78.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

79.    This Court has personal jurisdiction over Flashpoint Technology, Inc. by virtue of Flashpoint's filing of the Complaint against Wal-Mart in this Court.

## COUNT ONE:
## DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

80.    Based on the filing by Flashpoint of this suit and Wal-Mart's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the patents-in-suit.

81.    Wal-Mart does not and has not infringed, contributed to the infringement of, or induced infringement of one or more claims of the patents-in-suit.

82.    Wal-Mart is entitled to a declaratory judgment that it has not infringed, and is not infringing one or more claims of the patents-in-suit.

## COUNT TWO:
## DECLARATORY RELIEF REGARDING INVALIDITY

83.    Based on the filing by Flashpoint of this suit and Wal-Mart's defenses, an actual controversy has arisen and now exists between the parties as to the invalidity of one or more claims of the patents-in-suit.

84.    One or more claims of the patents-in-suit are invalid for failure to comply with the provisions of the Patent Laws, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

85.    Wal-Mart is entitled to a declaratory judgment that one or more claims of the patents-in-suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Wal-Mart respectfully prays that this Court:

A.    Dismiss with prejudice the Complaint in its entirety;

B.    Adjudge, declare, and decree that Wal-Mart has not infringed, and is not infringing any valid claim of the patents-in-suit;

C.      Adjudge, declare, and decree that Wal-Mart has not induced, and is not inducing, infringement of any valid claim of the patents-in-suit;

D.      Adjudge, declare, and decree that Wal-Mart has not contributed to, and is not contributing to, the infringement of any valid claim of the patents-in-suit;

E.      Adjudge, declare, and decree that Wal-Mart has not willfully infringed, and is not willfully infringing, any valid claim of the patents-in-suit;

F.      Adjudge, declare, and decree that the claims of the patents-in-suit are invalid;

G.      Permanently enjoin plaintiff, its successors, and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the patents-in-suit against Wal-Mart or any parent, affiliate, or subsidiary of Wal-Mart, or its respective officers, agents, employees, successors, and assigns; and

H.      Award to Wal-Mart any relief to which Wal-Mart is entitled.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

David G. Wille
Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavsar
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel: (214) 953-6595

Dated: May 2, 2008
862452 / 32907

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE 19899
        Tel: (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Horwitz, hereby certify that on May 2, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on May 2, 2008, the attached document was Electronically Mailed to

the following person(s):

David E. Margules
Evan Olin Williford
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology,*
*Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
COUGHLIN STOIA GELLER RUDMAN
ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint*
*Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology,*
*Inc.*

Richard K. Herrmann
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
*Attorneys for Defendant Bushnell Inc.*

Daniel V. Folt
Matt Neiderman
Aimee M. Czachorowski
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
DFolt@duanemorris.com
MNeiderman@duanemorris.com
amczachorowski@duanemorris.com
*Attorneys for Defendant Aiptek Inc.*

Scott R. Brown
Jennifer C. Bailey
HOVEY WILLIAMS LLP
10801 Mastin Blvd, Suite 1000
Overland Park, KS 66210
srb@hoveywilliams.com
jcb@hoveywilliams.com
*Attorneys for Defendant Bushnell Inc.*

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants Leica Camera AG
and Leica Camera Inc.*

Candice Toll Aaron
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
caaron@saul.com
*Attorneys for Defendant Ritz Interactive Inc.
and Ritz Camera Centers Inc.*

Richard de Bodo
David H. Ben-Meir
Huan-Yi Lin
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
rdebodo@hhlaw.com
dhben-meir@hhlaw.com
hlin@hhlaw.com
*Attorneys for Defendant Aiptek Inc.*

Steven J. Balick
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
*Attorneys for Defendant General Electric Co.*

Joseph D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 2004-2595
jdevans@crowell.com
jsanok@crowell.com
mjacobs@crowell.com
*Attorneys for Defendants Leica Camera AG
and Leica Camera Inc.*

Theodore Maccarella
Sherry H. Flax
SAUL EWING LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
tmaccarella@saul.com
sflax@saul.com
*Attorneys for Defendant Ritz Interactive Inc.
and Ritz Camera Centers Inc.*

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
Wilmington, DE  19899-5130
rkirk@bayardlaw.com
*Attorneys for Defendant Sakar International Inc. doing business as Digital Concepts and Vupoint Solutions, Inc.*

Richard K. Herrmann
Mary B. Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Tabata USA Inc. doing business as Sea & Sea*

Michael D. Bednarek
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
michaelbednarek@paulhastings.com
*Attorneys for Defendant Tabata USA Inc. doing business as Sea & Sea*

David G. Wille
Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavsar
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas  75201-2980
david.wille@bakerbotts.com
steve.schortgen@bakerbotts.com
jay.johnson@bakerbotts.com
samir.bhavsar@bakerbotts.com
*Attorneys for Defendant Wal-Mart Stores, Inc.*

Ezra Sutton
EZRA SUTTON, P.A.
Plaza 9, 900 Route 9
Woodbridge, NJ  07095
esutton@ezrasutton.com
*Attorneys for Defendant Sakar International Inc. doing business as Digital Concepts*

Matthew E. Digby
BINGHAM MCCUTCHEN LLP
355 South Grand Ave., Suite 4400
Los Angeles, CA  90071
matthew.digby@bingham.com
*Attorneys for Defendant Tabata USA Inc. doing business as Sea & Sea*

Frank Frisenda
FRISENDA QUINTON & NICHOLSON
11601 Wilshire Blvd., Ste 500
Los Angeles, CA  90025
frankfrisenda@aol.com
*Attorneys for Defendant Vupoint Solutions, Inc.*

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Kliebman@faegre.com
JRSteffen@faegre.com
MStump@faegre.com
*Attorneys for Defendant Target Corp.*

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

857485 / 32907 / 32924