IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, ) | |
| BUSHNELL INC., DXG TECHNOLOGY ) | |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., ) | Civil Action No. 08-139-GMS |
| GENERAL ELECTRIC CO., ) | |
| LEICA CAMERA AG, LEICA CAMERA ) | **JURY TRIAL DEMANDED** |
| INC., MINOX GMBH, MINOX USA, INC., ) | |
| MUSTEK, INC. USA, MUSTEK, INC., ) | |
| OREGON SCIENTIFIC, INC., POLAROID ) | |
| CORP., RITZ INTERACTIVE, INC., RITZ ) | |
| CAMERA CENTERS, INC., SAKAR ) | |
| INTERNATIONAL, INC., D/B/A DIGITAL ) | |
| CONCEPTS, TABATA U.S.A., INC., D/B/A ) | |
| SEA & SEA, TARGET CORP., VISTAQUEST ) | |
| CORP., VUPOINT SOLUTIONS, INC., ) | |
| WALGREEN CO., and WAL-MART STORES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DXG TECHNOLOGY CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FLASHPOINT'S COMPLAINT

Defendant DXG Technology Corp. ("DXG") responds to the Complaint for Patent Infringement filed by plaintiff FlashPoint Technology, Inc. ("FlashPoint"), with the following Answer, Defenses, and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, DXG denies each and every allegation set forth in the Complaint.

### RESPONSE TO NATURE OF THE ACTION

1. DXG lacks knowledge or information sufficient to form a belief as to the truth of certain allegations in paragraph 1 of the Complaint, and thus, unless specifically admitted, denies the allegations in paragraph 1.

      a.     DXG admits United States Patent No. 6,118,480 is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "480 patent");

      b.     DXG admits United States Patent No. 6,177,956 is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "956 patent");

      c.     DXG admits United States Patent No. 6,222,538 is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "538 patent");

      d.     DXG admits United States Patent No. 6,223,190 is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "190 patent");

      e.     DXG admits United States Patent No. 6,249,316 is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "316 patent");

      f.     DXG admits United States Patent No. 6,486,914 is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "914 patent"); and

      g.     DXG admits United States Patent No. 6,504,575 is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "575 patent").

## RESPONSE TO PARTIES

2.     DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies those allegations.

3-5.     DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 through 5, which pertain to the other named defendants, and on that basis denies those allegations.

6.     DXG admits the allegation in paragraph 6 that DXG Technology (U.S.A) Inc. ("DXG USA") is a corporation organized and existing under the laws of the States of California, with its principal place of business located at 1001 Lawson Street, City of Industry, California 91748.

7.     DXG admits the allegation in paragraph 7 that DXG Technology Corp. ("DXG") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 15 Fl., No. 4, Sec. 3, Ming-Chuan East Road, Taipei, Taiwan R.O.C.

8-26.   DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8 through 26, which pertain to other named defendants, and on that basis denies those allegations.

## RESPONSE TO JURISDICTION AND VENUE

27.   DXG admits the allegations in paragraph 27 that this action arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Unless specifically admitted, DXG denies the allegations.

28.   Upon information and belief, DXG denies that DXG has transacted business within the State of Delaware, and the District of Delaware, and is subject to the personal jurisdiction of this Court. DXG further denies that DXG and DXG USA have committed acts of infringement within the State of Delaware, and the District of Delaware. However, upon information and belief, DXG admits that DXG USA has transacted business within the State of Delaware, and the District of Delaware, and is subject to the personal jurisdiction of this Court. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 pertaining to the other named defendants, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

29.   Upon information and belief, DXG denies that it has offered for sale, imported or sold electronic products capable of being used, *inter alia*, to capture process and view images in this District. However, DXG admits that DXG USA has offered for sale, imported, or sold electronic products capable of being used, *inter alia*, to capture process and view images in this District. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 29 pertaining to the other named defendants, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

30.   DXG denies the allegation in paragraph 30 that venue is proper in this District pursuant to 28 U.S.C §§ 1391 and 1400(b).

