IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., § § § Plaintiff, § § v. § C.A. No. 08-139-GMS § AIPTEK, INC., ARGUS CAMERA CO., LLC, § BUSHNELL INC., DXG TECHNOLOGY (U.S.A.) § **JURY TRIAL DEMANDED** INC., DXG TECHNOLOGY CORP., GENERAL § ELECTRIC CO., LEICA CAMERA AG, LEICA § CAMERA INC., MINOX GMBH, MINOX USA, § INC., MUSTEK, INC. USA, MUSTEK, INC., § OREGON SCIENTIFIC, INC., POLAROID CORP., § RITZ INTERACTIVE, INC., RITZ CAMERA § CENTERS, INC., SAKAR INTERNATIONAL, § INC., D/B/A DIGITAL CONCEPTS, TABATA § U.S.A., INC., D/B/A SEA & SEA, TARGET § CORP., VISTAQUEST CORP., VUPOINT § SOLUTIONS, INC., WALGREEN CO., and WAL- § MART STORES, INC., § § Defendants § | |

**PLAINTIFF FLASHPOINT TECHNOLOGY INC.'S OPPOSITION
TO THE LEICA AND VUPOINT DEFENDANTS' MOTION TO DISMISS**

Patrick J. Coughlin
Michael J. Dowd
Ray Arun Mandlekar
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
(212) 697-6262

Dated: May 14, 2008

David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
   *Attorneys for Plaintiff Flashpoint Technology, Inc.*

# TABLE OF CONTENTS


# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Anthran v. PATCO*, 672 F.2d 706 (8th Cir. 1982)..................................................................7

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)........................................................3, 4, 9

*CFMT, Inc. v. Yieldup Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795 (D. Del. April 5, 1996).........8

*Concha v. London*, 62 F.3d 1493 (9th Cir. 1995).....................................................................10

*Conley v. Gibson*, 355 U.S. 41 (1957).........................................................................................3

*Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987).................................................................10

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007)................................................................................3

*Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399 (D. Del. July 31, 2007)................5

*Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252 (D. Del. 2006)...............................8

*Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276 (E.D. Pa. 1994)....................9

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)................................................................................5

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163 (1993)..............................................................................................................4

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007)........................................4, 7, 8

*Mescall v. Tully*, 91 Ind. 96 (Ind. 1883)......................................................................................7

*Nord v. McElroy*, 296 F.2d 12 (9th Cir. 1961).............................................................................8

*Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853 (D. Del. June 10, 2002)...............9

*Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)..........................3

*Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790 (Fed. Cir. 2000)................5, 6

*Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)............................................................................4

*U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142 (C.D. Cal. 2005)................................8

*Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987).............................................................3

**Rules** **Page**

Fed. R. Civ. P. 8(a)(2)...........................................................................................3, 6

Fed. R. Civ. P. 12(b)(6)................................................................................................3

Fed. R. Civ. P. 12(e)....................................................................................................8

Fed. R. Civ. P. 84................................................................................................5, 6, 9

Fed. R. Civ. P. App. Form 16..................................................................................5, 6

**Other Authorities** **Page**

5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219
    (3d ed. 2007).....................................................................................................7

I.  **STATEMENT OF PROCEEDINGS**

In its complaint, Plaintiff FlashPoint Technology Inc. ("FlashPoint") alleges a separate claim for relief against each defendant or defendant group in this action with regard to their infringing products that enable users to, among other things, capture, process and view digital images. (Plaintiff's March 7, 2008 Complaint for Patent Infringement (D.I. 1.)("Compl."),¶¶ 39-66.)[1] In response, several of the defendants have answered the Complaint. (D.I. 50, 59, 74, 75, 78, 79, 81, 84, 87 and 89.) Only Leica and VuPoint, through its Joinder in Leica's motion (D.I. 83), have moved to dismiss or to require a more definite statement, arguing that they cannot answer or otherwise respond to the Complaint as drafted. (Leica's April 30, 2008 Brief (D.I. 76)("Leica Brief"), p.1.) In light of VuPoint's Joinder in Leica's motion, except as otherwise indicated herein, this opposition equally applies with respect to VuPoint and the corresponding allegations as to it.

