IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § C.A. No. 08-139-GMS |
| | § |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, | § **JURY TRIAL DEMANDED** |
| BUSHNELL INC., DXG TECHNOLOGY (U.S.A.) | § |
| INC., DXG TECHNOLOGY CORP., GENERAL | § |
| ELECTRIC CO., LEICA CAMERA AG, LEICA | § |
| CAMERA INC., MINOX GMBH, MINOX USA, INC., | § |
| MUSTEK, INC. USA, MUSTEK, INC., OREGON | § |
| SCIENTIFIC, INC., POLAROID CORP., RITZ | § |
| INTERACTIVE, INC., RITZ CAMERA CENTERS, | § |
| INC., SAKAR INTERNATIONAL, INC., D/B/A | § |
| DIGITAL CONCEPTS, TABATA U.S.A., INC., D/B/A | § |
| SEA & SEA, TARGET CORP., VISTAQUEST CORP., | § |
| VUPOINT SOLUTIONS, INC., WALGREEN CO., and | § |
| WAL-MART STORES, INC., | § |
| | § |
| Defendants | § |
| | § |

## PLAINTIFF'S REPLY TO RITZ INTERACTIVE, INC.'S COUNTERCLAIMS

Plaintiff FlashPoint Technology, Inc. ("FlashPoint") hereby responds to each paragraph of Ritz Interactive, Inc.'s ("Ritz Interactive") Counterclaims as follows:

### THE PARTIES

1.   Upon information and belief, admitted.

2.   Admitted.

### JURISDICTION AND VENUE

3.   Admitted that this action purports to arise under the Patent Laws of the United States, 35 U.S.C. §100 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§2201 and 2202, that an actual justiciable controversy exists between FlashPoint and Ritz Interactive regarding the validity of one or more of the patents-in-suit and the infringement of one or more claims of the patents-in-suit, that FlashPoint is the legal

{BMF-W0095377.}

owner of the patents-in-suit, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2202, but otherwise denied.

    4.    Admitted.

### COUNT ONE: NON-INFRINGEMENT OF THE '480 PATENT

    5.    FlashPoint incorporates the replies set forth in Paragraphs 1-4 above as if fully set forth herein.

    6.    Denied.

    7.    Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '480 patent, but otherwise denied.

### COUNT TWO: INVALIDITY OF THE '480 PATENT

    8.    FlashPoint incorporates the replies set forth in Paragraphs 1-7 above as if fully set forth herein.

    9.    Denied.

    10.    Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '480 patent are invalid, but otherwise denied.

### COUNT THREE: NON-INFRINGEMENT OF THE '956 PATENT

    11.    FlashPoint incorporates the replies set forth in Paragraphs 1-10 above as if fully set forth herein.

    12.    Denied.

    13.    Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '956 patent, but otherwise denied.

### COUNT FOUR: INVALIDITY OF THE '956 PATENT

    14.    FlashPoint incorporates the replies set forth in Paragraphs 1-13 above as if fully set forth herein.

15. Denied.

16. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '956 patent are invalid, but otherwise denied.

### COUNT FIVE: NON-INFRINGEMENT OF THE '538 PATENT

17. FlashPoint incorporates the replies set forth in Paragraphs 1-16 above as if fully set forth herein.

18. Denied.

19. Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '538 patent, but otherwise denied.

### COUNT SIX: INVALIDITY OF THE '538 PATENT

20. FlashPoint incorporates by reference the replies set forth in Paragraphs 1-19 above as if fully set forth herein.

21. Denied.

22. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '538 patent are invalid, but otherwise denied.

### COUNT SEVEN: NON-INFRINGEMENT OF THE '190 PATENT

23. FlashPoint incorporates the replies set forth in Paragraphs 1-23 above as if fully set forth herein.

24. Denied.

25. Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '190 patent, but otherwise denied.

### COUNT EIGHT: INVALIDITY OF THE '190 PATENT

26. FlashPoint incorporates the replies set forth in Paragraphs 1-25 above as if fully set forth herein.

27. Denied.

28. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '190 patent are invalid, but otherwise denied.

### COUNT NINE: NON-INFRINGEMENT OF THE '316 PATENT

29. FlashPoint incorporates the replies set forth in Paragraphs 1-28 above as if fully set forth herein.

30. Denied.

31. Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '316 patent, but otherwise denied.

### COUNT TEN: INVALIDITY OF THE '316 PATENT

32. FlashPoint incorporates the replies set forth in Paragraphs 1-31 above as if fully set forth herein.

33. Denied.

34. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '316 patent are invalid, but otherwise denied.

### COUNT ELEVEN: NON-INFRINGEMENT OF THE '914 PATENT

35. FlashPoint incorporates the replies set forth in Paragraphs 1-35 above as if fully set forth herein.

36. Although FlashPoint is still investigating this matter, FlashPoint does not presently allege that Ritz Interactive infringes, contributes to the infringement of, or actively induces others to infringe, any claim of the '914 patent.

