IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY INC.,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AIPTEK INC., ARGUS CAMERA CO., LLC,  )<br>BUSHNELL INC., DXG TECHNOLOGY (U.S.A.))<br>INC., DXG TECHNOLOGY CORP., GENERAL  )<br>ELECTRIC CO., LEICA CAMERA AG, LEICA  )<br>CAMERA INC., MINOX GMBH, MINOX USA,  )<br>INC., MUSTEK INC. USA, MUSTEK INC.,  )<br>OREGON SCIENTIFIC, INC., POLAROID  )<br>CORP., RITZ INTERACTIVE, INC., RITZ  )<br>CAMERA CENTERS, INC., SAKAR  )<br>INTERNATIONAL INC., D/B/A DIGITAL  )<br>CONCEPTS, TABATA USA INC., D/B/A SEA & )<br>SEA, TARGET CORP., VISTAQUEST CORP.,  )<br>VUPOINT SOLUTIONS, INC., WALGREEN CO.,)<br>WAL-MART STORES INC.  )<br>)<br>Defendants.  | C.A. No. 08-139-GMS |

**DEFENDANTS LEICA CAMERA AG AND LEICA CAMERA, INC.'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

OF COUNSEL:
J.D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004

Dated:  May 27, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
302-651-7700

*Attorneys for Defendants
Leica Camera AG and Leica Camera Inc.*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. FlashPoint Has Failed to Identify Which Patents Leieca Allegedly Infringes | 1 |
| II. FlashPoint Has Failed to Identify Any Other Facts Required by the Federal Rules | 3 |
| III. Conclusion | 4 |

RLF1-3286791-1

## TABLE OF AUTHORITIES

### CASES

*Phonometrics, Inc. v. Hospitality Franchise, Sys., Inc.*,
203 F.3d 790 (Fed. Cir. 2000) .................................................................................................1

Leica Camera AG and Leica Camera, Inc. (collectively, "Leica") submit this reply in support of their Motion to Dismiss or, in the Alternative, for a More Definite Statement ("Leica's motion") (D.E. 76). As discussed herein, neither Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Complaint nor its opposition to Leica's motion (D.E. 105) cites a single fact that would put Leica on the notice required by the Federal Rules as to FlashPoint's allegations of patent infringement.

### I. FlashPoint Has Failed to Identify Which Patents Leica Allegedly Infringes

FlashPoint's opposition goes on for nearly 10 pages, but it gives short shrift to the most important issue raised in Leica's motion: FlashPoint has not identified which of its "one or more" patents Leica allegedly infringes. In a case as complex as the instant one – with 24 defendants and seven patents – a bare allegation that Leica infringes "the patents-in-suit" (D.E. 1 at ¶¶ 50, 51) is simply not enough.

Further, the authorities cited by FlashPoint – a single case and a form from the Federal Rules – are inapposite to the instant lawsuit, which involves the assertion of multiple patents. In *Phonometrics, Inc. v. Hospitality Franchise, Sys., Inc.*, while the Federal Circuit reversed a motion to dismiss, only a single patent was asserted by the plaintiff. 203 F.3d 790, 794 (Fed. Cir. 2000). Therefore, unlike in the instant case, there could have been no ambiguity or uncertainty for the defendants in *Phonometrics* concerning the patent being asserted against them. *See id.* at 792.

Likewise, FlashPoint argued that the nature of the infringement allegations found in Form 18 of the Federal Rules of Civil Procedure[1] further justifies the bare-bones nature of its infringement allegations against Leica. Again, however, Form 18 is a draft complaint for infringement of *a single patent*. *See* http://www.uscourts.gov/rules/Usable_Rules_Forms_Civil/ CIV18-Complaint_for_Patent_Infringement.rtf (visited May 22, 2008) ("The defendant has infringed and is still infringing the Letters Patent by . . . .").

Unlike the single-patent scenarios in *Phonometrics* and Form 18, Leica and the 22 other defendants have been sued for infringement of seven (7) different patents. FlashPoint has provided no information to Leica in its complaint or in its opposition to Leica's motion identifying which of its seven patents is allegedly infringed by Leica. Is it one or two? Six or seven? Leica does not know.

The uncertainty Leica is facing in this regard is confirmed by FlashPoint's response to the counterclaims asserted by other defendants in the instant litigation. Specifically, in its replies to counterclaims of four other defendants, FlashPoint admitted that those parties did not infringe all seven of the patents-in-suit. For example, in response to Tabata U.S.A., Inc's ("Tabata's") Counterclaims (D.E. 111), FlashPoint stated:

> . . . FlashPoint does not presently allege that Tabata infringes, contributes to the infringement of, or actively induces others to infringe, any claim of the '538 patent.

*Id.* at 2. FlashPoint has also admitted that Tabata does not infringe the '316, '914, and '575 patents. *See id.* at 3-4. And with respect to the three other defendants, FlashPoint has conceded that:

---

[1] FlashPoint erroneously referred to this as "Form 16" in its opposition. *See* D.E. 105 at 6.

