**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, | ) | |
| BUSHNELL INC., DXG TECHNOLOGY | ) | |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., | ) | C.A. No. 08-139-GMS |
| GENERAL ELECTRIC CO., | ) | |
| INTERNATIONAL NORCENT TECH., | ) | |
| LEICA CAMERA AG, LEICA CAMERA | ) | JURY TRIAL DEMANDED |
| INC., MINOX GMBH, MINOX USA, INC., | ) | |
| MUSTEK, INC. USA, MUSTEK, INC., | ) | |
| OREGON SCIENTIFIC, INC., POLAROID | ) | |
| CORP., RITZ INTERACTIVE, INC., RITZ | ) | |
| CAMERA CENTERS, INC., SAKAR | ) | |
| INTERNATIONAL, INC., D/B/A DIGITAL | ) | |
| CONCEPTS, TABATA U.S.A., INC., D/B/A | ) | |
| SEA & SEA, TARGET CORP., VISTAQUEST | ) | |
| CORP., VUPOINT SOLUTIONS, INC., | ) | |
| WALGREEN CO., and WAL-MART STORES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIMS OF
DEFENDANT OREGON SCIENTIFIC, INC.**

Defendant Oregon Scientific, Inc. ("OSI") responds to the complaint of Plaintiff

FlashPoint Technology, Inc. ("Plaintiff" or "FlashPoint") as follows:

## NATURE OF THE ACTION

1.    OSI denies the allegations of paragraph 1, except OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegation that FlashPoint is the legal owner of the patents-in-suit and therefore denies the same, and admits that FlashPoint's Complaint purports to allege a claim for patent infringement and seeks injunctive relief and monetary damages, and further admits that copies of United States Patent Nos. 6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "'480 patent"), 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "'956 patent"), 6,222,538 entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "'538 patent"), 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "'190 patent"), 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "'316 patent"), 6,486,914 entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "'914 patent"), and 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "'575 patent") are attached as Exhibits 1 through 7 to the Complaint, respectively.

## PARTIES

2.    OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 and therefore denies the same.

3.    OSI admits the allegations set forth in paragraph 16 of the complaint.

## JURISDICTION AND VENUE

4.      In response to paragraph 27, OSI admits that FlashPoint's Complaint purports to allege a claim for patent infringement under the laws of 35 U.S.C. §1, *et seq.*, and denies that OSI committed any acts of infringement or contributory infringement. The remaining allegations of paragraph 27 state conclusions of law to which no response is required.

5.      OSI denies the allegations of paragraph 28, except OSI that it admits that it is subject to the personal jurisdiction of this Court. OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 to the extent they relate to the other named defendants and therefore denies the same.

6.      To the extent the allegations in paragraph 29 of the complaint are directed towards OSI, OSI admits that it makes products available for purchase through the website, http://www2.oregonscientific.com but otherwise denies those allegations. OSI otherwise lacks information sufficient to form a belief as to the allegations set forth in paragraph 29 of the complaint that are not directed towards OSI and on that basis denies those allegations.

7.      OSI states that venue under 28 U.S.C. §§ 1391 and 1400(b) is dependant upon facts related to the other named defendants and, until those facts are revealed through discovery, OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

8.      OSI denies the allegations of paragraph 31, except OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 to the extent they relate to the other named defendants and therefore denies the same.

## COUNT 1 – PATENT INFRINGEMENT

9.      OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies the same, except OSI admits that, on its face, the '480 patent indicates an issue date of September 12, 2000 and lists FlashPoint as assignee and Eric C. Anderson, Steve Saylor and Amanda R. Mander as inventors.

10.      OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the same, except OSI admits that, on its face, the '956 patent indicates an issue date of January 23, 2001 and lists FlashPoint as assignee and Eric C. Anderson and Mike M. Masukawa as inventors.

