## IN THE UNITED STATES DISTRICT COURT
## OR THE DISTRICT OF DELAWARE

FLASHPOINT TECHNOLOGY, INC., )
      Plaintiff,          )
                         )
   vs.                  )

AIPTEK, INC., ARGUS CAMERA )   **Case No. 08-139-GMS**
CO., LLC, BUSHNELL, INC., DXG )
TECHNOLOGY CORP., GENERAL )   **JURY TRIAL DEMANDED**
ELECTRIC CO., LEICA CAMERA )
AG, LEICA CAMERA INC., MINOX )
GMBH, MINOX USA, INC., )
MUSTEK, INC. USA, MUSTEK, INC.,)
OREGON SCIENTIFIC, INC., )
POLAROID CORP., RITZ )
INTERACTIVE, INC., RITZ )
CAMERA CENTERS, INC., SAKAR )
INTERNATIONAL, INC., D/B/A/ SEA )
& SEA, TARGET CORP., )
VISTAQUEST CORP., VUPOINT )
SOLUTIONS, INC., WALGREEN )
CO., and WAL-MART STORES, INC.,)
      Defendants.      )

---

### DEFENDANT VISTAQUEST CORP.'S ANSWER TO
### DEFENDANT FLASHPOINT TECHNOLOGY, INC.'S
### COMPLAINT FOR PATENT INFRINGEMENT
### AND COUNTERCLAIM

Defendant VistaQuest Corp. ("VistaQuest"), by its undersigned counsel, hereby

files this Answer and Counterclaim to the Complaint filed by plaintiff Flashpoint

Technology, Inc. ("Flashpoint"), as follows:

### NATURE OF THE ACTION

1.     Answering paragraph 1 of the Complaint, VistaQuest admits that the

Complaint purports to state a claim for patent infringement. VistaQuest admits that

United States Patent No. 6,118,480 is entitled, "Method and Apparatus for Integrating a

Digital Camera User Interface Across Multiple Operating Modes." VistaQuest admits

1

that a copy of United States Patent No. 6,118,480 was attached as Exhibit 1 to the

Complaint. VistaQuest admits that United States Patent No. 6,177,956 is entitled

"System and Method for Correlating Processing Data and Image Data within a Digital

Camera Device". VistaQuest admits that a copy of United States Patent No. 6,177,956

was attached as Exhibit 2 to the Complaint. VistaQuest admits that United States Patent

No. 6,222,538 is entitled "Directing Image Capture Sequences in a Digital Imaging

Device Using Scripts." VistaQuest admits that a copy of United States Patent No.

6,222,538 was attached as Exhibit 3 to the Complaint. VistaQuest admits that United

States Patent No. 6,223,190 is entitled "Method and System for Producing an internet

Page Description File on a Digital Imaging Device". VistaQuest admits that a copy of

United States Patent No. 6,223,190 was attached as Exhibit 4 to the Complaint.

VistaQuest admits that United States Patent No. 6,249,316 is entitled "Method and

system for Creating a Temporary Group of Images on a Digital Camera." VistaQuest

admits that a copy of United States Patent No. 6,249,316 was attached as Exhibit 5 to the

Complaint. VistaQuest admits that United States Patent No. 6,486,914 is entitled

"Method and System for Controlling User Interaction in a Digital Imaging Device Using

Dynamic Overlay Bars." VistaQuest admits that a copy of United States Patent No.

6,486,914 was attached as Exhibit 6 to the Complaint. VistaQuest admits that United

States Patent No. 6,504,575 is entitled "Method and System for Displaying Overlay Bars

in a Digital Imaging Device." VistaQuest admits that a copy of United States Patent No.

6,504,575 was attached as Exhibit 7 to the Complaint. VistaQuest admits that Flashpoint

seeks injunctive relief and monetary damages. VistaQuest is without sufficient

knowledge or information to form a belief as to Flashpoint's ownership claim. Except as

2

so admitted, VistaQuest denies each and every allegation in paragraph 1 of the Complaint.

