IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Civil Action No. 08-139-GMS |
| v. | ) ) | (Consolidated) |
| AIPTEK, Inc., et al., | ) ) | |
| Defendants. | ) ) | |

### [PROPOSED] ORDER

AND NOW, this *17th* day of *Dec* _____, the Court, upon consideration

of Defendants HTC America, Inc., HTC Corp., Palm, Inc., Argus Camera Co. LLC,

Kyocera Communications, Inc., Kyocera Wireless Corp., Ritz Interactive, Inc., DXG

Technology (USA), Inc., and DXG Technology Corp.'s Motion to Stay Pending Re-

examination of the Patents-In-Suit (D.I. 299) (the "Motion to Stay"), the papers

submitted in connection therewith, and the arguments of counsel during the November

20, 2009 telephone conference held in connection therewith,

IT IS HEREBY ORDERED that:

(1) The Motion to Stay is GRANTED.

(2) This action is stayed pending completion of all reexaminations of the patents-

in-suit now on file at the United States Patent and Trademark Office, except that the

Court-facilitated mediation before Judge Stark, currently scheduled for December 2009

and January 2010, shall not be stayed and further except for the contentions to be

exchanged in accordance with paragraphs 5 and 6 below.

(3) Within ten business days after the final completion of all reexamination

proceedings which are now on file (including all appeals and subsequent proceedings

{BMF-W0165501.}

before the United States Patent and Trademark Office), the parties shall jointly notify this Court in writing of the completion of the reexamination proceeding and counsel for all parties shall contact chambers to schedule a status conference to be held in this case.

(4)  On or before May 20, 2010, the parties shall jointly notify this Court in writing of the status of plaintiff's efforts to join any identified, unlicensed manufacturers or suppliers to the case and to dismiss its claims without prejudice against each Carrier Defendant and Non-Manufacturing Defendant.  If necessary, the parties shall jointly schedule with the Court a discovery teleconference on the matter in accordance with the instructions set forth in the Court's Scheduling Order for this case.

(5)  On or before January 8, 2010, Plaintiff shall  provide to each Defendant (other than the Carrier Defendants and Non-Manufacturing Defendants) a substantive answer to Interrogatory No. 1 in Defendants' First Set of Collective Interrogatories, which provides a substantive answer for each Asserted Claim for each Defendant (other than the Carrier Defendants and Non-Manufacturing Defendants) to each subpart (a)-(f) of Interrogatory No. 1.

(6)  On or before January 8, 2010, each Defendant (other than the Carrier Defendants and Non-Manufacturing Defendants) shall provide to Plaintiff a substantive response to Interrogatory No. 7 in Plaintiff's First Set of Common Interrogatories to Certain Defendants, which provides a substantive answer for each Asserted Claim by each Defendant (other than the Carrier Defendants and Non-Manufacturing Defendants) to each subpart (a)-(e) of Interrogatory No. 7.

CHIEF UNITED STATES DISTRICT JUDGE