31.   Upon information and belief, DXG denies that it has committed acts of infringement and denies any such acts were committed in this District. DXG denies that it is subject to the personal jurisdiction in this District. DXG denies that DXG USA has committed acts of infringement and denies any such acts were committed in this District. However, upon information and belief, DXG admits that DXG USA is subject to the personal jurisdiction in this District. DXG lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 31 pertaining to other named defendants, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

## RESPONSE TO COUNT I – PATENT INFRINGEMENT

32. DXG admits that the '480 patent lists September 12, 2000 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson, Steve Saylor, and Amanda R. Mander as named inventor on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

33. DXG admits that the '956 patent lists January 23, 2001 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson and Mike M. Masukawa as named inventors on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

34. DXG admits that the '538 patent lists April 24, 2001 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson as a named inventor on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

35. DXG admits that the '190 patent lists April 24, 2001 as a date of patent, FlashPoint as an assignee, and Tim Takao Aihara and Rodney Somerstein as named inventors on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

36. DXG admits that the '316 patent lists June 19, 2001 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson as a named inventor on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

37. DXG admits that the '914 patent lists November 26, 2002 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson as a named inventors on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

38. DXG admits that the '575 patent lists January 7, 2003 as a date of patent, FlashPoint as an assignee, and Michael A. Ramirez and Eric C. Anderson as named inventors on the face of patent. DXG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis denies those allegations. Unless specifically admitted, DXG denies the allegations.

39. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis denies those allegations.

40. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies those allegations.

41. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies those allegations.

42. Upon information and belief, DXG denies that it practices purported inventions covered by one or more of the patents-in-suit. DXG also denies that DXG USA practices purported inventions covered by one or more of the patents-in-suit. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 pertaining to the other named defendants, and on that basis denies those allegations.

43-45. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 43 through 45 pertaining to the other named defendants, and on that basis denies those allegations.

46. Upon information and belief, DXG denies the allegations in paragraph 46 that DXG USA has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States, and denies that DXG USA has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

47. Upon information and belief, DXG denies the allegations in paragraph 47 that DXG has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States, and denies that DXG has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

48-66. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48 through 66 as they pertain to the other named defendants, and on that basis denies those allegations.

67. DXG denies the allegations in paragraph 67. DXG also denies the allegation in paragraph 67 pertaining to DXG USA. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 pertaining to the other named defendants, and on that basis denies those allegations.

68. DXG denies the allegations in paragraph 68. DXG also denies the allegation in paragraph 68 pertaining to DXG USA. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 pertaining to the other named defendants, and on that basis denies those allegations.

69. Upon information and belief, DXG denies the allegations in paragraph 69 that DXG infringes directly or by inducement or contributory, one or more claims of the patents-in-suit, and DXG denies FlashPoint is entitled to increase damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Upon information and belief, DXG also denies the allegations in paragraph 69 that DXG USA infringes directly or by inducement or contributory, one or more claims of the patents-in-suit and denies that FlashPoint is entitled to increase damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 as pertaining to DXG USA. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 pertaining to the other named defendants, and on that basis denies those allegations.

70. Upon information and belief, DXG denies the allegations in paragraph 70 that DXG infringes any of FlashPoint's exclusive rights under the one or more of the patents-in-suit. Upon information and belief, DXG further denies that Flashpoint is damaged in any way or suffers any irreparable harm. Upon information and belief, DXG also denies the allegations in paragraph 70 that DXG USA infringes any of FlashPoint's exclusive rights under the one or more of the patents-in-suit and that Flashpoint is damaged in any way or suffers any irreparable harm as pertaining to DXG USA. DXG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 pertaining to the other named defendants, and on that basis denies those allegations.

**RESPONSE TO JURY DEMAND**

71. DXG admits that FlashPoint has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

DXG denies that FlashPoint is entitled to any relief whatsoever against DXG in this action, either as requested in its Complaint or otherwise. DXG also denies that FlashPoint is entitled to any relief whatsoever against DXG USA in this action, either as requested in its Complaint or otherwise. DXG lacks knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against the other named defendants in this action, and on that basis denies those requests.

## AFFIRMATIVE DEFENSES

1. DXG does not infringe and has not infringed any claim of the '480, '956, '538, 190, '316, '914 and/or '575 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory, induced or willful infringement.

2. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. FlashPoint is estopped from construing the claims of the patents-in-suit to cover or include, ether literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by DXG because of admissions, amendments, and statements to the USPTO during prosecution of the application leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, scopes disclaimed by FlashPoint, and/or limitations in the claims of the patents-in-suit.

4. The relief sought by FlashPoint is barred in whole or in part by the doctrine of laches, and/or is unenforceable due to laches.