FlashPoint's Complaint identifies the patents infringed by the defendants, the specific entities infringing those patents and the defendants' technology that infringes the patents. The other defendants found these allegations sufficient to answer the Complaint and assert

---

[1] The Complaint alleges infringement of FlashPoint's United States Patent No. 6,118,480 entitled "Method and Apparatus for Integrating a **Digital Camera** User Interface Across Multiple Operating Modes", United States Patent No. 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a **Digital Camera** Device", United States Patent No. 6,222,538 entitled "Directing Image Capture Sequences in a **Digital Imaging Device** Using Scripts", United States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a **Digital Imaging Device**", United States Patent No. 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a **Digital Camera**", United States Patent No. 6,486,914 entitled "Method and System for Controlling User Interaction in a **Digital Imaging Device** Using Dynamic Overlay Bars", and United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a **Digital Imaging Device**".

1

counterclaims against FlashPoint. (D.I. 50, 59, 74, 75, 78, 79, 81, 84, 87 and 89.) In short, Leica and VuPoint too have been provided with sufficient notice of the claims against it and its motion to dismiss should be denied.

## II. SUMMARY OF ARGUMENT

Leica's argument that FlashPoint has not adequately pleaded its claims under Federal Rule of Civil Procedure 8 is unavailing. In its Complaint, FlashPoint identifies the patents-in-suit and the technology covered by them. FlashPoint then separately identifies the specifically alleges, separately for each defendant. (E.g., Compl., ¶¶39-66.) FlashPoint need not detail, at the pleading stage, the specific claims of the patents-in-suit that are infringed by each of Leica's or VuPoint's products. FlashPoint's allegations are more than sufficient to satisfy Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III. STATEMENT OF FACTS

In 1996, FlashPoint was founded as a spin-off of the Imaging Division of Apple Computer, Inc. ("Apple"). FlashPoint continued the research and development of the core technologies started at Apple, and perfected those technologies. Those technologies, protected by the patents-in-suit, relate to digital imaging devices or digital cameras that enable users to, among other things, capture, process and view digital images. The marketplace has widely recognized the value of FlashPoint's inventions, including the patents-in-suit, and, to date, FlashPoint has licensed its patents to numerous companies, including Canon Inc., Casio Computer Co., Ltd., Concord Camera Corp., Seiko Epson Corp., Fuji Photo Film Co., Ltd., Hewlett-Packard Co., Eastman Kodak Co., Konica Corp., Matsushita Electric Industrial Co.,

2

Minolta Co., Ltd., Pentax Corp., Ricoh Corp., Samsung Techwin Co., Ltd., Sanyo Electric Co., Ltd., Sharp Corp., Toshiba Corp., and Vivitar Corp. (Compl., ¶¶39-41.)

Leica manufactures, sells, and offers to sell, among other things, a series of digital and analog cameras and lenses. Similarly, VuPoint manufactures, sells, and offers to sell, among other things, a series of digital cameras. Leica portrays FlashPoint's allegations as lacking specificity as to the basis for FlashPoint's claims against Leica. To the contrary, FlashPoint's complaint specifically alleges a separate cause of action for each defendant, identifies the patents being infringed by name and number, and identifies the technologies protected by those patents.

## IV.  ARGUMENT

Leica's motion to dismiss does not meet the high standard that applies, and should be denied. On a motion to dismiss under Rule 12(b)(6), this Court must "accept all allegations of fact as true and draw all reasonable inferences in [FlashPoint's] favor" to assess whether FlashPoint has any grounds for relief. *Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994)(reversing grant of motion to dismiss by drawing inferences in plaintiff's favor); *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987)(same). Leica disregards Rule 8's authorization of a "short and plain" statement, which FlashPoint clearly provides when stating a separate claim against each defendant, identifying the patents-in-suit and identifying the technology of the patents-in-suit that is infringed by the defendants. (*Infra* at Part IV.B.) Leica's motion to dismiss should therefore be denied.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nothing more is required because the purpose of a complaint under the federal rules is merely "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964

3

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), with approval). Accordingly, allegations containing "[s]pecific facts are not necessary." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). As the Supreme Court recently affirmed, "[w]e do not require heightened fact pleading of specifics but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Using this "simplified" standard, federal courts rely on discovery and summary judgment motions "to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (reversing grant of motion to dismiss); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (same).