37. FlashPoint does not presently assert that any claim of the '914 patent is infringed by Ritz Interactive.

### COUNT TWELVE: INVALIDITY OF THE '914 PATENT

38. FlashPoint incorporates the replies set forth in Paragraphs 1-37 above as if fully set forth herein.

39. Denied.

40. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '914 patent are invalid, but otherwise denied.

### COUNT THIRTEEN: NON-INFRINGEMENT OF THE '575 PATENT

41. FlashPoint incorporates the replies set forth in Paragraphs 1-40 above as if fully set forth herein.

42. Denied.

43. Admitted that Ritz Interactive seeks a declaration from this Court that Ritz Interactive does not infringe the '575 patent, but otherwise denied.

### COUNT FOURTEEN: INVALIDITY OF THE '575 PATENT

44. FlashPoint incorporates the replies set forth in Paragraphs 1-43 above as if fully set forth herein.

45. Denied.

46. Admitted that Ritz Interactive seeks a declaration from this Court that the claims of the '575 patent are invalid, but otherwise denied.

### DEMAND FOR JURY TRIAL

47. No response to Paragraph 47 is required.

### PRAYER FOR RELIEF

In addition to the relief requested in Plaintiff's Original Complaint, Plaintiff respectfully requests a judgment against Ritz Interactive as follows:

A. That Ritz Interactive takes nothing by its Counterclaims;

  B.  That the Court award Plaintiff costs and attorneys' fees incurred in defending against these Counterclaims; and

  C.  Any and all further relief for Plaintiff as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

| | |
|---|---|
| | /s/ Evan O. Williford |
| Patrick J. Coughlin | David J. Margules (I.D. No. 2254) |
| Michael J. Dowd | Evan O. Williford (I.D. No. 4162) |
| Ray Arun Mandlekar | BOUCHARD MARGULES & FRIEDLANDER, P.A. |
| COUGHLIN STOIA GELLER | 222 Delaware Avenue, Suite 1400 |
| RUDMAN & ROBBINS LLP | Wilmington, DE 19801 |
| 655 West Broadway, Suite 1900 | Telephone: (302) 573-3500 |
| San Diego, CA 92101 | dmargules@bmf-law.com |
| (619) 231-1058 | ewilliford@bmf-law.com |
| | *Attorneys for Plaintiff Flashpoint Technology, Inc.* |

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
(212) 697-6262

Dated: May 20, 2008

## CERTIFICATE OF SERVICE

I, Evan O. Williford, hereby certify that on May 20, 2008, I caused to be electronically filed a true and correct copy of the foregoing document – **Plaintiff's Reply to Ritz Interactive, Inc.'s Counterclaims** – with the Clerk of Court using CM/ECF which will send notification of such filing to the following local counsel for defendants:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>*Attorneys for Defendants Bushnell, Inc., and Tabata U.S.A., Inc. d/b/a Sea & Sea and* | Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>*Attorneys for Defendant Sakar International Inc. d/b/a Digital Concepts* |
| Steven J. Balick, Esquire<br>Ashby & Geddes<br>500 Delaware Avenue<br>Wilmington, DE 19899<br>*Attorneys for Defendant General Electric Company* | Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801<br>*Attorneys for Defendants Leica Camera AG and Leica Camera, Inc. and Mustek, Inc. USA* |
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants Wal-Mart Stores, and Target Corp.* | Candice Toll Aaron, Esquire<br>Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801<br>*Attorneys for Defendants Ritz Camera Centers, Inc. and Ritz Interactive, Inc.* |
| Daniel V. Folt, Esquire<br>Matthew Neiderman, Esquire<br>Aimee M. Czachorowski, Esquire<br>Duane Morris<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801<br>*Attorneys for Defendant Aiptek, Inc.* | Collins J. Seitz, Jr., Esquire<br>Kevin F. Brady, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 N. Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants Polaroid Corporation* |

{BMF-W0095377.}

| | |
|---|---|
| Paul E. Crawford, Esquire<br>Kevin F. Brady, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 N. Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant Oregon Scientific, Inc.* | Richard D. Kirk, Esquire<br>Bayard<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>*Attorneys for Defendant Sakar International Inc. d/b/a Digital Concepts and VuPoint Solutions, Inc.* |

Francis DiGiovanni, Esquire
Chad S.C. Stover, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
302-658-9141
*Attorneys for Defendants DXG Technology [U.S.A.] Inc. and DXG Technology Corp.*

I further certify that on May 20, 2008, I caused a copy of the foregoing document to be served on the following defendants by First Class Mail:

| | |
|---|---|
| Argus Camera Company LLC<br>1610 Colonial Parkway<br>Inverness, IL 60067 | VistaQuest Corporation<br>6303 Owensmouth Avenue<br>10th Floor<br>Woodland Hills, CA 91367 |
| Walgreen Co.<br>200 Wilmot Road<br>Deerfield, IL 60015 | Minox USA Inc.<br>438 Willow Brook Road<br>Plainfield, NH 03781 |

/s/ Evan O. Williford
David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
  *Attorneys for plaintiff Flashpoint Technology, Inc.*

{BMF-W0095377.}