- Mustek, Inc. U.S.A. does not infringe the '538, '316, 914, and '575 patents. D.E. 70 at 4-7.

- Ritz Camera Centers, Inc. does not infringe the '914 patent. D.E. 109 at 4-5.

- Ritz Interactive, Inc. does not infringe the '914 patent. D.E. 110 at 4.

This illustrates that FlashPoint's initial Complaint was vague and requires clarification. The same vague allegations of infringement of "one or more" of the seven patents-in-suit made against Leica were also originally made against each of these other defendants. Then, after being confronted with counterclaims for patent invalidity, FlashPoint withdrew its allegations as to one or more patents – in essence admitting that it had made the original allegations formulaically without any present basis for believing that the subsequently withdrawn patents were being infringed in the first place.

To analyze each of the seven patents-in-suit and compare them to each product in Leica's product line is not a trivial or inexpensive exercise. Leica should not be compelled by FlashPoint's vague and formulaic complaint to investigate and respond to similarly baseless allegations. Simply put, FlashPoint's lack of detail in its pleadings combined with the number of defendants and the number of patents has left Leica in the position of having to guess what patents are being asserted against it and to bear the costs associated with that uncertainty. Such an outcome is not contemplated by the case law or the Federal Rules and is, therefore, grounds for dismissal or, in the alternative, grounds for the Court to require FlashPoint to provide a more definite statement.

## II. FlashPoint Has Failed to Identify Any Other Facts Required by the Federal Rules

In a further attempt to divert the Court from the issues presented in Leica's motion, FlashPoint has asserted that Leica is asking the Court to force FlashPoint to identify specific

3

*claims* in its patents that allegedly are being infringed. *See* D.E. 105 at 6-8. That is false, as Leica has done no such thing. Leica's motion only seeks the identification of which patents, and Leica products, are being accused here. The vast number of claims contained in those seven patents merely emphasizes the unreasonable burden that would be imposed on Leica without a more definite statement.

Leica seeks a ruling from the Court that FlashPoint has failed to provide the bare minimum of information that would allow Leica to defend itself in this matter. As discussed above, FlashPoint's failure to identify which patents it is asserting against Leica is reason enough to dismiss FlashPoint's Complaint. Further, FlashPoint's failure to identify any Leica products that allegedly infringe – especially given the two very different lines of digital cameras sold by Leica – or any actions by Leica that constitute indirect infringement are further reason to dismiss FlashPoint's complaint or compel it to provide a more detailed set of allegations against Leica.

### III. Conclusion

For the reasons discussed above and in Leica's motion, the Court should dismiss the Complaint as to Leica Camera AG and Leica Camera, Inc., or alternatively, direct FlashPoint to provide a more definite statement pursuant to Rule 12(e).

OF COUNSEL:

J.D. Evans
Jeffrey D. Sanok
Michael H. Jacobs
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Dated: May 27, 2008

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Defendants*
*Leica Camera AG and Leica Camera Inc.*

4

RLF1-3286726-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

David J. Margules
Evan O. Williford
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@BMF-law.com
ewilliford@BMF-law.com

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com

David Ellis Moore
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899-0951
dmoore@potteranderson.com

Richard K. Herrmann
Morris James, LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
rherrmann@morrisjames.com

Richard D. Kirk
Bayard, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899
bankserve@bayardlaw.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com

Candace Toll Aaron
Saul Ewing LLP
222 Delaware Avenue #1200
P. O. Box 1266
Wilmington, DE 19899
caaron@saul.com

I hereby certify that on May 27, 2008, I sent by electronic mail the foregoing document to the following:

David M. Hill
John W. Olivo
John F. Ward
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017
hilld@wardolivo.com
olivoj@wardolivo.com
wardj@wardolivo.com
zinnam@wardolivo.com

Ezra Sutton
Law Offices of Ezra Sutton
900 Route 9, Suite 201
Woodbridge, NJ 07095
esutton@ezrasutton.com

Kenneth A. Liebman
James R. Steffen
Matthew A. Stump
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
KLiebman@faegre.com
JSteffen@faegre.com
MStump@faegre.com

Sherry H. Flax
Saul Ewing LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
sflax@saul.com

Michael J. Dowd
Rajesh Ray Mandlekar
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
miked@csgrr.com
rmandlekar@csgrr.com

Frank Frisenda
Frisenda Quinton & Nicholson
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA 90025
frankfrisenda@aol.com

Steven G. Schortgen
Jay B. Johnson
Samir A. Bhavsar
David G. Wille
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Steve.schortgen@bakerbotts.com
Jay.johnson@bakerbotts.com
Samir.bhavsar@bakerbotts.com
David.Wille@bakerbotts.com

_/s/ Anne Shea Gaza_
Anne Shea Gaza (#4093)
gaza@rlf.com