11.      OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies the same, except OSI admits that, on its face, the '538 patent indicates an issue date of April 24, 2001 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

12.      OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the same, except OSI admits that, on its face, the '190 patent indicates an issue date of April 24, 2001 and lists FlashPoint as assignee and Tim Takao Aihara and Rodney Somerstein as inventors.

13.      OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same, except OSI admits that, on its face, the '316 patent indicates an issue date of June 19, 2001 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

14.     OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the same, except OSI admits that, on its face, the '914 patent indicates an issue date of November 26, 2002 and lists FlashPoint as assignee and Eric C. Anderson as inventor.

15.     OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the same, except OSI admits that, on its face, the '575 patent indicates an issue date of January 7, 2003 and lists FlashPoint as assignee and Michael A. Ramirez and Eric C. Anderson as inventors.

16.     OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 39, 40 and 41 and therefore denies the same.

17.     OSI denies the allegations of paragraph 42, except OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 with respect to the other named defendants and therefore denies the same.

18.     OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 and 55 and therefore denies the same.

19.     OSI denies the allegations of paragraph 56.

20.     OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 and 69 and therefore denies the same.

21.     OSI denies the allegations of paragraph 67, 68 and 70, except OSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraphs 67, 68 and 70 with respect to the other named defendants and therefore denies the same.

## JURY DEMAND

22.    Paragraph 71 sets forth a request to which no response is required.

23.    OSI denies all other allegations in the Complaint not otherwise responded to above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief against OSI because OSI has not infringed the patents-in-suit, has not actively induced infringement of the patents-in-suit, and has not contributed to infringement of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, the proof at trial will show that the claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

OSI has not willfully infringed and is not willfully infringing the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought by plaintiff is barred in whole or in part by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

FlashPoint's claims of the patents-in-suit are barred by the doctrine of prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The scope of the claims of the patent-in-suit does not cover any of OSI's products, either literally or under the Doctrine of Equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

FlashPoint is not entitled to equitable relief as it has adequate remedies at law, and it has not sustained irreparable injury.

### EIGHT AFFIRMATIVE DEFENSE

Upon information and belief, the proof at trial will show that the damages sought by FlashPoint are barred in whole or in part because of FlashPoint's or its licensees' failure to comply with 35 U.S.C. § 287.

### NINTH AFFIRMATIVE DEFENSE

OSI presently has insufficient knowledge or information upon which to form a believe as to whether it has additional, as yet unstated affirmative defenses available. Discovery has not been completed in this case and additional facts may be discovered that give rise to additional affirmative defenses. OSI reserves the right to raise additional applicable affirmative defenses at a later date if subsequently discovered evidence so warrants.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Oregon Scientific Inc. ("OSI"), for its counterclaims against FlashPoint, alleges as follows:

1.     These are counterclaims for declarations of non-infringement, invalidity and unenforceability of one or more claims of U.S. Patent Nos. 6,118,480, 6,177,956, 6,222,538, 6,223,190, 6,249,316, 6,486,914 and 6,504,575 (collectively, the "patents-in-suit").

2.     The plaintiff-in-counterclaim OSI is a corporation organized and existing under the laws of the State of Oregon having its principal place of business at 19861 Southwest 95th Avenue, Tualatin, Oregon 97062.

3.     The defendant-in-counterclaim FlashPoint Technology, Inc. ("FlashPoint") alleges in its Complaint that it is a Delaware corporation having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5.     This Court has personal jurisdiction over FlashPoint by virtue of FlashPoint being a Delaware corporation and by it filing the Complaint in this matter.

6.     If, and only if, this Court finds that venue is proper over the claims made by plaintiff in this Court, venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

7.     FlashPoint has sued OSI claiming that FlashPoint is the owner of the patents-in-suit and accusing OSI of infringing the patents-in-suit.