## PARTIES

2.    Answering paragraph 2 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

3.    Answering paragraph 3 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

4.    Answering paragraph 4 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

5.    Answering paragraph 5 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

6.    Answering paragraph 6 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

7.    Answering paragraph 7 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

8.     Answering paragraph 8 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

9.     Answering paragraph 9 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

10.     Answering paragraph 10 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

11.     Answering paragraph 11 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

12.     Answering paragraph 12 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

13.     Answering paragraph 13 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

14.     Answering paragraph 14 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

4

15.     Answering paragraph 15 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

16.     Answering paragraph 16 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

17.     Answering paragraph 17 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

18.     Answering paragraph 18 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

19.     Answering paragraph 19 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

20.     Answering paragraph 20 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

21.     Answering paragraph 21 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

22.     Answering paragraph 22 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

23.     Answering paragraph 23 of the Complaint, VistaQuest admits the allegations contained in paragraph 23 of the Complaint.

24.     Answering paragraph 24 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

25.     Answering paragraph 25 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

26.     Answering paragraph 26 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

## JURISDICTION AND VENUE

27.     Answering paragraph 27 of the Complaint, VistaQuest admits that the Complaint alleges infringement of a United States patent, that the action purports to arise under the patent laws, and that the plaintiff purports to base subject matter jurisdiction under 27 U.S.C. §1331 and 1338(a). VistaQuest admits that this Court has subject matter jurisdiction as to claims against VistaQuest. Except as so admitted, VistaQuest denies each and every allegation in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, VistaQuest admits it transacted business within the State of Delaware and is subject to personal jurisdiction in this

6

District. Except as so admitted, VistaQuest denies each and every allegation contained in paragraph 28 of the Complaint.

29.    Answering paragraph 29 of the Complaint, VistaQuest admits that it has sold or offered for sale in this District electronic products capable of being used to capture and view digital images. Except as so admitted, VistaQuest denies each and every allegation contained in paragraph 29 of the Complaint.

30.    Answering paragraph 30 of the Complaint, VistaQuest admits that venue is proper as to VistaQuest. Except as so admitted, VistaQuest denies each and every allegation contained in paragraph 30 of the Complaint.

31.    Answering paragraph 31 of the Complaint, VistaQuest admits it conducts business in this District for purposes of venue. Except as otherwise admitted, VistaQuest denies the remaining allegations contained in paragraph 31 of the complaint.

## COUNT I – PATENT INFRINGEMENT

32.    Answering paragraph 32 of the Complaint, VistaQuest admits that the '480 patent lists Eric C. Anderson, Steve Saylor, and Amanda R. Mander as inventors and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

33.    Answering paragraph 33 of the Complaint, VistaQuest admits that the '956 patent lists Eric C. Anderson and Mike M. Masukawa as inventors and Flashpoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

7

34.     Answering paragraph 34 of the Complaint, VistaQuest admits that the '538 patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

35.     Answering paragraph 35 of the Complaint, VistaQuest admits that the '190 patent lists Tim Takao Aihara and Rodney Somerstein as inventors and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

36.     Answering paragraph 36 of the Complaint, VistaQuest admits that the '316 patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

37.     Answering paragraph 37 of the Complaint, VistaQuest admits that the '914 patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

38.     Answering paragraph 38 of the Complaint, VistaQuest admits that the '575 patent lists Michael A. Ramirez and Eric C. Anderson as inventors and FlashPoint Technology, Inc. as assignee. VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in said paragraph.