5. FlashPoint's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

6. DXG does not infringe and has not infringed any claim of the patents-in-suit because of license, implied license, and the patent exhaustion doctrine.

7. DXG reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS AND JURY DEMAND

Defendant DXG Technology Corp. ("DXG") brings this counterclaim against FlashPoint Technology, Inc. ("FlashPoint") for a declaration that DXG's products do not

infringe seven patents purportedly owned by FlashPoint and that those seven patents are invalid and unenforceable.

## PARTIES

1.  Defendant DXG is a Taiwan, R.O.C. company with its principal place of business at 15fl., No. 4, Sec. 3, Ming-Chuan East Road, Taipei, Taiwan, R.O.C.

2.  DXG purchases digital signal processors (hereinafter "DSPs") from Sunplus, Zoran, Fujitsu, and Novatech, incorporates DSPs into and manufactures digital cameras and camcorders.

3.  Upon information and belief, FlashPoint is a Delaware company with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4.  Upon information and belief, FlashPoint does not manufacture or sell any consumer products. Its sole business is to obtain and attempt to license or enforce intellectual property rights.

## PATENTS-IN-SUIT

5.  FlashPoint has held itself out to be the owner of United States Patent No. United States Patent No. 6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "480 patent"); United States Patent No. 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "956 patent"); United States Patent No. 6,222,538 is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "538 patent"); United States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "190 patent"); United States Patent No. 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "316 patent"); United States Patent No. 6,486,914 entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "914 patent"); and United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "575 patent").

## JURISTIDCTION AND VENUE

6. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over FlashPoint by virtue of FlashPoint's filing of the Complaint in this matter.

9. If, and only if, this Court finds that venue is proper over the claims made by plaintiff in this Court, venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

10. An actual and justiciable controversy exists between DXG and FlashPoint, concerning FlashPoint's claims of infringement of the patents-in-suit and concerning whether those patents are valid and/or enforceable.

## COUNTERCLAIMS
### (Declaratory Judgment of non-infringement, invalidity, and unenforceability of the patents-in-suit)

11. DXG re-alleges and incorporates by reference its allegations in paragraphs 1 through 10 above as if fully set forth herein.

12. DXG has not directly infringed, contributed to infringement of, induced infringement of, or willful infringement of any valid and enforceable claim of the patents-in-suit, nor is DXG, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, inducing infringement of, or willful infringement of any valid and enforceable claim of the patents-in-suit.

13. Claims of the patents-in-suit are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. The relief sought by FlashPoint is barred in whole or in part by the doctrine of laches, and/or is unenforceable due to laches.

15. DXG does not infringe and has not infringed any claim of the patents-in-suit because of license, implied license, and the patent exhaustion doctrine.

16. An actual and justiciable controversy exists between DXG and FlashPoint, regarding the alleged infringement and validity as well as enforceability of the patent-in-suit

by virtue of the allegations made by FlashPoint that DXG and/or its customers are or have been infringing the patents-in-suit.

17. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling DXG to an award of its attorneys' fees.

18. DXG expressly reserves the right to amend these Counterclaims to add declaratory judgment counts based on the future discovery in its lawsuit.

## PRAYER FOR RELIEF

Defendant DXG respectfully requests the following relief:

1. A declaration that DXG has not infringed, and is not infringing the patents-in-suit;

2. A declaration that each of the claims of the patents-in-suit is invalid;

3. A declaration that each of the claims of the patents-in-suit is unenforceable;

4. An injunction prohibiting FlashPoint from alleging infringement of the patents-in-suit by DXG and its customers;

5. An award of damages that DXG has sustained;

6. A declaration that this case is exception under 35 U.S.C. § 285, and DXG should be awarded its reasonable attorney's fees, costs, and expenses incurred in connection with this action; and

7. Such other further relief as the Court deems just and proper.

## JURY DEMAND

Defendant DXG demands a jury trial on all issues so triable.