Turning to FlashPoint's patent infringement complaint, FlashPoint has specifically identified and stated a separate claim against each defendant, revealed what patents are being infringed, and described the technology of the patents-in-suit that are infringed by the defendants. These allegations give notice of the nature of the claims against Leica (and VuPoint) that are plausible on the face of the Complaint.[2] (*Infra* at Part IV.B.1.) Leica's arguments to the

---

[2] The Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) has recently given increased attention to the long-standing requirement that a claim for relief be "plausible." It did so when applying the concept to a specialized area of antitrust law. The plaintiffs alleged an unlawful agreement among the defendant competitors to divide markets. The plaintiffs based their allegations of "agreement" on "parallel" conduct by the competitors – i.e., allegations that each refrained from competing in the others' primary geographic area of operation. Courts have long recognized that competitors can achieve that result lawfully, by unilaterally refraining from competition as long as their competitors do the same – through "conscious parallelism." Accordingly, the Court held that bare allegations of conspiracy and parallel conduct are not enough to establish a plausible claim. Here, plausibility is not an issue. It is entirely plausible that (a) Flashpoint owns patents for technology that enables users to capture, process, and view digital images, and (b) Leica's products infringe those patents. Any reliance on *Twombly* here would be an effort to transform it into a general requirement of fact pleading, which it is not. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir.

*Footnote continued on next page*

4

contrary either misconstrue the complaint or attempt to impose a heightened pleading requirement on FlashPoint. (*Infra* at Part IV.B.2.)

### A. FlashPoint Has Satisfied Rule 8.

Under Rule 8's notice pleading requirement, a plaintiff in a patent infringement action need not plead facts with specificity. *See Swierkiewicz*, 534 U.S. at 513 (holding that Rule 8 applies to "all civil actions, with limited exceptions" such as fraud). Instead, the complaint merely needs to contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (reversing grant of motion to dismiss); Fed. R. Civ. Proc. 84 & Appendix Form 16.

In *Phonometrics* the Federal Circuit relied on Rule 8 to reverse the grant of a motion to dismiss a patent infringement complaint. It held that a plaintiff need not "include each element of the claims of the asserted patent. . . ." This is because "[t]o impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." 203 F.3d at 794. Instead, it was enough that the plaintiff "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points

---

2007) (reversing grant of motion to dismiss in patent infringement case because *Twombly* did not change Rule 8's pleading standard); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[T]he Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."); *Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399, *6 (D. Del. July 31, 2007) (stating that even under *Twombly* "heightened fact pleading is not required . . .") (Farnan, J.).

5

to the specific sections of the patent law invoked." *Id.* That is enough to ensure that a defendant has sufficient notice to enable it to answer the complaint and defend itself. *Id.*

Similarly, Form 16 of the Federal Rules of Civil Procedure provides an example of direct patent infringement allegations that are sufficient under Rule 8(a)(2) to state a claim for relief. It reads: "Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined in this court." As a matter of law, those allegations "are sufficient under the rules;" indeed, they "are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

FlashPoint's allegations of patent infringement against Leica (and VuPoint) are as specific as the allegations in *Phonometrics* and Form 16. FlashPoint alleges ownership of 7 specific patents-in-suit which contain claims covering technologies that "enable users to, among other things, capture, process and view digital images." (Compl., ¶¶ 40.) FlashPoint then alleges separate claims for relief against each defendant. (Compl., ¶¶ 43-66.)

### B. Leica Attempts to Impose a Heightened Pleading Requirement on FlashPoint.

Leica supports its motion to dismiss with incomplete statements about the level of specificity in the complaint. Leica uses these statements to create the impression that FlashPoint's complaint leaves Leica (a maker of digital devices that, among other things, enable users to capture, process, and view digital images) in the dark about what it has done to infringe the FlashPoint patent portfolio. Putting these incomplete statements aside, it becomes clear that Leica's argument for greater specificity boils down to an argument that, to state a patent infringement claim, FlashPoint must allege: (a) the specific claims in the patents-in-suit that have allegedly been infringed, (b) the names of products that infringe FlashPoint's patents, and (c) the

separate theories of liability that support a claim for relief against a single defendant – the theory of direct infringement and the various theories of vicarious infringement – as separate claims for relief. Each of these arguments impermissibly attempts to impose a heightened pleading requirement on FlashPoint.