8.    An actual case and controversy exists between the parties concerning the infringement, validity and enforceability of one or more of the claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I

### (Non-Infringement, Invalidity and Unenforceability of the '480 Patent)

9.    Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

10.    Upon information and belief, one or more of the claims of the '480 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

11.    OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '480 patent, and that the '480 patent is invalid and unenforceable.

## COUNT II

### (Non-Infringement, Invalidity and Unenforceability of the '956 Patent)

12.    Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

13.    Upon information and belief, one or more of the claims of the '956 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

14.    OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '956 patent, and that the '956 patent is invalid and unenforceable.

## COUNT III

### (Non-Infringement, Invalidity and Unenforceability of '538 Patent)

15.    Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

16.    Upon information and belief, one or more of the claims of the '538 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

17.    OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '538 patent, and that the '538 patent is invalid and unenforceable.

## COUNT IV

### (Non-Infringement, Invalidity and Unenforceability of '190 Patent)

18.    Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

19.    Upon information and belief, one or more of the claims of the '190 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

20.    OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '190 patent, and that the '190 patent is invalid and unenforceable.

## COUNT V

### (Non-Infringement, Invalidity and Unenforceability of '316 Patent)

21.     Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

22.     Upon information and belief, one or more of the claims of the '316 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

23.     OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '316 patent, and that the '316 patent is invalid and unenforceable.

## COUNT VI

### (Non-Infringement, Invalidity and Unenforceability of '914 Patent)

24.     Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

25.     Upon information and belief, one or more of the claims of the '914 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

26.     OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '914 patent, and that the '914 patent is invalid and unenforceable.

## COUNT VII

### (Non-Infringement, Invalidity and Unenforceability of '575 Patent)

27.     Paragraphs 1 – 6 are re-alleged and incorporated fully as if set forth herein.

28.     Upon information and belief, one or more of the claims of the '575 patent are invalid and unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

29.     OSI is entitled to a declaratory judgment that it has not infringed and is not infringing the '575 patent, and that the '575 patent is invalid and unenforceable.

WHEREFORE, OSI requests that the Court enter a judgment in its favor and against FlashPoint as follows:

(a)     Dismissing the Complaint in its entirety, with prejudice;

(b)     Declaring that OSI has not infringed, and is not infringing, the '480 patent

(c)     Declaring that one or more of the claims of the '480 patent are invalid, void and/or unenforceable;

(d)     Declaring that OSI has not infringed, and is not infringing, the '956 patent;

(e)     Declaring that one or more of the claims of the '956 patent are invalid, void and/or unenforceable;

(f)     Declaring that OSI has not infringed, and is not infringing, the '538 patent;

(g)     Declaring that one or more of the claims of the '538 patent are invalid, void and/or unenforceable;

(h)     Declaring that OSI had not infringed and is not infringing the '190 patent;

(i)     Declaring that one or more of the claims of the '190 patent are invalid, void and/or unenforceable;

(j)     Declaring that OSI has not infringed and is not infringing the '316 patent;

(k)     Declaring that one or more of the claims of the '316 patent are invalid, void and/or unenforceable;

(l)     Declaring that OSI has not infringed, and is not infringing, the '914 patent;

(m)     Declaring that one or more of the claims of the '914 patent are invalid, void and/or unenforceable;

(n)     Declaring that OSI has not infringed, and is not infringing, the '575 patent;

(o)     Declaring that one or more of the claims of the '575 patent are invalid, void and/or unenforceable;

(p)     Awarding OSI its costs and reasonable attorneys' fees incurred in defending this action, pursuant to 35 U.S.C. § 285 and/or other applicable laws; and

(q)     Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), OSI demands a trial by jury on all issues so triable.

CONNOLLY BOVE LODGE & HUTZ LLP

*Kevin F. Brady*

Paul E. Crawford (Bar No. 493)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
pcrawford@cblh.com
kbrady@cblh.com
*Attorneys for Defendant*
*Oregon Scientific, Inc.*

Dated: June 3, 2008

614166_2

14

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 3, 2008, a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

Kevin F. Brady (#2248)