39.     Answering paragraph 39 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

8

40.     Answering paragraph 40 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

41.     Answering paragraph 41 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

42.     Answering paragraph 42 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

43.     Answering paragraph 43 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

44.     Answering paragraph 44 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

45.     Answering paragraph 45 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

46.     Answering paragraph 46 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

9

47.     Answering paragraph 47 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

48.     Answering paragraph 48 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

49.     Answering paragraph 49 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

50.     Answering paragraph 50 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

51.     Answering paragraph 51 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

52.     Answering paragraph 52 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

53.     Answering paragraph 53 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

10

54.     Answering paragraph 54 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

55.     Answering paragraph 55 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

56.     Answering paragraph 56 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

57.     Answering paragraph 57 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

58.     Answering paragraph 58 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

59.     Answering paragraph 59 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

60.     Answering paragraph 60 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

DEL1 68518-2

61.     Answering paragraph 61 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

62.     Answering paragraph 62 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

63.     Answering paragraph 63 of the Complaint, VistaQuest denies the allegations contained in said paragraph.

64.     Answering paragraph 64 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

65.     Answering paragraph 65 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

66.     Answering paragraph 66 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

67.     Answering paragraph 67 of the Complaint, VistaQuest denies the allegations contained in said paragraph as to VistaQuest.  VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph as to other defendants.

68.     Answering paragraph 68 of the Complaint, VistaQuest denies the allegations contained in said paragraph as to VistaQuest.   VistaQuest is without

12

sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph as to other defendants

69.    Answering paragraph 69 of the Complaint, VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

70.    Answering paragraph 70 of the Complaint, VistaQuest denies the allegations contained in said paragraph as to VistaQuest.  VistaQuest is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph as to other defendants.

## FIRST AFFIRMATIVE DEFENSE

### (No Infringement Of '480 Patent)

71.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '480 patent.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement of '956 Patent)

72.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '956 patent.

## THIRD AFFIRMATIVE DEFENSE

### (No Infringement of '538 Patent)

73.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '538 patent.

13

## FOURTH AFFIRMATIVE DEFENSE

### (No Infringement of '190 Patent)

74.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '190 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (No Infringement of '316 Patent)

75.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '316 patent.

## SIXTH AFFIRMATIVE DEFENSE

### (No Infringement of '914 Patent)

76.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '914 patent.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement of '575 Patent)

77.    VistaQuest has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '575 patent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of '480 Patent)

78.    The '480 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

DEL1 68518-2

### NINTH AFFIRMATIVE DEFENSE

#### (Invalidity of '956 Patent)

79.     The '956 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### TENTH AFFIRMATIVE DEFENSE

#### (Invalidity of '538 Patent)

80.     The '538 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Invalidity of '190 Patent)

81.     The '190 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Invalidity of '316 Patent)

82.     The '316 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

DEL1 68518-2

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of '914 Patent)

83.     The '914 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of '575 Patent)

84.     The '575 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

85.     The Complaint fails to state any claim upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrine of Patent Misuse and Unclean Hands)

86.     Flashpoint is barred under the Equitable Doctrine of Patent Misuse and Unclean Hands from acting unfairly to restrict legitimate competition in the United States for the devices identified in the Complaint by, among other things, attempting to enforce that patents asserted in the Complaint because Flashpoint has attempted to enforce one or more patents it (i) knows to be invalid, (ii) has asserted as having a broader scope than covered by the claims, (iii) knows to be unenforceable as a result of inequitable conduct in securing the patent, and (iv) knows are not infringed by any of the accused devices or acts identified in the Complaint.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

87.     By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications related to the '480, '956, '538, '190, '316, '914, and '575 patents and the admissions, actions and representations made therein by the applicant, Flashpoint is estopped to assert for any claim of these patents a scope which would encompass any of the acts of VistaQuest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

88.     On information and belief, Flashpoint or its licensees failed to mark its products according to 35 U.S.C. § 287, and consequently Flashpoint is barred from recovering damages from VistaQuest on account of conduct occurring prior to VistaQuest's actual notice of alleged infringement of the patents in suit.

## NINETEENTH AFFIRMATIVE DEFENSE

89.     On information and belief, the patents in suit are unenforceable due to inequitable conduct by the inventor and/or a person having a duty of candor to the United States Patent Office in that such person or persons were aware of material prior art and failed to disclose such prior art to the United States Patent Office with an intent to deceive the United States Patent Office.

90.     In particular, but without limitation, the applications that resulted in U.S. Patent Nos. 6,486,914, 6,222,538 and 6,504,575 were all filed on February 27, 1998 and each state that they are related to each other. On information and belief, the inventor and/or persons having a duty of candor to the United States Patent Office failed to disclose any Office actions or prior art cited by the Examiner in each application in the other related applications.