Dated: May 14, 2008

Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
fdigiovanni@cblh.com
cstover@cblh.com

*Attorneys for DXG Technology (U.S.A.) Inc. and DXG Technology Corp.*

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the 14th day of May, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on this date, the attached document was Electronically Mailed to the following person(s):

David J. Margules
Evan Olin Williford
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19899
dmargules@BMF-law.com
ewilliford@BMF-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh A. Mandlekar
James R. Hail
COUGHLIN STOIA GELLER
RUDMAN ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
patc@csgrr.com
miked@csgrr.com
rmandelekar@csgrr.com
jimh@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
mneiderman@duanemorris.com
*Attorneys for Defendant Aiptek Inc.*

Richard de Bodo
David H. Ben-Meir
Huan-Yi Lin
HOGAN & HARTSON LLP
1900 Venue of the Stars
Suite 1400
Los Angeles, CA 90067
redebodo@hhlaw.com
dhben-meir@hhlaw.com
hlin@hhlaw.com
*Attorney for Defendant Aiptek Inc.*

Scott R. Brown
Jennifer C. bailey
HOVEY WILLIAMS LLP
10801 Mastin Blvd., Suite 1000
Overland Park, KS 66210
srb@hoveywilliams.com
jcb@hoveywilliams.com
*Attorney for Defendant Bushnell Inc.*

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants Leica Camera AG and Leica Camera Inc.*

Anne Shea Gaza
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
gaza@rlf.com
*Attorney for Defendants Mustek Inc. USA and Mustek Inc.*

Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue
Wilmington, DE 19899
sbalick@ashby-geddes.com
*Attorney for Defendant General Electric Co.*

Richard K. Herman, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
rherrmann@morrisjames.com
*Attorney for Defendant Bushnell Inc.*

Joseph D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 2004-2529
jdevans@crowell.com
jsanok@crowell.com
mjacobs#crowell.com
*Attorneys for Defendants Leica Camera AG and Leica Camera Inc.*

Irfan A. Lateef
Marko R. Zoretic
KNOBBE MARTENS
2040 Main Street, 14th Floor
Irvine, CA 92614-3641
2ial@kmob.com
2mrz@kmob.com
*Attorneys for Defendants Leica Camera AG and Leica Camera Inc*

Kevin F. Brady
CONNOLLY BOVE LODGE
& HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
kbrady@cblh.com
*Attorney for Defendant Oregon
Scientific Inc.*

Collins J. Seitz, Jr.
CONNOLLY BOVE LODGE
& HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Candace Toll Aaron
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
caaron@saul.com
*Attorneys for Defendants Ritz Interactive
Inc. and Ritz Camera Centers Inc.*

Theodore Maccarella
Sherry H. Flax
SAUL EWING LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD  21201-3171
tmaccarella@saul.com
sflax@saul.com
*Attorneys for Defendant Ritz Interactive
Inc. and Ritz Camera Centers, Inc.*

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
Wilmington, DE  19899-5130
rkirk@bayardlaw.com
Attorneys for Defendant Sakar
International Inc. doing business as
Digital Concepts and Vupoint Solutions,
Inc.

Ezra Sutton
EZRA SUTTON, P.A.
Plaza 9, 900 Route 9
Woodbridge, NJ  07095
esutton@ezrasutton.com
*Attorneys for Defendant Sakar
International Inc. doing business as
Digital Concepts and Vupoint Solutions,
Inc.*

Richard K. Herrman
Mary B. Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
rherrmann@morrisjames.com
mmattere@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Tabata USA Inc.
doing business as Sea & Sea*

Matthew E. Digby
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071
matthew.digby@bingham.com
*Attorneys for Defendant Tabata USA
Inc. doing business as Sea & Sea*

Michael D. Bednarek
PAUL HASTINGS JANOFSKY &
WALKER LLP
875 15th Street, N.W.
Washington, DC  20005
michaelbednarek@paulhastings.com
*Attorneys for Defendant Tabata USA Inc.
doing business as Sea & Sea*

Richard L. Horowitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON
& CORROON, LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Wal-Mart Stores, Inc.*

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
kliebman@faegre.com
jrsteffen@faegre.com
mstump@faegre.com
*Attorneys for Defendant Target Corp.*

Frank Frisenda
FRISENDA QUINTON &
NICHOLSON
11601 Wilshire Blvd., Suite 500
Los Angeles, CA  90025
frankfrisenda@aol.com
*Attorney for Defendant Vupoint
Solutions, Inc.*

David G. Wille
Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavasr
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, TX  75201-2980
david.wille@bakerbotts.com
steve.schortgen@bakerbotts.com
jay.johnson@bakerbotts.com
samir.bhavasar@bakerbotts.com
*Attorneys for Defendant Wal-Mart
Stores, Inc.*

_____
Francis DiGiovanni