### 1. Claim-Specific Infringement Contentions Will Be Developed as the Case Proceeds.

Under Rule 8, a patent holder can state a claim for relief without specifying which claims of a patent the defendant has infringed. *McZeal*, 501 F.3d at 1357 (Fed. Cir. 2007) (reversing the grant of a motion to dismiss by reasoning that "a plaintiff in a patent infringement suit is not require to specifically include each element of the claims of the asserted patents"); *Phonometrics*, 203 F.3d at 794 (same). Leica claims that to "reasonably frame a responsive pleading", Leica would be forced to read the 7 asserted patents and compare each to its products. (Leica Brief, p.2-3.)

Leica's position is flawed for a number of reasons. Leica cannot articulate a reason why FlashPoint should be required, before discovery, to provide the specificity it is demanding, which would require FlashPoint to finalize its claims at that level of detail here at the pleading stage. Imposing this type of requirement on a patent holder would unnecessarily complicate the already complex process of patent litigation and contradict the spirit of the federal rules.

In fact, Leica's position is reminiscent of the old theory of the pleadings doctrine, under which "a complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all." 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3d ed. 2007) (quoting *Mescall v. Tully*, 91 Ind. 96, 99 (Ind. 1883)). Rule 8, of course, abolished that requirement. *Id.*; *see also Anthran v. PATCO*, 672 F.2d 706, 709 (8th Cir. 1982) ("The 'theory of the pleadings' doctrine, under which a plaintiff must succeed on those

7

theories that are pleaded or not at all, has been effectively abolished under the federal rules"); *Nord v. McElroy*, 296 F.2d 12, 14 (9th Cir. 1961) ("The Federal Rules of Civil Procedure have done away with the narrow 'theory of the pleadings' doctrine."). Now, a defendant that is on notice of the nature of the claims against it can use discovery procedures and motions for summary judgment to further refine the scope of the claims against it.[3]

Moreover, only limited information is publicly available about Leica's products. FlashPoint should be permitted to obtain discovery before it has to identify specific claims infringed by specific products made and sold by Leica. *See McZeal*, 501 F.3d at 1357-58 (reversing grant of motion to dismiss because at pleading stage "all [Plaintiff] has access to is [Defendant's] public statements and advertisements" and "the specifics of how [Defendant's] purportedly infringing device works is something to be determined through discovery").

### 2. FlashPoint Has Sufficiently Identified Leica's Infringing Technology.

Leica next argues that FlashPoint should be forced to re-plead because the complaint does not specifically name the products that infringe the patents-in-suit. (Leica Brief, p.2-3.) Leica argues that FlashPoint's only allegations of infringement reference nothing more than

---

[3] For this reason, Leica's alternative motion under Rule 12(e) for a more definite statement should also be denied. Rule 12(e) allows a party to move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e) (2007). Rule 12(e) motions "are viewed with disfavor, and are rarely granted." *U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (Klausner, J.); *see also Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006). They "attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Sequel Contractors, Inc.*, 402 F. Supp. 2d at 1147. If the detail sought by such a motion is obtainable through discovery, the motion should be denied. *See id.*; *CFMT, Inc. v. Yieldup Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795, *3 (D. Del. April 5, 1996).

"labels and conclusions" and that FlashPoint simply concludes that, without any support or explanation, Leica "'practices inventions covered by one or more of the patents-in-suit'." (Leica Brief, p.2.) Leica claims that these references are so indefinite that it "cannot reasonably frame a responsive pleading." (Leica Brief, p.2.) In a nutshell, Leica claims that it cannot determine what it could possibly have done to be named in the suit.

Indeed, FlashPoint's allegations in the Complaint are more than sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (2007). In fact, FlashPoint identifies the technology at issue in as much detail as that provided in Form 16 of the Appendix to the Federal Rules of Civil Procedure (the example provided is "electric motors embodying the patented invention"). That example demonstrates "the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84. A party need not identify by name the specific products or internal systems that are alleged to infringe a patent. *See e.g., Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) (holding that complaint accusing "all products" that incorporate a particular technology satisfies Rule 8).[4]

### 3. FlashPoint Properly Pleads Vicarious Infringement as an Appropriate Alternative Theory Against Leica.

Finally, Leica argues that FlashPoint has failed to sufficiently plead its theory of vicarious infringement. (Leica Brief, p.8.) Leica claims that "FlashPoint pleaded nothing but a

---

[4] The cases that Leica cites in support of its argument are distinguishable. Unlike Flashpoint here, the plaintiff in each of those cases did not describe the infringing conduct in detail; rather, the plaintiff alleged that at least one unspecified product of a wide range of the defendants' products infringed the patents-in-suit. *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, *1 n.2 (D. Del. June 10, 2002).