17

## COUNTERCLAIMS

For its counterclaim against Flashpoint, VistaQuest alleges as follows:

## THE PARTIES

1.      Counterclaimant VistaQuest Corp. ("VistaQuest") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 6303 Owensmouth Avenue, 10th Floor Woodland Hills, CA 91367-2262.

2.      On information and belief, counterclaim defendant FlashPoint Technology, Inc., ("Flashpoint") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual justiciable controversy between VistaQuest and Flashpoint regarding the validity and infringement of the'480, '956, '538, '190, '316, '914, and '575 patents to which Flashpoint has asserted ownership.  This Court has subject matter jurisdiction of VistaQuest's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

5.      This Court has personal jurisdiction over Flashpoint by virtue of Flashpoint's filing of the Complaint against VistaQuest in this Court.

18

## COUNT ONE

### (Declaratory Relief Regarding Non-Infringement)

6.    VistaQuest realleges and incorporates the allegations set forth in Paragraphs 1 through 5, inclusive, of its Counterclaim.

7.    Based on the filing by Flashpoint of this suit and VistaQuest's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the patents-in-suit.

8.    VistaQuest does not and has not infringed, contributed to the infringement of, or induced infringement of one or more claims of the patents-in-suit.

9.    VistaQuest seeks a declaration from this Court that it has not infringed, and is not infringing one or more claims of the patents-in-suit.

## COUNT TWO

### (Declaratory Relief Regarding Invalidity)

10.    VistaQuest realleges and incorporates the allegations set forth in Paragraphs 1 through 9 inclusive, of its Counterclaim.

11.    Based on the filing by Flashpoint of this suit and VistaQuest's defenses, an actual controversy has arisen and now exists between the parties as to the invalidity of one or more claims of the patents-in-suit.

12.    One or more claims of the patents-in-suit are invalid for failure to comply with the requirements of patentability stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

13.    VistaQuest seeks a declaration from this Court that one or more claims of the patents-in-suit are invalid.

DEL1 68518-2

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), VistaQuest hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, VistaQuest prays that this Court:

1.    Dismiss with prejudice the Complaint in its entirety;

2.    Adjudge, declare and decree that VistaQuest has not infringed, and is not infringing any valid claim of the patents-in-suit;

3.    Adjudge, declare, and decree that VistaQuest has not induced, and is not inducing, infringement of any valid claim of the patents-in-suit.

4.    Adjudge, declare, and decree that VistaQuest has not contributed to, and is not contributing to, the infringement of any valid claim of the patents-in-suit;

5.    Adjudge, declare and decree that VistaQuest has not willfully infringed, and is not willfully infringing, any valid claim of the patents-in-suit;

6.    Adjudge, declare and decree that the claims of the patents-in-suit are invalid and/or unenforceable;

7.    Find this case exceptional pursuant to 35 U.S.C. § 285, and award costs and attorney's fees to VistaQuest; and

8.    Award to VistaQuest such other and further relief as the Court may deem just and proper.

KLEHR HARRISON HARVEY BRANZBURG
& ELLERS LLP


OF COUNSEL:

Marc Karish, California Bar No. 205440
A. Eric Bjorgum, California Bar No. 198392
SHELDON MAK ROSE & ANDERSON
100 Corson Street, Third Floor
Pasadena, CA 91103
Telephone: (626) 796-4000
Facsimile:  (626) 795-6321

/s/ David S. Eagle
David S. Eagle  (DE Bar No. 3387)
Kelly A. Green  (DE Bar No. 4095)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Phone (302) 426-1189
Fax (302) 426-9193
deagle@klehr.com
kgreen@klehr.com


*Attorneys for Defendant VistaQuest Corp.*


Dated:  June 20, 2008


21

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF which will send notification of such

filing(s) to the following:

> David J. Margules, Esq.
> Bouchard Margules & Friedlander PA
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801

> /s/ Kelly A. Green
> Kelly A. Green (DE Bar No. 4095)

DEL1 68518-2