9

legal conclusion" on this point. (Leica Brief, p.8.) In support of its argument, Leica cites no authority for the proposition that FlashPoint may not accuse Leica of both direct and vicarious liability. Instead, Leica merely refers yet again to *Twombly* – which does not even relate to patent infringement.

Here, FlashPoint's complaint is specific in its allegations as to each defendant. (*See supra* p.4.) There are multiple patents and multiple claims in those patents. Depending upon the patent claim and the details about Leica's products and how they are operated, Leica may be a direct infringer or its liability may be vicarious based on the conduct of its customers. At the pleading stage, FlashPoint is entitled to plead alternative theories. Moreover, a plaintiff is not required to allege facts that, because no discovery has yet occurred, are in the exclusive possession of the defendants. *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (holding that Rule 9's fact pleading requirement does not apply to breach of fiduciary duty cases that do not involve fraud because "the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage"); *Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) (reversing grant of motion to dismiss fraud action where facts not alleged were within defendant's knowledge). FlashPoint has adequately pled its claims and it should be allowed to proceed with discovery to further flesh out its theories of liability.

## V. CONCLUSION

For all the foregoing reasons, among others, FlashPoint respectfully requests that Leica's motion to dismiss be denied in its entirety.

Patrick J. Coughlin
Michael J. Dowd
Ray Arun Mandlekar
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
(212) 697-6262

Dated: May 14, 2008

/s/ Evan O. Williford
David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff Flashpoint Technology, Inc.*

## CERTIFICATE OF SERVICE

I, Evan O. Williford, hereby certify that on May 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing document – **Plaintiff Flashpoint Technology Inc.'s Opposition to the Leica and VuPoint Defendants' Motion to Dismiss** – with the Clerk of Court using CM/ECF which will send notification of such filing to the following local counsel for defendants:

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Defendants Bushnell, Inc.,
and Tabata U.S.A., Inc. d/b/a Sea & Sea*

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Attorneys for Defendant Sakar
International Inc. d/b/a Digital Concepts*

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19899
*Attorneys for Defendant General Electric
Company*

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801
*Attorneys for Defendants Leica Camera
AG and Leica Camera, Inc. and Mustek,
Inc. USA*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Defendants Wal-Mart Stores,
and Target Corp.*

Candice Toll Aaron, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
*Attorneys for Defendants Ritz Camera
Centers, Inc. and Ritz Interactive, Inc.*

Daniel V. Folt, Esquire
Matthew Neiderman, Esquire
Aimee M. Czachorowski, Esquire
Duane Morris
1100 North Market Street, Suite 1200
Wilmington, DE 19801
*Attorneys for Defendant Aiptek, Inc.*

Paul E. Crawford, Esquire
Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
*Attorneys for Defendant Oregon Scientific, Inc.*

Francis DiGiovanni, Esquire
Chad S.C. Stover, Esquire
Connolly Bove Lodge & Hutz
1007 N. Orange Street
Wilmington, DE 19801
*Attorneys for DXG Technology (U.S.A.) Inc. and DXG Technology Corp.*

Collins J. Seitz, Jr., Esquire
Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
*Attorneys for Defendants Polaroid Corporation*

Richard D. Kirk, Esquire
Bayard
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Attorneys for Defendant Sakar International Inc. d/b/a Digital Concepts and VuPoint Solutions, Inc.*

I further certify that on May 14, 2008, I caused a copy of the foregoing document to be served on the following defendants by First Class Mail:

Argus Camera Company LLC
1610 Colonial Parkway
Inverness, IL 60067

VistaQuest Corporation
6303 Owensmouth Avenue
10th Floor
Woodland Hills, CA 91367

Walgreen Co.
200 Wilmot Road
Deerfield, IL 60015

Minox USA Inc.
438 Willow Brook Road
Plainfield, NH 03781

/s/ Evan O. Williford
David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
  *Attorneys for plaintiff Flashpoint Technology, Inc.*